EINHORN, HARRIS, ASCHER, BARBARITO, FROST & IRONSON
A Professional Corporation
165 E. Main Street
P.O. Box 3010
Denville, New Jersey 07834-3010
(973) 627-7300
Attorneys for Plaintiff

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.B. and L.B., individually, ) | Docket No. |
| ) | |
| Plaintiffs, ) | Civil Action |
| ) | |
| vs. ) | COMPLAINT AND DEMAND FOR |
| ) | JURY TRIAL |
| MARK STAROPOLI, PAULA ) | |
| STAROPOLI, CLARKSTOWN SOCCER ) | |
| CLUB, CLARKSTOWN SOCCER CLUB, ) | |
| BOARD MEMBERS OF EMPLOYEES OF ) | |
| THE CLARKSTOWN SOCCER CLUB, ) | |
| NICHOLAS ARCURI, MARGARET ) | |
| TURRIN, DIRECT KICK SOCCER, ) | |
| ROBERT Walkley, JOHN DOES 1 ) | |
| through 5 (fictitious names ) | |
| for the persons, partnerships ) | |
| and/or corporations intended), ) | |
| JANE DOES 1 through 5 ) | |
| (fictitious names for the ) | |
| persons, partnerships and/or ) | |
| corporations intended), and ) | |
| RICHARD ROES 1 through 5 ) | |
| (fictitious names for the ) | |
| persons, partnerships and/or ) | |
| corporations intended), ) | |
| ) | |
| Defendants. ) | |

Plaintiffs, A.B. and L.B., individually, and as Guardian Ad

Litem of A.B. residing in the Township of Randolph, County of

Morris, and State of New Jersey, by way of Complaint against the defendants, state and allege the following:

### STATEMENT OF THE PARTIES

1. Plaintiff, A.B., is a natural person residing in Township of Randolph, County of Morris and State of New Jersey and was a minor at all times mentioned herein. Pursuant to Federal Rule of Civil Procedure 5-2(a), plaintiff has included only her initials.

2. Plaintiff, L.B. is natural person and the father of A.B. residing in the Township of Randolph, County of Morris and State of New Jersey and is the father of A.B.

3. Defendant, Mark Staropoli, is a natural person residing at 800 Bradley Park Way, Blauvlet, New York and was the coach of an elite soccer team based in Clarkstown, New York.

4. Defendant, Paula Staropoli, is a natural person residing at 800 Bradley Park Way, Blauvelt, New York and is the wife of Mark Staropoli.

5. Defendant, Clarkstown Soccer Club was the entity responsible for the operation of the elite soccer team which recruited plaintiff, A.B., and employed defendant, Staropoli, as its coach.

6. Defendant, Board of Directors of the Clarkstown Soccer Club was the body and responsible for the operation of Clarkstown Soccer Club which oversaw the conduct of defendant Mark Staropoli.

7. Defendant Nicholas Arcuri residing at 26 Eldor Avenue, New City, New York, was the president of the Clarkstown Soccer Club

-2-

and was involved in the hiring and supervision of defendant, Mark Staropoli.

8. Defendant Margaret Turrin residing at 2 Preakness Lane, New City, New York was the assistant coach of the Clarkstown Soccer Club and the teams tournament coordinator and was responsible for supervising activities of members of the Clarkstown Soccer Club team.

9. Defendant Direct Kick Soccer located at 72 Roosevelt Avenue, Red River, New York is an entity conducting soccer related activities and which sponsored a trip to Europe as attended by plaintiff A.B. and defendants, Mark Staropoli, Paula Staropoli and Margaret Turrin.

10. Defendant Robert Walkley residing at 72 Roosevelt Avenue, Cold River, New York is the principal and director of Direct Kick Soccer who was responsible for the planning, and supervision of the Clarkstown Soccer Club Team when it traveled to Europe in 2004.

11. Defendants John Does 1 through 5 are fictitious individuals and unknown members of the Board of Directors of the Clarkstown Soccer Club whom may have been involved in the hiring and supervision of defendant, Mark Staropoli, and therefore liable to plaintiff.

12. Defendants Jane Does 1 through 5 are fictitious individuals and unknown members of the Board of Directors of the Clarkstown Soccer Club whom may have been involved in the hiring

-3-

and supervision of defendant, Mark Staropoli, and therefore liable to plaintiff.

13. Defendants Richard Roes 1 through 5 are fictitious partnerships and/or corporations which are presently unknown entities that stood in <u>loco parentis</u> to plaintiff A.B. and are responsible for the tortious acts of defendant, Mark Staropoli.

## STATEMENT OF JURISDICTION

14. Pursuant to 28 U.S.C. §1391(a), this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. 1332(a)(1), the claims herein alleged against defendants who are all citizens of States different from the State in which the plaintiff enjoys citizenship.

15. The amount in controversy exceeds $75,000.00.

## STATEMENT OF VENUE

16. The venue of within case properly lies in the District of New Jersey in which plaintiffs resided, to which defendants traveled, or engaged in conduct with plaintiff and where a substantial number of the acts and events averred occurred.

## STATEMENT OF FACTS

17. A.B. was a minor and proficient soccer player who was recruited by defendant, Mark Staropoli and the Clarkstown Soccer Club (hereinafter the "Soccer Club") in the fall of 2001, when A.B. was 12 years of age.

18.   At the time of the recruitment by defendant, Mark Staropoli and the Soccer Club, plaintiff A.B. resided with her father in the Township of Rockaway, Morris County, New Jersey.

### SEXUAL ACTS OCCURRING IN THE STATE OF NEW YORK

19.   In the summer of 2002, defendant, Mark Staropoli, invited A.B. to participate in a soccer camp that he coached at Old Tappan High School, Old Tappan, County of Bergen, New Jersey.

20.   Plaintiff A.B. declined the offer due to the travel distance involved, but defendant Mark Staropoli insisted and offered to have A.B. to stay at his house located at 800 Brady Parkway, Belleville, New York.

21.   A.B. stayed at the Staropoli home occupied by defendants Mark Staropoli, Paula Staropoli, for a two week period.

22.   During that two week period, defendant Mark Staropoli went to plaintiff's A.B. room and groomed her for further sexual activity by massaging her, making her feel comfortable and accepted into his family.

23.   In the fall of 2003, when plaintiff A.B. was 15 years of age, she played on both her high school team and a soccer team coached by defendant Mark Staropoli.  The evening training session for that world class soccer team were conducted in Bergen County, New Jersey.

24.   During 2003, plaintiff A.B. visited the Staropoli home. On one particular occasion when all other members of the Staropoli

-5-

household went to bed, defendant Mark Staropoli massaged A.B.'s legs with his hand and touched her vagina.

25. During the period December 25, 2003 through March 2004, plaintiff A.B. frequently visited the Staropoli household on weekends. During this period of time, defendant Mark Staropoli sexually assaulted plaintiff A.B., by having her commit fellatio upon him and by digitally penetrating her vagina.

26. At the time of the sexual assaults by defendant Mark Staropoli, he was aware of the prior death of plaintiff A.B.'s mother and the resulting emotional vulnerability.

27. Defendant Mark Staropoli continued to groom plaintiff for sexual conduct by treating her differently than other players on the soccer team coached by him.

28. During the period March 2004 until June 2004, plaintiff A.B. continued to visit the Staropoli household on weekends. During this time, the defendant Mark Staropoli continued to sexually assault plaintiff A.B. by engaging in both oral sex and digital penetration.

29. During the weekend of June 25, 2004, defendant Mark Staropoli instructed plaintiff A.B. to come into his marital bedroom, and sexually assaulted plaintiff by performing cunnilingus and engaging in sexual intercourse with the then 16 year old plaintiff.

30. After the June 25, 2004, plaintiff and defendant Mark Staropoli began to call each other on their cell phones several

-6-

times a day and they e-mailed each other.   The e-mails became sexually explicit.

31.   During this period of time defendant Mark Staropoli also promised to help plaintiff A.B. secure a soccer scholarship to college.

32.   On August 3, 2004, an investigation was begun into the relationship of defendant Mark Staropoli and plaintiff as a result of information transmitted by a child welfare agency in Tappen, New York.

33.   Plaintiff L.B., was notified of the referral and the investigation and informed defendant Mark Staropoli of it.

34.   Defendant Mark Staropoli then telephoned plaintiff A.B. and instructed her to deny the fact of their sexual relationship. As a result, plaintiff denied any involvement with the defendant.

35.   Plaintiff A.B. lied about the relationship as defendant Mark Staropoli had instructed her and because the defendant Mark Staropoli had psychologically groomed and manipulated her.

36.   The Complaint and referral were deemed unfounded and thereafter, plaintiff A.B. and defendant Mark Staropoli telephoned each other and continued to e-mail and send instant messages to each other almost on a daily basis.

37.   During the month of August 2004, plaintiff A.B. stayed at defendant's house for approximately 1 week.  During that period of time, defendant sexually assaulted plaintiff A.B., by having her

-7-

commit fellatio upon him and digitally penetrating her with his fingers.

38.  During the weekend of October 9, 2004 while at his home, defendant Mark Staropoli committed an act of sexual assault upon plaintiff A.B. by digitally penetrating her vagina and engaging in fellatio and cunnilingus with each other.  Defendant Mark Staropoli had sexual intercourse with plaintiff in the basement of his house during that same weekend.

39.  During the last weekend of October 2004, plaintiff A.B. again visited defendant's home and defendant Mark Staropoli sexually assaulted plaintiff by engaging in sexual intercourse with her, performing cunnilingus upon her and digitally penetrating her.

40.  During the weekend of November 14, 2004 while at his home, defendant Mark Staropoli had sexual intercourse with plaintiff in the basement of his house and sexually assaulted her by having her perform fellatio upon him and digitally penetrating her vagina.

41.  During the weekend of November 20, 2004 while at his home, defendant Mark Staropoli again sexually assaulted plaintiff by engaging in sexual intercourse with her and having her perform fellatio upon and thereafter penetrating her with his fingers.

42.  On two other occasions during November 2004, the defendant Mark Staropoli picked up plaintiff A.B. in New Jersey and took a detour to Hook Mountain in New York State.  While at that

-8-

location, he sexually assaulted plaintiff by performing cunnilingus upon her and having her commit fellatio upon him.

## SEXUAL ACTS OCCURRING IN THE STATE OF NEW JERSEY

43.  The following day, plaintiff A.B., defendant Mark Staropoli and his daughter drove to a New Jersey shore location. Upon the trip home from the New Jersey shore, defendant Mark Staropoli committed an act of digital penetration upon plaintiff A.B.

44.  During August 2004, defendant Mark Staropoli and his daughter visited plaintiff's residence.   During that visit, defendant Mark Staropoli sexually assaulted plaintiff A.B. by committing an act of digital penetration and by having plaintiff A.B. commit an act of fellatio upon him.

45.  On various and diverse dates in 2004, defendant Mark Staropoli would sexually assault plaintiff A.B. committing acts of digital penetration, after defendant picked up plaintiff A.B. at her home and during the ride back to his home. These acts occurred on Route 287 in New Jersey.

46.  During October of 2004, on one occasion, defendant Mark Staropoli pick up plaintiff A.B. from her home and began to drive back to New York State.  On the way, he left Route 287 and went to Ramapo College located in Bergen County. He took plaintiff A.B. to a wooded area and sexually assaulted her by engaging in vaginal intercourse.

47.  On another occasion in November 2004, defendant, Mark Staropoli again picked up plaintiff A.B. in New Jersey then drove to a restaurant in New Jersey were he and plaintiff performed oral sex on each other and defendant Mark Staropoli digitally penetrated her.

48.  In June 2004, defendant Mark Staropoli and his daughter visited plaintiff and her family at their home in Randolph, New Jersey.  On the first night of the visit, defendant Mark Staropoli sexually assaulted A.B. by engaging in fellatio and vaginal intercourse with her.

49.  On January 4, 2005, a second investigation of defendant Mark Staropoli's sexual assault upon plaintiff was commenced by the Morris County Prosecutor's Office, Morristown, New Jersey.

50.  Plaintiff A.B. was advised of the investigation by plaintiff L.B., and she then telephoned defendant to inform him.

51.  Upon being told of the investigation, defendant became enraged and instructed plaintiff not to say anything.  As a result, plaintiff initially denied her involvement.  Plaintiff A.B. then stated that defendant had sexually assaulted her, but that it only occurred on two occasions in October and December 2004.

52.  Plaintiff did not initially divulge the true extent of the sexual assault because defendant had groomed her to protect him and he had specifically instructed her not to divulge their relationship.

-10-

53. Thereafter, the plaintiff A.B. divulged the entire nature of her relationship with Mark Staropoli involving the sexual assaults committed by defendant Mark Staropoli upon her.

54. During the month of January 2005, telephone conversations between plaintiff, A.B. and defendant Mark Staropoli were recorded with the consent of plaintiff L.B. During those conversations, defendant Mark Staropoli instructed plaintiff A.B. to continue to deny the nature of their relationship.

55. Thereafter, a continuing joint police investigation was conducted by members of the Rockaway, New Jersey Township Police Department, Clarkstown, New York Police.

## SEXUAL ACTS OCCURRING IN OTHER STATES

56. In November 2004, plaintiff A.B. and defendant Mark Staropoli attended a soccer tournament in Newark, Delaware. While in Deleware, defendant Mark Staropoli sexually assaulted plaintiff A.B., forcing her to performing acts of fellatio upon him and engaging in other sexual acts upon her.

57. During December 2004, defendant Mark Staropoli again sexually assaulted plaintiff by engaging in oral sex with her and engaging in sexual intercourse and penetrating her. Plaintiff A.B. accompanied defendant Mark and Paula Staropoli and the rest of the family on a ski trip to Massachusetts.

## SEXUAL ACTS OCCURRING OUTSIDE OF UNITED STATES

58. During the summer of 2004, plaintiff A.B. traveled with the defendant Clarkstown soccer team which was coached and

-11-

chaperoned by defendant Mark Staropoli. Defendant Paula Staropoli also chaperoned the team and was present during that trip. Defendant Mark Staropoli committed various acts of sexual assault upon plaintiff A.B. in the United Kingdom and Holland.

**LEGAL ALLEGATIONS**

**FIRST CAUSE OF ACTION**

59.  Plaintiffs hereby incorporate paragraph 1 through 58 into this First Cause of Action.

60.  On diverse dates between 2003 and 2005, defendant Mark Staropoli sexually assaulted plaintiff A.B., a minor incapable of consent, by coercing her into performing fellatio, cunnilingus, digital penetration and vaginal intercourse.

61.  At all times when committing these acts, defendant Mark Staropoli stood in loco parentis to plaintiff A.B.

62.  As a result of the continued course of sexual acts performed upon her, the plaintiff sustained physical, psychiatric, psychological and mental injuries.

63.  Plaintiff A.B. has suffered, now suffers and will continue to suffer from severe psychological disorders, as a direct and proximate cause of defendant Mark Staropoli's conduct.

64.  The conduct of defendant Mark Staropoli was intentional.

65.  As a direct and proximate result of defendant Mark Staropoli's conduct, the plaintiff A.B. and her father, plaintiff L.B., incurred financial damages, including medical, psychological and other related expenses.

-12-

WHEREFORE, Plaintiff, A.B., demands the following:

a.    Judgment against the defendant Mark Staropoli awarding compensatory damages.

b.    Judgment against the defendant Mark Staropoli awarding punitive damages;

c.    Attorneys fees and costs; and

d.    Any other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

66.  The plaintiffs repeat and reiterate each and every allegation set forth in the First Cause of Action as if set forth at length herein.

67.  Defendant Mark Staropoli engaged in sexual assault upon plaintiff A.B. during her teenage years and committed said acts with reckless and wanton disregard of the affect upon the minor plaintiff A.B.

68.  Defendant Mark Staropoli's acts were so outrageous in character, extreme and egregious as to go beyond all bounds of decency.

69.  The acts of sexual assault and defendant's efforts to control plaintiff and keep her from acknowledging the existence of the assaults caused emotional, psychological and psychiatric distress to the plaintiff which was so severe that no reasonable person could be expected to endure it.

70.  The emotional, psychological and psychiatric distress endured by the plaintiff was so substantial that it resulted in physical aliments and serious psychological symptomology.

71.  The defendant Mark Staropoli's acts as averred were the direct cause of the injuries sustained and endured by plaintiff, A.B.

72.  As a direct and proximate result of defendant Mark Staropoli's conduct, the plaintiff A.B. and her father, plaintiff L.B., incurred financial damages, including medical, psychological and other related expenses.

WHEREFORE, Plaintiff, A.B., demands the following:

a.   Judgment against the defendant awarding compensatory damages.

b.   Judgment against the defendant awarding punitive damages;

c.   Attorneys fees and costs; and

d.   Any other relief that the Court deems just and proper.

### THIRD CAUSE OF ACTION

73.  The plaintiffs repeat and reiterate each and every allegation set forth in the First and Second Causes of Action as if set forth at length herein.

74.  Defendant Paula Staropoli is the wife of the defendant Mark Staropoli and was present during the times that plaintiff A.B. visited at the Staropoli residence.  She stood in loco parentis to plaintiff A.B.

-14-

75.   Defendant Paula Staropoli, knew or should have known of the relationship which existed between her husband, defendant Mark Staropoli and plaintiff A.B.

76.   Defendant Paula Staropoli took no steps to protect plaintiff A.B. from the acts of her husband.

77.   The failure of defendant Paula Staropoli to act to protect plaintiff was unreasonable and negligent.

78.   As a result of Paula Staropoli's failure to act and protect plaintiff, A.B., she suffered and sustained significant emotional, psychological and psychiatric damage which were the proximate result of Defendant Paula Staropoli's negligence.

79.   As a direct and proximate result of defendant Mark Staropoli's conduct, the plaintiff A.B. and her father, plaintiff L.B., incurred financial damages, including medical, psychological and other related expenses.

WHEREFORE, Plaintiff, A.B., demands the following:

a.   Judgment against the defendants awarding compensatory damages.

b.   Judgment against the defendants awarding punitive damages;

c.   Attorneys fees and costs; and

d.   Any other relief that the Court deems just and proper.

-15-

### FOURTH CAUSE OF ACTION

80.  The plaintiffs repeat and reiterate each and every allegation set forth in the First Through Third Causes of Action as if set forth at length herein.

81.  During all times herein mentioned, the defendant Clarkstown Soccer Club (the "Club"), and members of the defendant Board of Directors, jointly and severally, stood in loco parentis to plaintiff A.B. and had a duty to protect her from sexual assault and abuse by defendant Mark Staropoli.

82.  Defendant Mark Staropoli was at all times relevant hereto the employee, servant and/or agent of defendant Club and as such defendant Club is vicariously liable to plaintiff A.B. for the negligence, carelessness and recklessness of the defendant Mark Staropoli under a theory of respondent Superior.

83.  Defendant Club and members of the defendant Board of Directors, defendants Nick Arcuri and Margaret Turrin, became aware of allegations against defendant Mark Staropoli involving sexual misconducting involving the plaintiff A.B.

84.  Defendant Club, defendant Arcuri and members of its Board of Directors, defendant, Jane Does and John Does 1 through 5 and defendant employee Margaret Turrin failed to properly investigate or respond to the allegations about defendant Mark Staropoli's sexual conduct.

85.  As a proximate result of the failure of the defendant Club and members of its Board of Directors to properly investigate

-16-

or respond to the allegations of sexual assault, plaintiff A.B. sustained medical, psychiatric and psychological injury wholly caused by their negligence.

86.    As a direct and proximate result of the conduct of the defendant Clarkstown Soccer Club, members of its Board of Directors, defendant, Jane Does and John Does 1 through 5, the plaintiff A.B. and her father, plaintiff L.B., incurred financial damages, including medical, psychological and other related expenses.

WHEREFORE, Plaintiff, A.B., demands the following:

a.    Judgment against the defendants awarding compensatory damages.

a.    Judgment against the defendants awarding punitive damages;

b.    Attorneys fees and costs; and

c.    Any other relief that the Court deems just and proper.

## FIFTH CAUSE OF ACTION

87.    The plaintiffs repeat and reiterate each and every allegation set forth in the First Through Fourth Causes of Action as if set forth at length herein.

88.    Defendant Mark Staropoli was at all times relevant hereto the employee, servant and/or agent of defendant Club and as such defendant Club is vicariously liable to plaintiff A.B. for the negligence, carelessness and recklessness of the defendant Mark Staropoli under a theory of respondent Superior.

-17-

89. Defendant Club and members of defendant Board of Directors, including defendant Nick Arcuri and Margaret Turrin, and defendants John Doe 1 and Jane Does 1 and 2, (fictitious names for the persons, partnerships and/or corporations intended) failed to properly train and supervise defendant Mark Staropoli as required by law and the Charter of the Club and its National Association, the agreement by and between defendant Club and plaintiffs.

90. As a direct result of the failure of defendant Club and members of defendant Board of Directors to properly supervise and train defendant Mark Staropoli, plaintiff A.B. has sustained medical, psychological and psychiatric injury and damages.

91. As a direct and proximate result of defendant Mark Staropoli, defendant Club and members of defendant Board of Directors' conduct, the plaintiff A.B. and her father, plaintiff L.B., incurred financial damages, including medical, psychological and other related expenses.

WHEREFORE, Plaintiff, A.B., demands the following:

a.   Judgment against the defendants awarding compensatory damages.

b.   Judgment against the defendants awarding punitive damages;

c.   Attorneys fees and costs; and

d.   Any other relief that the Court deems just and proper.

## SIXTH CAUSE OF ACTION

92.    The plaintiffs repeat and reiterate each and every allegation set forth in the First Through Fifth Causes of Action as if set forth at length herein.

93.    As his daughter's sole guardian, plaintiff L.B. has sustained damages and incurred financial expenses in the treatment of his daughter's medical, psychiatric and psychological injuries.

94.    The expenses incurred by L.B. on behalf of his daughter were all proximately caused by the acts of defendant Mark Staropoli, Paula Staropoli, the Clarkstown Soccer Club and Members of the Board of Directors, Nicholas Arcuri, Margaret Turrin, Direct Kick Soccer and Robert Walkley.

95.    As a direct and proximate result of defendant Mark Staropoli, Paula Staropoli, the Club and Members of the Board of Directors' conduct, the plaintiff A.B. and her father, plaintiff L.B., incurred financial damages, including medical, psychological and other related expenses.

WHEREFORE, Plaintiff, A.B., demands the following:

a.    Judgment against the defendants awarding compensatory damages.

b.    Judgment against the defendants awarding punitive damages;

c.    Attorneys fees and costs; and

d.    Any other relief that the Court deems just and proper.

-19-

**SEVENTH CAUSE OF ACTION**

96. The plaintiffs repeat and reiterate each and every allegation set forth in the First Through Sixth Causes of Action as if set forth at length herein.

97. The defendant Direct Kick Soccer and Robert Walkley, sponsored a tournament trip to Europe involving the defendant Club, which plaintiff A.B. and defendants Mark Staropoli, Paula Staropoli and Margaret Turrin attended.

98. Defendant Mark Staropoli was at all times relevant hereto the employee, servant and/or agent of defendant Direct Kick Soccer and as such defendant Direct Kick Soccer is vicariously liable to plaintiff A.B. for the negligence, carelessness and recklessness of the defendant Mark Staropoli under a theory of respondent Superior.

99. During all times hereinafter mentioned, both defendants Direct Kick Soccer and Robert Walkley stood in loco parentis to plaintiff A.B. and had a duty to protect her from sexual abuse and other unlawful conduct perpetrated by defendant Mark Staropoli.

100. Defendants Direct Kick Soccer and Robert Walkley failed to properly train and supervise defendant Mark Staropoli as required by law and the Charter of the Direct Kick Soccer Club, its national association and the agreement existing by and between defendant Direct Kick Soccer and plaintiffs A.B. and L.B.

101. As a direct result of the failure of defendants Direct Kick Soccer and Robert Walkley's failure to properly train and

-20-

supervise defendant Mark Staropoli, plaintiff A.B. sustained medical, psychological and psychiatric injury and damage.

102. As a direct and proximate result of the negligence of defendants Direct Kick Soccer and Robert Walkley, plaintiff A.B. and her father, plaintiff L.B., incurred financial costs and expenses including medical, psychological, psychiatric and other related expenses.

WHEREFORE, Plaintiff, A.B., demands the following:

a.  Judgment against the defendants awarding compensatory damages.

b.  Judgment against the defendants awarding punitive damages;

c.  Attorneys fees and costs; and

d.  Any other relief that the Court deems just and proper.

### EIGHTH CAUSE OF ACTION

103. The plaintiffs repeat and reiterate each and every allegation set forth in the First Through Seventh Causes of Action as if set forth at length herein.

104. The aforementioned acts committed by defendant, Mark Staropoli, Paul Staropoli, Clarkstown Soccer Club, Direct Kick Soccer, Robert Walkley, John Does 1 through 4 and Jane Does 1 through 4 were done with reckless and wanton disregard of the safety and well being of plaintiff A.B.

105. As a direct and proximate result of the conduct of the defendant Clarkstown Soccer Club, members of its Board of

-21-

Directors, the plaintiff A.B. and her father, plaintiff L.B., incurred financial damages, including medical, psychological and other related expenses.

106. As a direct and proximate result of defendant Mark Staropoli, defendant Club and members of defendant Board of Directors' conduct, the plaintiff A.B. and her father, plaintiff L.B., incurred financial damages, including medical, psychological and other related expenses.

WHEREFORE, Plaintiff, A.B., demands the following:

a. Judgment against the defendants awarding compensatory damages.

b. Judgment against the defendants awarding punitive damages;

c. Attorneys fees and costs; and

d. Any other relief that the Court deems just and proper.

EINHORN, HARRIS, ASCHER, BARBARITO,
FROST & IRONSON, P.C.
Attorneys for Plaintiffs


By_____
    Michael R. Ascher


Dated:    December 20, 2007
                **JURY DEMAND**

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff requests a trial by jury on all issues involved.

EINHORN, HARRIS, ASCHER, BARBARITO,
FROST & IRONSON, P.C.

Attorneys for Plaintiffs

By_____
        Michael R. Ascher

Dated:    December 20, 2007

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other civil action pending in any Court or of any pending arbitration or administrative proceeding other than criminal matters in the States of New Jersey and New Jersey, respectively entitled <u>The People of the State of New York v. Mark Staropoli,</u> Indictment No: 2005-33 and in the <u>State of New Jersey v. Mark Staropoli</u>, Indictment No.: 05-000093.

Michael R. Ascher

Dated:  December 20, 2007

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ New Jersey _____

A.B. AND L.B. , INDIVIDUALLY,

**SUMMONS IN A CIVIL ACTION**

V.

MARK STAROPOLI, PAULA STAROPOLI,
CLARKSTOWN SOCCER CLUB, ET AL

CASE NUMBER:

TO: (Name and address of Defendant)

CLARKSTOWN SOCCER CLUB
2 FOX BURN STREET
NEW CITY, NY 10956

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MICHAEL R. ASCHER, ESQ.
EINHORN, HARRIS, ASCHER, BARBARITO, FROST, & IRONSON, P.C.
165 MAIN STREET
ROUTE 53
DENVILLE, NJ 07834

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

_____          _____
CLERK                                             DATE

_____
(By) DEPUTY CLERK

AO 440  (Rev.  8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served:

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐  Returned unexecuted:

☐  Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                        Date                                    *Signature of Server*

                                            _____
                                            *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ New Jersey _____

A.B. AND L.B. , INDIVIDUALLY,

## SUMMONS IN A CIVIL ACTION

V.

MARK STAROPOLI, PAULA STAROPOLI,
CLARKSTOWN SOCCER CLUB, ET AL

CASE NUMBER:

TO: (Name and address of Defendant)

CLARKSTOWN SOCCER CLUB
BOARD OF DIRECTORS
2 FOXBURN STREET
NEW CITY, NY 10956

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MICHAEL R. ASCHER, ESQ.
EINHORN, HARRIS, ASCHER, BARBARITO, FROST, & IRONSON, P.C.
165 MAIN STREET
ROUTE 53
DENVILLE, NJ 07834

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

_____        _____
CLERK                                                          DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

### DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                Date                       *Signature of Server*

                                   _____
                                   *Address of Server*

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ New Jersey _____

A.B. AND L.B. , INDIVIDUALLY,

                                 **SUMMONS IN A CIVIL ACTION**

        V.

MARK STAROPOLI, PAULA STAROPOLI,
CLARKSTOWN SOCCER CLUB, ET AL

                         CASE NUMBER:

TO: (Name and address of Defendant)

    DIRECT KICK SOCCER
    72 ROOSEVELT AVE
    RED RIVER , NY

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    MICHAEL R. ASCHER, ESQ.
    EINHORN, HARRIS, ASCHER, BARBARITO, FROST, & IRONSON, P.C.
    165 MAIN STREET
    ROUTE 53
    DENVILLE, NJ 07834

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____

CLERK                             DATE

_____

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                          Date                              *Signature of Server*

                                                    _____

                                                    *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ New Jersey

A.B. AND L.B. , INDIVIDUALLY,

## SUMMONS IN A CIVIL ACTION

V.

MARK STAROPOLI, PAULA STAROPOLI,
CLARKSTOWN SOCCER CLUB, ET AL

CASE NUMBER:

TO: (Name and address of Defendant)

MARK STAROPOLI
800 BRADLEY PARK WAY
BLAUVELT, NY 10913

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MICHAEL R. ASCHER, ESQ.
EINHORN, HARRIS, ASCHER, BARBARITO, FROST, & IRONSON, P.C.
165 MAIN STREET
ROUTE 53
DENVILLE, NJ 07834

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
(By) DEPUTY CLERK

DATE

Case 2:07-cv-06045-SJO-RS Document 1-5 Filed 05/29/2007 Page 2 of 2

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                        Date                              *Signature of Server*

                                                _____
                                                *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ New Jersey

A.B. AND L.B. , INDIVIDUALLY,

**SUMMONS IN A CIVIL ACTION**

V.

MARK STAROPOLI, PAULA STAROPOLI,
CLARKSTOWN SOCCER CLUB, ET AL

CASE NUMBER:

TO: (Name and address of Defendant)

MARGARET TURRIN
2 PREAKNESS LANE
NEW CITY, NY 10956

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MICHAEL R. ASCHER, ESQ.
EINHORN, HARRIS, ASCHER, BARBARITO, FROST, & IRONSON, P.C.
165 MAIN STREET
ROUTE 53
DENVILLE, NJ 07834

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

     I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
               Date                  *Signature of Server*

                                   _____
                                   *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ New Jersey _____

A.B. AND L.B. , INDIVIDUALLY,

**SUMMONS IN A CIVIL ACTION**

V.

MARK STAROPOLI, PAULA STAROPOLI,
CLARKSTOWN SOCCER CLUB, ET AL

CASE NUMBER:

TO: (Name and address of Defendant)

NICHOLAS ARCURI
26 ELDOR AVE
NEW CITY, NY 10956

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MICHAEL R. ASCHER, ESQ.
EINHORN, HARRIS, ASCHER, BARBARITO, FROST, & IRONSON, P.C.
165 MAIN STREET
ROUTE 53
DENVILLE, NJ 07834

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____     _____
CLERK                                          DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____ _____
                    Date                        *Signature of Server*

_____
                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ New Jersey

A.B. AND L.B. , INDIVIDUALLY,

**SUMMONS IN A CIVIL ACTION**

V.

MARK STAROPOLI, PAULA STAROPOLI,
CLARKSTOWN SOCCER CLUB, ET AL

CASE NUMBER:

TO: (Name and address of Defendant)

[PAULA STAROPOLI
800 BRADLEY PARK WAY
BLAUVELT, NY 10913

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MICHAEL R. ASCHER, ESQ.
EINHORN, HARRIS, ASCHER, BARBARITO, FROST, & IRONSON, P.C.
165 MAIN STREET
ROUTE 53
DENVILLE, NJ 07834

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                    Date                      *Signature of Server*

                              _____
                              *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ New Jersey

A.B. AND L.B. , INDIVIDUALLY,

## SUMMONS IN A CIVIL ACTION

V.

MARK STAROPOLI, PAULA STAROPOLI,
CLARKSTOWN SOCCER CLUB, ET AL

CASE NUMBER:

TO: (Name and address of Defendant)

ROBERT WALKLEY
72 ROOSEVELT AVE
COLD RIVER, NY

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MICHAEL R. ASCHER, ESQ.
EINHORN, HARRIS, ASCHER, BARBARITO, FROST, & IRONSON, P.C.
165 MAIN STREET
ROUTE 53
DENVILLE, NJ 07834

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

_____          _____
CLERK                                               DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

 Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____ _____
 Date Signature of Server

 _____
 Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

A.B. AND L.B., INDIVIDUALLY

**DEFENDANTS**

MARK STAROPOLI, PAULA STAROPOLI, ET AL

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

MICHEAL R. ASCHER, ESQ.
165 EAST MAIN STREET, DENVILLE, NJ 07823

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury - Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 330 Federal Employers' Liability | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 340 Marine | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 345 Marine Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 355 Motor Vehicle Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☒ 360 Other Personal Injury | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | **CIVIL RIGHTS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | **PRISONER PETITIONS** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other | **Habeas Corpus:** ☐ 530 General | | |
| | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | |
| | | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

Other tort personal injury entries:
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability
**PERSONAL PROPERTY**

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC SECTION 139Qa

Brief description of cause:
SEE ATTACHMENT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Addendum to Brief Description

The Plaintiff, a minor incapable of consent was sexually assaulted by her soccer coach who stood in loco parent to her.  The other Defendants knew or should have known of the ongoing sexual assault, but to no action to protect Plaintiff.   They failed to either properly train or supervise the Defendant coach or properly investigate the relationship between the Plaintiff and the Defendant each.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ New Jersey _____

A.B. AND L.B. , INDIVIDUALLY,

**SUMMONS IN A CIVIL ACTION**

V.

MARK STAROPOLI, PAULA STAROPOLI,
CLARKSTOWN SOCCER CLUB, ET AL

*SEE ATTACHED RIDER*

CASE NUMBER:  07- 6077 (KSH)

TO: (Name and address of Defendant)

> MARK STAROPOLI
> 800 BRADLEY PARK WAY
> BLAUVELT, NY 10913

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

> MICHAEL R. ASCHER, ESQ.
> EINHORN, HARRIS, ASCHER, BARBARITO, FROST, & IRONSON, P.C.
> 165 MAIN STREET
> ROUTE 53
> DENVILLE, NJ 07834

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**WILLIAM T. WALSH**
CLERK

_____
(By) DEPUTY CLERK

DATE  1/7/2008

RECEIVED

DEC 2 0 2007

AT 8:30_____M
WILLIAM T. WALSH, CLERK

EINHORN, HARRIS, ASCHER, BARBARITO, FROST & IRONSON
A Professional Corporation
165 E. Main Street
P.O. Box 3010
Denville, New Jersey 07834-3010
(973) 627-7300
Attorneys for Plaintiff

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.B. and L.B., individually, <br><br> Plaintiffs, <br><br> vs. <br><br> MARK STAROPOLI, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS OF EMPLOYEES OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, MARGARET TURRIN, DIRECT KICK SOCCER, ROBERT Walkley, JOHN DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), JANE DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), and RICHARD ROES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), <br><br> Defendants. | Docket No. 07-6077(KSH) <br><br> Civil Action <br><br> COMPLAINT AND DEMAND FOR JURY TRIAL |

%AO 440  (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                    Date                              *Signature of Server*


                                                    _____
                                                    *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ New Jersey _____

A.B. AND L.B. , INDIVIDUALLY,

**SUMMONS IN A CIVIL ACTION**

V.

MARK STAROPOLI, PAULA STAROPOLI,
CLARKSTOWN SOCCER CLUB, ET AL
*SEE ATTACHED RIDER*

CASE NUMBER:  $07-6077 (KSH)$

TO: (Name and address of Defendant)

[PAULA STAROPOLI
800 BRADLEY PARK WAY
BLAUVELT, NY 10913

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MICHAEL R. ASCHER, ESQ.
EINHORN, HARRIS, ASCHER, BARBARITO, FROST, & IRONSON, P.C.
165 MAIN STREET
ROUTE 53
DENVILLE, NJ 07834

an answer to the complaint which is served on you with this summons, within ____ $20$ ____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

# WILLIAM T. WALSH

CLERK

(By) DEPUTY CLERK

DATE  1/7/2008

RECEIVED

DEC 2 0 2007

AT 8:30_____M
WILLIAM T. WALSH, CLERK

EINHORN, HARRIS, ASCHER, BARBARITO, FROST & IRONSON
A Professional Corporation
165 E. Main Street
P.O. Box 3010
Denville, New Jersey 07834-3010
(973) 627-7300
Attorneys for Plaintiff

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.B. and L.B., individually, | Docket No. 07-6077(KSH) |
| Plaintiffs, | Civil Action |
| vs. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| MARK STAROPOLI, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS OF EMPLOYEES OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, MARGARET TURRIN, DIRECT KICK SOCCER, ROBERT Walkley, JOHN DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), JANE DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), and RICHARD ROES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), | |
| Defendants. | |

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
| --- | --- |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
| --- | --- | --- |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                          Date                          *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

℠AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ New Jersey

A.B. AND L.B. , INDIVIDUALLY,

**SUMMONS IN A CIVIL ACTION**

V.

MARK STAROPOLI, PAULA STAROPOLI,
CLARKSTOWN SOCCER CLUB, ET AL

*SEE ATTACHED RIDER*

CASE NUMBER:  07- 6077 (KSH)

TO: (Name and address of Defendant)

CLARKSTOWN SOCCER CLUB
2 FOX BURN STREET
NEW CITY, NY 10956

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MICHAEL R. ASCHER, ESQ.
EINHORN, HARRIS, ASCHER, BARBARITO, FROST, & IRONSON, P.C.
165 MAIN STREET
ROUTE 53
DENVILLE, NJ 07834

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

# WILLIAM T. WALSH

DATE  1/7/2008

CLERK

(By) DEPUTY CLERK

RECEIVED

DEC 2 0 2007

AT 8:30_____M
WILLIAM T. WALSH, CLERK

EINHORN, HARRIS, ASCHER, BARBARITO, FROST & IRONSON
A Professional Corporation
165 E. Main Street
P.O. Box 3010
Denville, New Jersey 07834-3010
(973) 627-7300
Attorneys for Plaintiff

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.B. and L.B., individually, ) | Docket No. 07-6077(KSH) |
| Plaintiffs, ) | Civil Action |
| vs. ) | COMPLAINT AND DEMAND FOR JURY TRIAL |
| MARK STAROPOLI, PAULA ) STAROPOLI, CLARKSTOWN SOCCER ) CLUB, CLARKSTOWN SOCCER CLUB, ) BOARD MEMBERS OF EMPLOYEES OF ) THE CLARKSTOWN SOCCER CLUB, ) NICHOLAS ARCURI, MARGARET ) TURRIN, DIRECT KICK SOCCER, ) ROBERT Walkley, JOHN DOES 1 ) through 5 (fictitious names ) for the persons, partnerships ) and/or corporations intended), ) JANE DOES 1 through 5 ) (fictitious names for the ) persons, partnerships and/or ) corporations intended), and ) RICHARD ROES 1 through 5 ) (fictitious names for the ) persons, partnerships and/or ) corporations intended), ) ) Defendants. ) | |

%AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

|  | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
               Date                    *Signature of Server*


                                     _____
                                     *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

‰AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of         New Jersey

A.B. AND L.B. , INDIVIDUALLY,

V.

MARK STAROPOLI, PAULA STAROPOLI,
CLARKSTOWN SOCCER CLUB, ET AL

*SEE ATTACHED RIDER*

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:   07-6077 (KSH)

TO: (Name and address of Defendant)

CLARKSTOWN SOCCER CLUB
BOARD OF DIRECTORS
2 FOXBURN STREET
NEW CITY, NY 10956

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MICHAEL R. ASCHER, ESQ.
EINHORN, HARRIS, ASCHER, BARBARITO, FROST, & IRONSON, P.C.
165 MAIN STREET
ROUTE 53
DENVILLE, NJ 07834

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

# WILLIAM T. WALSH

_____     1/7/2008

CLERK                                    DATE

(By) DEPUTY CLERK

RECEIVED

DEC 2 0 2007

AT 8:30_____M
WILLIAM T. WALSH, CLERK

EINHORN, HARRIS, ASCHER, BARBARITO, FROST & IRONSON
A Professional Corporation
165 E. Main Street
P.O. Box 3010
Denville, New Jersey 07834-3010
(973) 627-7300
Attorneys for Plaintiff

FOR THE DISTRICT OF NEW JERSEY

| A.B. and L.B., individually, | ) | Docket No. 07-6077 (KSH) |
|---|---|---|
| Plaintiffs, | ) | Civil Action |
| vs. | ) | COMPLAINT AND DEMAND FOR JURY TRIAL |
| MARK STAROPOLI, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS OF EMPLOYEES OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, MARGARET TURRIN, DIRECT KICK SOCCER, ROBERT Walkley, JOHN DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), JANE DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), and RICHARD ROES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
               Date                   *Signature of Server*


                                  _____
                                  *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ New Jersey

A.B. AND L.B. , INDIVIDUALLY,

**SUMMONS IN A CIVIL ACTION**

V.

MARK STAROPOLI, PAULA STAROPOLI,
CLARKSTOWN SOCCER CLUB, ET AL

*SEE ATTACHED RIDER*

CASE NUMBER:  07-6077 (KSH)

TO: (Name and address of Defendant)

NICHOLAS ARCURI
26 ELDOR AVE
NEW CITY, NY 10956

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MICHAEL R. ASCHER, ESQ.
EINHORN, HARRIS, ASCHER, BARBARITO, FROST, & IRONSON, P.C.
165 MAIN STREET
ROUTE 53
DENVILLE, NJ 07834

an answer to the complaint which is served on you with this summons, within ___20___ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

# WILLIAM T. WALSH

_____        1/7/2008
CLERK                                            DATE

_____
(By) DEPUTY CLERK

RECEIVED

DEC 2 0 2007

AT 8:30_____M
WILLIAM T. WALSH, CLERK

EINHORN, HARRIS, ASCHER, BARBARITO, FROST & IRONSON
A Professional Corporation
165 E. Main Street
P.O. Box 3010
Denville, New Jersey 07834-3010
(973) 627-7300
Attorneys for Plaintiff

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.B. and L.B., individually, ) | Docket No. 07-6077(KSH) |
| Plaintiffs, ) | Civil Action |
| vs. ) | COMPLAINT AND DEMAND FOR JURY TRIAL |
| MARK STAROPOLI, PAULA ) STAROPOLI, CLARKSTOWN SOCCER ) CLUB, CLARKSTOWN SOCCER CLUB, ) BOARD MEMBERS OF EMPLOYEES OF ) THE CLARKSTOWN SOCCER CLUB, ) NICHOLAS ARCURI, MARGARET ) TURRIN, DIRECT KICK SOCCER, ) ROBERT Walkley, JOHN DOES 1 ) through 5 (fictitious names ) for the persons, partnerships ) and/or corporations intended), ) JANE DOES 1 through 5 ) (fictitious names for the ) persons, partnerships and/or ) corporations intended), and ) RICHARD ROES 1 through 5 ) (fictitious names for the ) persons, partnerships and/or ) corporations intended), ) | |
| Defendants. ) | |

%AO 440  (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____   _____
             Date        *Signature of Server*

                            _____
                            *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

%AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ New Jersey _____

A.B. AND L.B. , INDIVIDUALLY,

**SUMMONS IN A CIVIL ACTION**

V.

MARK STAROPOLI, PAULA STAROPOLI,
CLARKSTOWN SOCCER CLUB, ET AL

*SEE ATTACHED RIDER*

CASE NUMBER:   07-6077 (KSH)

TO: (Name and address of Defendant)

MARGARET TURRIN
2 PREAKNESS LANE
NEW CITY, NY 10956

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MICHAEL R. ASCHER, ESQ.
EINHORN, HARRIS, ASCHER, BARBARITO, FROST, & IRONSON, P.C.
165 MAIN STREET
ROUTE 53
DENVILLE, NJ 07834

an answer to the complaint which is served on you with this summons, within ___20___ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

# WILLIAM T. WALSH

_____      1/7/2008
CLERK

_____      DATE
(By) DEPUTY CLERK

RECEIVED

DEC 2 0 2007

AT 8:30_____M
WILLIAM T. WALSH, CLERK

EINHORN, HARRIS, ASCHER, BARBARITO, FROST & IRONSON
A Professional Corporation
165 E. Main Street
P.O. Box 3010
Denville, New Jersey 07834-3010
(973) 627-7300
Attorneys for Plaintiff

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.B. and L.B., individually,<br><br>                    Plaintiffs,<br><br>              vs.<br><br>MARK STAROPOLI, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS OF EMPLOYEES OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, MARGARET TURRIN, DIRECT KICK SOCCER, ROBERT Walkley, JOHN DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), JANE DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), and RICHARD ROES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended),<br><br>                    Defendants. | Docket No. 07-6077(KSH)<br><br>Civil Action<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

%AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
             Date           *Signature of Server*

                            _____
                            *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ New Jersey _____

A.B. AND L.B. , INDIVIDUALLY,

**SUMMONS IN A CIVIL ACTION**

V.

MARK STAROPOLI, PAULA STAROPOLI,
CLARKSTOWN SOCCER CLUB, ET AL

SEE ATTACHED RIDER

CASE NUMBER:   07-6077 (KSM)

TO: (Name and address of Defendant)

DIRECT KICK SOCCER
72 ROOSEVELT AVE
RED RIVER , NY

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MICHAEL R. ASCHER, ESQ.
EINHORN, HARRIS, ASCHER, BARBARITO, FROST, & IRONSON, P.C.
165 MAIN STREET
ROUTE 53
DENVILLE, NJ 07834

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

# WILLIAM T. WALSH

_____          _____1/7/2008_____
CLERK                                     DATE

_____
(By) DEPUTY CLERK

RECEIVED

DEC 2 0 2007

AT 8:30_____M
WILLIAM T. WALSH, CLERK

EINHORN, HARRIS, ASCHER, BARBARITO, FROST & IRONSON
A Professional Corporation
165 E. Main Street
P.O. Box 3010
Denville, New Jersey 07834-3010
(973) 627-7300
Attorneys for Plaintiff

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.B. and L.B., individually,<br><br>                Plaintiffs,<br><br>           vs.<br><br>MARK STAROPOLI, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS OF EMPLOYEES OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, MARGARET TURRIN, DIRECT KICK SOCCER, ROBERT Walkley, JOHN DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), JANE DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), and RICHARD ROES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended),<br><br>          Defendants. | Docket No. 07-6077(KSH)<br><br>Civil Action<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

%AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                    Date                    *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ New Jersey

A.B. AND L.B. , INDIVIDUALLY,

**SUMMONS IN A CIVIL ACTION**

V.

MARK STAROPOLI, PAULA STAROPOLI,
CLARKSTOWN SOCCER CLUB, ET AL

*SEE ATTACHED RIDER*

CASE NUMBER:  07- 6077 (KSH)

TO: (Name and address of Defendant)

ROBERT WALKLEY
72 ROOSEVELT AVE
COLD RIVER, NY

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MICHAEL R. ASCHER, ESQ.
EINHORN, HARRIS, ASCHER, BARBARITO, FROST, & IRONSON, P.C.
165 MAIN STREET
ROUTE 53
DENVILLE, NJ 07834

an answer to the complaint which is served on you with this summons, within ____20____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

# WILLIAM T. WALSH          1/7/2008

CLERK                                    DATE

(By) DEPUTY CLERK

**RECEIVED**

DEC 2 0 2007

AT 8:30_____M
WILLIAM T. WALSH, CLERK

EINHORN, HARRIS, ASCHER, BARBARITO, FROST & IRONSON
A Professional Corporation
165 E. Main Street
P.O. Box 3010
Denville, New Jersey 07834-3010
(973) 627-7300
Attorneys for Plaintiff

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.B. and L.B., individually, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>MARK STAROPOLI, PAULA )<br>STAROPOLI, CLARKSTOWN SOCCER )<br>CLUB, CLARKSTOWN SOCCER CLUB, )<br>BOARD MEMBERS OF EMPLOYEES OF )<br>THE CLARKSTOWN SOCCER CLUB, )<br>NICHOLAS ARCURI, MARGARET )<br>TURRIN, DIRECT KICK SOCCER, )<br>ROBERT Walkley, JOHN DOES 1 )<br>through 5 (fictitious names )<br>for the persons, partnerships )<br>and/or corporations intended), )<br>JANE DOES 1 through 5 )<br>(fictitious names for the )<br>persons, partnerships and/or )<br>corporations intended), and )<br>RICHARD ROES 1 through 5 )<br>(fictitious names for the )<br>persons, partnerships and/or )<br>corporations intended), )<br>)<br>Defendants. ) | Docket No. 07-6077(KSH)<br><br>Civil Action<br><br>COMPLAINT AND DEMAND FOR<br>JURY TRIAL |

%AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served:

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐  Returned unexecuted:

☐  Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

       I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                         *Date*                              *Signature of Server*


                                         _____
                                                *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

SERVICE OF: **SUMMONS AND COMPLAINT, CIVIL COVER SHEET**
EFFECTED (1) BY ME: **JOHN OBIE**
TITLE: **PROCESS SERVER**                          DATE: **01/05/2008  12:58PM**

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[ ] Served personally upon the defendant:

BOARD MEMBERS OF EMPLOYEES OF THE CLAKRSTOWN SOCCER CLUB

Place where served:

2 FOX BURN ST  NEW CITY NY 10956

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

MICHAEL MORAN

Relationship to defendant: AUTHORIZED AGENT

Description of person accepting service:

SEX: M__  AGE: 51-65 __ HEIGHT: 5'9"-6'0" __ WEIGHT: OVER 200 LBS. __ SKIN: WHITE __ HAIR: BALD __ OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

## STATEMENT OF SERVER

TRAVEL $ _____.___        SERVICES $ _____.___        TOTAL $ _____.___

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 01 / 05 / 2008 _____ L.S.
                         SIGNATURE OF JOHN OBIE
                    GUARANTEED SUBPOENA SERVICE, INC.
                         2009 MORRIS AVENUE
                         UNION, NJ 07083

01/05/08

JANIRA SANTIAGO VELEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires April 24, 2012

ATTORNEY:    MICHAEL R. ASCHER, ESQ.
PLAINTIFF:   A.B., ET AL
DEFENDANT:   MARK STAROPOLI, ET AL
VENUE:       DISTRICT
DOCKET:      07 CV 6077

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

SERVICE OF: **SUMMONS AND COMPLAINT, CIVIL COVER SHEET**
EFFECTED (1) BY ME: **JOHN OBIE**
TITLE: **PROCESS SERVER**                    DATE: **01/05/2008  12:57PM**

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[ ] Served personally upon the defendant:

CLARKSTOWN SOCCER CLUB

Place where served:

2 FOX BURN ST  NEW CITY NY 10956

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

MICHAEL MORAN

Relationship to defendant: AUTHORIZED AGENT

Description of person accepting service:

SEX: M__  AGE: 51-65__  HEIGHT: 5'9"-6'0"__  WEIGHT: OVER 200 LBS.__  SKIN: WHITE___  HAIR: BALD___  OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

## STATEMENT OF SERVER

TRAVEL $ _____.___          SERVICES $ _____.___          TOTAL $ _____.___

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 01 / 05 / 20 08          _____ L.S.
                                SIGNATURE OF JOHN OBIE
                              GUARANTEED SUBPOENA SERVICE, INC.
                                   2009 MORRIS AVENUE
                                    UNION, NJ 07083

01/06/08

*J.S. Velez*

JANIRA SANTIAGO VELEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires April 24, 2012

ATTORNEY:     MICHAEL R. ASCHER, ESQ.
PLAINTIFF:    A.B., ET AL
DEFENDANT:    MARK STAROPOLI, ET AL
VENUE:        DISTRICT
DOCKET:       07 CV 6077

S R

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 10/93) Summons in a Civil Action

**RETURN OF SERVICE**

SERVICE OF: **SUMMONS AND COMPLAINT, CIVIL COVER SHEET**
EFFECTED (1) BY ME: **JOHN OBIE**
TITLE: **PROCESS SERVER**                              DATE: 01/05/2008 02:50PM

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[ ] Served personally upon the defendant:

MARK STAROPOLI

Place where served:

800 BRADLEY PARK WAY  BLAUVELT NY 10913

[X] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

PAULA STAROPOLI

Relationship to defendant: WIFE

Description of person accepting service:

SEX: F__ AGE: 36-50__ HEIGHT: 5'9"-6'0"__ WEIGHT: 131-160 LBS.__    SKIN: WHITE___    HAIR: BROWN___ OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

**STATEMENT OF SERVER**

TRAVEL $ _____.___          SERVICES $ _____.___          TOTAL $ _____.___

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 01 / 05 / 2008

_____ L.S.
SIGNATURE OF JOHN OBIE
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

01/05/08

JANIRA SANTIAGO VELEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires April 24, 2012

ATTORNEY:   MICHAEL R. ASCHER, ESQ.
PLAINTIFF:   A.B., ET AL
DEFENDANT:  MARK STAROPOLI, ET AL
VENUE:       DISTRICT
DOCKET:      07 CV 6077

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

SERVICE OF: **SUMMONS AND COMPLAINT, CIVIL COVER SHEET**
EFFECTED (1) BY ME: **JOHN OBIE**
TITLE: **PROCESS SERVER**                    DATE: 01/05/2008  01:06PM

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[X] Served personally upon the defendant:

MARGARET TURRIN

Place where served:

2 PREAKNESS LANE  NEW CITY NY 10956

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

MARGARET TURRIN

Relationship to defendant: SELF

Description of person accepting service:

SEX: F__ AGE: 51-65__ HEIGHT: 5'9"-6'0"__ WEIGHT: 161-200 LBS.___  SKIN: WHITE__  HAIR: BLACK__ OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

## STATEMENT OF SERVER

TRAVEL $ _____.___          SERVICES $ _____.___          TOTAL $ _____.___

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 01 / 05 / 20 08       _____ L.S.
                           SIGNATURE OF JOHN OBIE
                    GUARANTEED SUBPOENA SERVICE, INC.
                         2009 MORRIS AVENUE
                         UNION, NJ 07083

01/05/08

JANIRA SANTIAGO VELEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires April 24, 2012

ATTORNEY:   MICHAEL R. ASCHER, ESQ.
PLAINTIFF:   A.B., ET AL
DEFENDANT:   MARK STAROPOLI, ET AL
VENUE:       DISTRICT
DOCKET:      07 CV 6077

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

S R

2 0 0 8 0 1 0 3 1 3 0 7 4 9

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

SERVICE OF:  **SUMMONS AND COMPLAINT, CIVIL COVER SHEET**
EFFECTED (1) BY ME:  **JOHN OBIE**
TITLE:  **PROCESS SERVER**

DATE: 01/05/2008  12:55PM

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[X] Served personally upon the defendant:

NICHOLAS ARCURI

Place where served:

26 ELDOR AVE.  NEW CITY NY 10956

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

NICHOLAS ARCURI

Relationship to defendant: SELF

Description of person accepting service:

SEX: M   AGE: 51-65   HEIGHT: 5'9"-6'0"   WEIGHT: 161-200 LBS.   SKIN: WHITE   HAIR: BROWN   OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

## STATEMENT OF SERVER

TRAVEL $ _____.___          SERVICES $ _____.___          TOTAL $ _____.___

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 01 / 05 / 20 08

_____ L.S.
SIGNATURE OF JOHN OBIE
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

01/05/08

J. Svelez

JANIRA SANTIAGO VELEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires April 24, 2012

ATTORNEY:    MICHAEL R. ASCHER, ESQ.
PLAINTIFF:    A.B., ET AL
DEFENDANT:   MARK STAROPOLI, ET AL
VENUE:       DISTRICT
DOCKET:      07 CV 6077

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

S R

AO 440 (Rev. 10/93) Summons in a Civil Action

**RETURN OF SERVICE**

SERVICE OF: **SUMMONS AND COMPLAINT, CIVIL COVER SHEET**
EFFECTED (1) BY ME: **JOHN OBIE**
TITLE: **PROCESS SERVER**

DATE: **01/05/2008  02:48PM**

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[X] Served personally upon the defendant:

PAULA STAROPOLI

Place where served:

800 BRADLEY PARK WAY   BLAUVELT NY 10913

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

PAULA STAROPOLI

Relationship to defendant: SELF

Description of person accepting service:

SEX: F__  AGE: 36-50__  HEIGHT: 5'9"-6'0"__  WEIGHT: 131-160 LBS._____  SKIN: WHITE___  HAIR: BROWN__  OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

**STATEMENT OF SERVER**

TRAVEL $ _____.___                   SERVICES $ _____.___                   TOTAL $ _____.___

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 01 / 05 / 20 08 _____ L.S.
(SIGNATURE OF JOHN OBIE)
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

01 / 05 / 08

JANIRA SANTIAGO VELEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires April 24, 2012

ATTORNEY:   MICHAEL R. ASCHER, ESQ.
PLAINTIFF:   A.B., ET AL
DEFENDANT:  MARK STAROPOLI, ET AL
VENUE:       DISTRICT
DOCKET:      07 CV 6077

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

2008010312585 0

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

SERVICE OF: **SUMMONS AND COMPLAINT, CIVIL COVER SHEET**
EFFECTED (1) BY ME: **JOHN OBIE**
TITLE: **PROCESS SERVER**

DATE: **01/07/2008  08:35PM**

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[X] Served personally upon the defendant:

ROBERT WALKLEY

Place where served:

72 ROOSEVELT AVE   PEARL RIVER NY 10965

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

ROBERT WALKLEY

Relationship to defendant: SELF

Description of person accepting service:

SEX: M   AGE: 51-65   HEIGHT: 5'4"-5'8"   WEIGHT: 161-200 LBS.   SKIN: WHITE   HAIR: BROWN   OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

## STATEMENT OF SERVER

TRAVEL $ _____.___          SERVICES $ _____.___          TOTAL $ _____.___

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE 01 / 07 / 20 08

_____ L.S.
SIGNATURE OF JOHN OBIE
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

01-07-08·

_____
JANIRA SANTIAGO VELEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires April 24, 2012

ATTORNEY:    MICHAEL R. ASCHER, ESQ.
PLAINTIFF:    A.B., ET AL
DEFENDANT:    MARK STAROPOLI, ET AL
VENUE:    DISTRICT
DOCKET:    07 CV 6077

) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

R R

‖‖‖‖‖‖‖‖‖‖‖‖ 2 0 0 8 0 1 0 3 1 3 0 0 4 7

| AO 440 (Rev. 10/93) Summons in a Civil Action | **RETURN OF SERVICE** | |
|---|---|---|
| SERVICE OF: | **SUMMONS AND COMPLAINT, CIVIL COVER SHEET** | |
| EFFECTED (1) BY ME: | **JOHN OBIE** | |
| TITLE: | **PROCESS SERVER** | DATE: **01/07/2008  08:36PM** |

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[ ] Served personally upon the defendant:

DIRECT KICK SOCCER

Place where served:

72 ROSSEVELT AVE   PEARL RIVER NY 10965

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

ROBERT WALKLEY

Relationship to defendant: AUTHORIZED AGENT

Description of person accepting service:

SEX: M   AGE: 51-65   HEIGHT: 5'4"-5'8"   WEIGHT: 161-200 LBS.     SKIN: WHITE    HAIR: BROWN   OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

**STATEMENT OF SERVER**

TRAVEL $ _____.___          SERVICES $ _____.___          TOTAL $ _____.___

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 01 / 07 / 20 08          _____ L.S.
SIGNATURE OF JOHN OBIE
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

01/07/08

ATTORNEY:   MICHAEL R. ASCHER, ESQ.
PLAINTIFF:   A.B., ET AL
DEFENDANT:   MARK STAROPOLI, ET AL
VENUE:   DISTRICT
DOCKET:   07 CV 6077

JANIRA SANTIAGO-VELEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires April 24, 2012

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

R R

2008010312585850

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

SERVICE OF: **SUMMONS AND COMPLAINT, CIVIL COVER SHEET**
EFFECTED (1) BY ME: **JOHN OBIE**
TITLE: **PROCESS SERVER**

DATE: **01/07/2008   08:35PM**

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[X] Served personally upon the defendant:

ROBERT WALKLEY

Place where served:

72 ROOSEVELT AVE   PEARL RIVER NY 10965

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

ROBERT WALKLEY

Relationship to defendant: SELF

Description of person accepting service:

SEX: M__ AGE: 51-65__ HEIGHT: 5'4"-5'8"__ WEIGHT: 161-200 LBS.____ SKIN: WHITE____ HAIR: BROWN__ OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

## STATEMENT OF SERVER

TRAVEL $ _____.___          SERVICES $ _____.___          TOTAL $ _____.___

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE 01 / 07 / 20 08

_____ L.S.
SIGNATURE OF JOHN OBIE
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

01-07-08·

_____
JANIRA SANTIAGO VELEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires April 24, 2012

ATTORNEY:      MICHAEL R. ASCHER, ESQ.
PLAINTIFF:      A.B., ET AL
DEFENDANT:    MARK STAROPOLI, ET AL
VENUE:           DISTRICT
DOCKET:         07 CV 6077

) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

R R

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

SERVICE OF: **SUMMONS AND COMPLAINT, CIVIL COVER SHEET**
EFFECTED (1) BY ME: **JOHN OBIE**
TITLE: **PROCESS SERVER**   DATE: **01/07/2008  08:36PM**

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[ ] Served personally upon the defendant:

DIRECT KICK SOCCER

Place where served:

72 ROSSEVELT AVE   PEARL RIVER NY 10965

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

ROBERT WALKLEY

Relationship to defendant: AUTHORIZED AGENT

Description of person accepting service:

SEX: M   AGE: 51-65   HEIGHT: 5'4"-5'8"   WEIGHT: 161-200 LBS.   SKIN: WHITE   HAIR: BROWN   OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

## STATEMENT OF SERVER

TRAVEL $ _____.___    SERVICES $ _____.___    TOTAL $ _____.___

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 01 / 07 / 20 08    _____ L.S.
SIGNATURE OF JOHN OBIE
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

01/07/08

JANIRA SANTIAGO-VELEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires April 24, 2012

ATTORNEY: MICHAEL R. ASCHER, ESQ.
PLAINTIFF: A.B., ET AL
DEFENDANT: MARK STAROPOLI, ET AL
VENUE: DISTRICT
DOCKET: 07 CV 6077

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

NICOLL DAVIS & SPINELLA LLP
95 Route 17 South
Paramus, New Jersey 07652
(201) 712-1616
Attorneys for Defendant, Paula Staropoli

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.B. and L.B., individually, | Case No.: 2:07-cv-6077 |
| Plaintiff, | |
| vs. | **APPLICATION FOR A CLERK'S EXTENSION** |
| MARK STAROPOLI, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS OF EMPLOYERS OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, MARGARET TURRIN, DIRECT KICK SOCCER, ROBERT WALKLEY, JOHN DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), JANE DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), and RICHARD ROES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), | |
| Defendants. | |

Application is hereby made pursuant to Local Civil Rule 6.1(b) for a Clerk's Order extending the time within which defendant Paula Staropoli may answer, move or otherwise respond to the complaint filed by plaintiff, A.B. and L.B., individually, to February 25, 2008, and it is represented that:

1. Plaintiff filed this action in the United States District Court for the District of New Jersey on December 20, 2007.

2. The summons and complaint were served on January 5, 2008.

3.      Pursuant to Fed. R. Civ. P. 12(a), the time in which defendant must answer or otherwise respond expired on January 25, 2008.

4.      The time during which defendant must answer or otherwise respond to plaintiff's complaint has not been previously extended.

Dated:  February 4, 2008                    NICOLL DAVIS & SPINELLA LLP


                                            By: _/s/ *Jack T. Spinella*_____
                                                    Jack T. Spinella

## **<u>ORDER</u>**

On this _____ day of February 2008, the above application is GRANTED, and the time within which defendant shall answer or otherwise reply is extended to February 25, 2008.

WILLIAM T. WALSH, Clerk
United States District Court,
District of New Jersey


BY:_____
        Deputy Clerk

# NICOLL DAVIS & SPINELLA LLP
## ATTORNEYS AT LAW

95 ROUTE 17 SOUTH
SUITE 203
PARAMUS, N.J. 07652
TEL: (201) 712-1616
FAX: (201) 712-9444

250 PARK AVENUE
SUITE 1500
NEW YORK, N.Y 10177
TEL: (212) 972-0786
FAX: (212) 953-7201

February 4, 2008

**ELECTRONICALLY FILE**
William T. Walsh, Clerk
United States District Court for the
District of New Jersey
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Re:     A.B. and L.B., individually v. Mark Staropoli, Paula Staropoli, et als.**
**Civil Action No. 2:07-cv-6077**

Dear Mr. Walsh:

Enclosed is a Consent Order executed by counsel in the referenced action. If said Order meets with the Judge's approval, please have the Consent Order executed.

Thank you for your consideration regarding this matter.

Very truly yours,

Jack I. Spinella

JTS:jfd
Enclosures
cc:     Michael R. Ascher, Esq.

19736270869     einhorn harris ascher ba                                    05:35:19 p.m.     02-04-2008          2/3

NICOLL DAVIS & SPINELLA LLP
95 Route 17 South
Paramus, New Jersey 07652
(201) 712-1616
Attorneys for Defendant, Paula Staropoli

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

A.B. and L.B., individually,

                Plaintiff,                    Civil Action Number: 2:07-cv-6077

       v.

MARK STAROPOLI, PAULA STAROPOLI,
CLARKSTOWN SOCCER CLUB,
CLARKSTOWN SOCCER CLUB, BOARD
MEMBERS OF EMPLOYERS OF THE
CLARKSTOWN SOCCER CLUB,
NICHOLAS ARCURI, MARGARET TURRIN,
DIRECT KICK SOCCER, ROBERT
WALKLEY, JOHN DOES 1 through 5
(fictitious names for the persons, partnerships
and/or corporations intended), JANE DOES 1
through 5 (fictitious names for the persons,
partnerships and/or corporations intended), and
RICHARD ROES 1 through 5 (fictitious names
for the persons, partnerships and/or corporations
intended),

                Defendants.

## CONSENT ORDER

      PAULA STAROPOLI (the "Defendant") and A.B. and L.B., individually (the

"Plaintiff"), by their respective counsel, having jointly agreed to the following, it is therefore,

ADJUDGED, ORDERED and DECREED that:

      1.     The Defendant shall have until Monday, February 25, 2008, to move, plead or

            respond to the Plaintiffs' Complaint;

2.      The following parties are to receive copies of this consent order after its entry:

Paula Staropoli
Jack T. Spinella, Esq.
Nicoll Davis & Spinella LLP
95 Route 17 South
Paramus, New Jersey 07652
*Counsel for the Defendant*

A.B. and L.B., individually
Michael R. Ascher
Einhorn, Harris, Ascher, Barbarito, Frost & Ironson
165 E. Main Street
Denville, New Jersey 07834-3010
Phone: (973) 627-7300
Fax:    (973) 627-0869
*Counsel for the Plaintiffs*

ENTERED this ____ day of February 2008 at Newark, New Jersey.

_____
Judge, United States District Court

_____
Michael R. Ascher
Einhorn, Harris, Ascher, Barbarito, Frost & Ironson
165 E. Main Street
Denville, New Jersey 07834-3010
Phone: (973) 627-7300
Fax:    (973) 627-0869
*Counsel for the Plaintiffs*

_____
Jack T. Spinella
Nicoll Davis & Spinella LLP
95 Route 17 South
Paramus, NJ 07652
*Counsel for the Defendant*

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Honorable Patty Shwartz**
**United States Magistrate Judge**

**U.S. Post Office & Courthouse Bldg.**
**Federal Square, Newark, NJ 07101**
**(973) 645-6596**

February 8, 2008

LETTER

RE:     **A.B., et al. v. MARK STAROPOLI**
        **Civil Action No. 07-6077(KSH)**

Dear Litigants:

I have been assigned case management responsibilities in the above-referenced matter. This letter is intended to advise you of some requirements established for the early stages of the litigation.

First, please provide my Chambers with the names and addresses of all attorneys involved in this case, when such information is available to you, and immediately supply a copy of this letter to your adversaries.

Second, Rule 4(m) of the Federal Rules of Civil Procedure requires that you serve a copy of the Summons and Complaint upon your adversaries within 120 days of the date of filing the Complaint. Otherwise, the action will be terminated.

Third, L. Civ. R. 26.1(b) requires counsel to confer and to submit a joint discovery plan before the initial conference, which will be scheduled as soon as one or more parties are joined. Scheduling of all motions will be addressed at the Rule 16 conference. Prior to that time, no motions, including motions to dismiss or motions to transfer, shall be filed without leave of Court.

Fourth, I draw counsel's attention to the voluntary disclosures mandated by Fed. R. Civ. P. 26(a). No other discovery shall be conducted until further Order of the Court.

Fifth, the Court has implemented an electronic case filing system for all documents filed with the Clerk of the Court. Electronic case filing is mandatory for all cases except those involving a pro se litigant. Registration forms, on-line training, policies and procedures can be obtained from the Clerk's Office or the website: pacer.njd.uscourts.gov. On-site training is also available and can be arranged by contacting (973) 645-4439. Orders will be electronically filed. Paper copies will be provided to pro se litigants. Registered counsel will be notified when an order is filed but are responsible for retrieving and reviewing the contents.

Finally, all counsel are expected and required to be in Court on time and ready to proceed for all scheduled proceedings.

If you have any questions regarding any of these matters, please contact my Deputy Clerk, Amy Andersonn at (973) 645-3715.

Very truly yours,

s/Patty Shwartz
**United States Magistrate Judge**

NICOLL DAVIS & SPINELLA LLP
95 Route 17 South
Paramus, New Jersey 07652
(201) 712-1616
Attorneys for Defendant, Paula Staropoli

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.B. and L.B., individually,<br><br>      Plaintiff,<br><br>   v.<br><br>MARK STAROPOLI, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS OF EMPLOYERS OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, MARGARET TURRIN, DIRECT KICK SOCCER, ROBERT WALKLEY, JOHN DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), JANE DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), and RICHARD ROES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended),<br><br>      Defendants. | Civil Action Number: 2:07-cv-6077 |

## CONSENT ORDER

PAULA STAROPOLI (the "Defendant") and A.B. and L.B., individually (the "Plaintiff"), by their respective counsel, having jointly agreed to the following, it is therefore, ADJUDGED, ORDERED and DECREED that:

1. The Defendant shall have until Monday, February 25, 2008, to move, plead or respond to the Plaintiffs' Complaint;

*If a party intends to file a motion in limine and during trial, the party shall submit a letter setting forth the basis of the same before requesting a telephone conference.*

2.      The following parties are to receive copies of this consent order after its entry:

> Paula Staropoli
> Jack T. Spinella, Esq.
> Nicoll Davis & Spinella LLP
> 95 Route 17 South
> Paramus, New Jersey 07652
> *Counsel for the Defendant*
>
> A.B. and L.B., individually
> Michael R. Ascher
> Einhorn, Harris, Ascher, Barbarito, Frost & Ironson
> 165 E. Main Street
> Denville, New Jersey 07834-3010
> Phone: (973) 627-7300
> Fax:    (973) 627-0869
> *Counsel for the Plaintiffs*

ENTERED this 4ᵗʰ day of February 2008 at Newark, New Jersey.

_____
Judge, United States District Court
*Magistrate Judge*

_____
Michael R. Ascher
Einhorn, Harris, Ascher, Barbarito, Frost & Ironson
165 E. Main Street
Denville, New Jersey 07834-3010
Phone: (973) 627-7300
Fax:    (973) 627-0869
*Counsel for the Plaintiffs*

_____
Jack T. Spinella
Nicoll Davis & Spinella LLP
95 Route 17 South
Paramus, NJ 07652
*Counsel for the Defendant*

2

ACCARDI & MIRDA, ESQUIRES
570 W. Mt. Pleasant Avenue
Livingston, New Jersey 07039
Tele: (973) 577-2100
Attorneys for Defendant, ROBERT WALKLEY

RECEIVED-CLERK
U.S. DISTRICT COURT

2008 FEB 11  P 3: 35

| | |
|---|---|
| A.B. and L.B. individually | : FOR THE DISTRICT COURT OF NEW JERSEY |
| Plaintiff, | : _CIVIL ACTION_ |
| VS. | : |
| MARK STAROPOLI, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS OF EMPLOYEES OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, MARGARET TURRIN, DIRECT KICK SOCCER, ROBERT WALKLEY, et al. | : DOCKET NO: 2:7-CV-6077 |
| Defendants. | : |

CIVIL ACTION – ANSWER, SEPARATE DEFENSES; DEMAND FOR PRODUCTION OF
DOCUMENT, DEMAND FOR ANSWERS TO INTERROGATORIES, NOTICE OF
DESIGNATION OF TRIAL COUNSEL, DEMAND FOR STATEMENT OF DAMAGES
AND JURY DEMAND

Defendant, ROBERT WALKLEY, by way of Answer to the Complaint of the plaintiffs, says:

## AS TO STATEMENT OF THE PARTIES

1. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph One.

2. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Two.

3. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Three.

4. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Four.

5. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Five.

6. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Six.

7. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Seven.

8. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Eight.

9. Defendant, Robert Walkley, denies Direct Kick Soccer sponsored a trip to Europe, attended by plaintiff, A.B. and defendant, Mark and Paula Staropoli and Margaret, Turrin.

10. Defendant, Robert Walkley, admits that he resides at 72 Roosevelt Avenue, Pearl River, New York and denies that he is principal and director of Direct Kick Soccer and responsible for the planning and supervision of Clarkstown Soccer Club Team relating to its traveling to Europe in 2004.

11. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Eleven.

12. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Twelve.

13. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Thirteen.

## STATEMENT OF JURISDICTION

14. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Fourteen.

15. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Fifteen.

## STATEMENT OF VENUE

16. Defendants, Direct Kick Soccer and Robert Walkley, deny Paragraph Sixteen.

## STATEMENT OF FACTS

17. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Seventeen.

18. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Eighteen.

## SEXUAL ACTS OCCURRING IN THE STATE OF NEW YORK

19. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Nineteen.

20. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Twenty.

21. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Twenty One.

22. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Twenty Two.

23. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Twenty Three.

24. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Twenty Four.

25. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Twenty Five.

26. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Twenty Six.

27. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Twenty Seven.

28. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Twenty Eight.

29. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Twenty Nine.

30. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Thirty.

31. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Thirty One.

32. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Thirty Two.

33. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Thirty Three.

34. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Thirty Four.

35. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Thirty Five.

36. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Thirty Six.

37. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Thirty Seven.

38. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Thirty Eight.

39. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Thirty Nine.

40. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Forty.

41. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Forty One.

42. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Forty Two.

## SEXUAL ACTS OCCURRING IN THE STATE OF NEW JERSEY

43. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Forty Three.

44. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Forty Four.

45. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Forty Five.

46. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Forty Six.

47. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Forty Seven.

48. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Forty Eight.

49. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Forty Nine.

50. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Fifty.

51. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Fifty One.

52. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Fifty Two.

53. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Fifty Three.

54. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Fifty Four.

55. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Fifty Five.

## SEXUAL ACTS OCCURRING IN OTHER STATES

56. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Fifty Six.

57. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Fifty Seven.

## SEXUAL ACTS OCCURRING OUTSIDE OF THE UNITED STATES

58. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Fifty Eight.

## LEGAL ALLEGATIONS

## FIRST CAUSE OF ACTION

59. Answering defendant, adopts and incorporates by reference its answers contained in Paragraphs One through Fifty Eight as fully as though same were set forth at length herein.

60. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Sixty.

61. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Sixty One.

62. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Sixty Two.

63. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Sixty Three.

64. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Forty Four.

65. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Forty Five.

## SECOND CAUSE OF ACTION

66. Answering defendant adopts and incorporates by reference its answers contained in the First Cause of Action as fully as if same were set forth at length herein.

67. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Sixty Seven.

68. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Sixty Eight.

69. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Sixty Nine.

70. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Seventy.

71. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Seventy One.

72. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Seventy Two.

## THIRD CAUSE OF ACTION

73. Answering defendant adopts and incorporates by reference its answer contained in the First and Second Cause of Action as if set forth at length herein.

74. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Seventy Four.

75. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Seventy Five.

76. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Seventy Six.

77. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Seventy Seven.

78. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Seventy Eight.

79. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Seventy Nine.

## FOURTH CAUSE OF ACTION

80. Answering defendant adopts and incorporates by reference its answers contained in the First, Second and Third Cause of Action as if set forth at length herein.

81. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Eighty One.

82. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Eighty Two.

83. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Eighty Three.

84. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Eighty Four.

85. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Eighty Five.

86. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Eighty Six.

## FIFTH CAUSE OF ACTION

87. Answering defendant adopts and incorporates by reference its answers contained in the First, Second, Third and Fourth Cause of Action as if set forth at length herein.

88. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Eighty Eight.

89. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Eighty Nine.

90. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Eighty Nine.

91. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Ninety One.

## SIXTH CAUSE OF ACTION

92. Answering defendant adopts and incorporates by reference its answers contained in the First, Second, Third, Fourth and Fifth Cause of Action as if set forth at length herein.

93. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph Ninety Three.

94. Defendant, Robert Walkley, denies Paragraph Ninety Four.

95. Defendant, Robert Walkley, denies that plaintiff is entitled to any damages, either compensatory or punitive against him.

## SEVENTH CAUSE OF ACTION

96. Answering defendant adopts and incorporates by reference its answers contained in the First, Second, Third, Fourth, Fifth and Sixth Cause of Action as if set forth at length herein.

97. Defendant, Robert Walkley, denies he sponsored a tournament trip to Europe involving defendant, Club, and plaintiff, A.B. and defendants, Mark and Paula Staropoli and Margaret Turrin.

98. Defendant, Robert Walkley, denies that Mark Staropoli is an employee, agent and/or servant of Direct Kick Soccer.

99. Defendant, Robert Walkley, denies that Robert Walkley stood in loco parentis to plaintiff, A.B. and the remaining allegations in Paragraph Ninety Nine.

100. Defendant, Robert Walkley, denies all the allegations contained in Paragraph One Hundred.

101. Defendant, Robert Walkley, denies all the allegations contained in Paragraph One Hundred One.

102. Defendant, Robert Walkley, denies all the allegations contained in Paragraph One Hundred Two.

## EIGHTH CAUSE OF ACTION

103. Answering defendant adopts and incorporates by reference its answers contained in the First, Second, Third, Fourth, Fifth, Sixth and Seventh Cause of Action as if set forth at length herein.

104. Defendant, Robert Walkely, denies Paragraph One Hundred Four as it pertains to him.

105. The allegations contained in Paragraph One Hundred Five are directed to a party other than the answering defendant and therefore no response is required.

106. The allegations contained in Paragraph One Hundred Five are directed to a party other than the answering defendant and therefore no response is required.

## SEPARATE DEFENSES

1. This defendant was free from any and all negligence.

2. Plaintiffs were guilty of comparative negligence.

3. The damages of the plaintiffs, if any, are limited by the applicable laws of the State of New Jersey as respects comparative negligence.

4. The alleged accident, damages, injuries complained of were caused by the sole negligence of the plaintiffs.

5. Damages allegedly claimed by plaintiff were due to the negligence of persons over whom this defendant had no control.

6. At the time and places mentioned in the Complaint, this defendant violated no legal duty owing by this defendant to the plaintiffs.

7. Plaintiff fails to state a cause of action upon which relief can be granted.

8. Some or all of the plaintiff's claims against this defendant are or may be barred whole or in part by the applicable Statute of Limitations.

9. Plaintiff was a participant in a voluntary sporting activity, and therefore, the doctrine of assumption of risk bars plaintiff's lawsuit.

10. Plaintiff's cause of action is barred by 2A:62a-6.

11. Any recovery to which plaintiff might otherwise be entitled is subject to a reduction by the application of a standard of comparative negligence mandated by N.J.S.A. 59:9-4 and 59:9-2.

12. This defendant states that the Complaint fails to state a cuase of action upon which relief can be granted against this defendant, therefore, reserves the right to move to dismiss the Complaint.

13. The incident, injury and damages complained of were caused by third parties over whom this defendant had no control.

14. Plaintiff's complaint is barred by the Entire Controversy Doctrine.

15. This Court lacks jurisdiction over the defendant.

16. The alleged incident complained of resulted from circumstances and conditions beyond the control of the defendant.

17. Defendant reserves the right to interpose such other defenses and objections as continuing investigation may disclose.

## CLAIM FOR CONTRIBUTION

Defendant, ROBERT WALKLEY, by way of claim for contribution against defendants, MARK STAROPOLI, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS OF EMPLOYEES OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, MARGARET TURRIN, DIRECT KICK SOCCER, JOHN DOES 1-5, JANE DOES 1-5, RICHARD ROES 1-5 say:

He hereby demands contribution for any judgment or judgments rendered against him by virtue of the Joint Tortfeasors Contribution Law of the State of New Jersey and/or the Comparative Negligence Law of the State of New Jersey.

## CLAIM FOR INDEMNIFICATION

While denying any liability to the plaintiffs for the incident and/or injuries alleged, should this defendant be adjudged liable, it asserts that this liability is secondary, vicarious and imputed to that of the co-defendants and the negligence, if any, was that of the co-defendants named herein, this gives rise to the duty on the part of the co-defendants to indemnify, both contractual and common law and hold harmless this defendant for any loss therein.

WHEREFORE, defendant demands judgment against co-defendants for any sums adjudicated against him, for damages, attorney's fees, interests and costs of suit together with such other relief as the court may deem just and proper under the circumstances.

## JURY DEMAND

Defendant hereby demands a trial by jury on all issues.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to Rule 4:5-2, defendant hereby demands of the plaintiff a specific statement of the amount of money damages claimed on each count of the Complaint.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that, pursuant to Rule 4:25-4, notice is hereby given that JOSEPH S. ACCARDI, is designated as trial counsel in the above matter.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other civil action pending in any Court or any pending arbitration or administrative proceeding other than criminal matters in the State of New York and New Jersey, respectively, entitled the _People of the State of New York v. Mark Staropoli_, Indictment No: 2005-36 and in the _State of New Jersey vs. Mark Staropoli_, Indictment No: 05-000093.

ACCARDI & MIRDA, ESQS.
Attorneys for Defendant(s),
Robert Walkley

By _____
JOSEPH S. ACCARDI, ESQ.

DATED:   February 8, 2008

ALAN S. GOLDBERGER
GOLDBERGER & GOLDBERGER
1373 Broad Street
P.O. Box 447
Clifton, New Jersey 07015
(973) 471-9200
Attorneys for Defendant Robert Walkley and Direct Kick Soccer
5100-0774

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.B. and L.B., individually,<br><br>Plaintiffs,<br><br>vs.<br><br>MARK STAROPOLI, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS OF EMPLOYEES OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, MARGARET TURRIN, DIRECT KICK SOCCER, ROBERT WALKLEY, JOHN DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), JANE DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), and RICHARD ROES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended),<br><br>Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No. 2:07-cv-6077-KHS-PS<br><br>Hon. Patty Shwartz, U.S.M.J.<br><br>**STIPULATION AND ORDER**<br><br><br><br><br><br><br><br>FEB 1 5 2008 |

**IT IS HEREBY STIPULATED** by plaintiffs A.B. and L.B., individually; and defendants

Robert Walkley and Direct Kick Soccer that said defendants shall have until and including February

27, 2008 to answer or otherwise plead with respect to the Complaint.

**SO ORDERED** this _15th_ day of February, 2008;

_____
Hon. Patty Shwartz, , U.S.M.J.

Stipulated as to entry and form:

Einhorn, Harris, Ascher, Barbarito, Frost &
Ironson, A Professional Corporation
165 E. Main Street
P.O. Box 3010
Denville, New Jersey 07834-3010
(973) 627-7300
Attorneys for Plaintiffs

By: _____
     MICHAEL R. ASCHER

Goldberger & Goldberger
1373 Broad Street
P.O. Box 447
Clifton, New Jersey 07015-0447
(973) 471-9200
Attorneys for Defendant Robert Walkley
and Direct Kick Soccer

By: _____
     ALAN S. GOLDBERGER

*If a party intends
to file a motion in lieu
of an Answer, then the party
shall submit a letter
setting forth the basis
for the motion and schedule
a telephone conference

2

# NICOLL DAVIS & SPINELLA LLP
### ATTORNEYS AT LAW

95 ROUTE 17 SOUTH
SUITE 203
PARAMUS, N.J. 07652
TEL: (201) 712-1616
FAX: (201) 712-9444

250 PARK AVENUE
SUITE 1500
NEW YORK, N.Y 10177
TEL: (212) 972-0786
FAX: (212) 953-7201

February 25, 2008

**ELECTRONICALLY FILE**
William T. Walsh, Clerk
United States District Court for the
District of New Jersey
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Re:** **A.B. and L.B., individually v. Mark Staropoli, Paula Staropoli, et als.**
**Civil Action No. 2:07-cv-6077**

Dear Mr. Walsh:

Enclosed is a Consent Order executed by counsel in the referenced action. If said Order meets with the Judge's approval, please have the Consent Order executed.

Thank you for your consideration regarding this matter.

Very truly yours,

Jack T. Spinella

JTS:jfd
Enclosures
cc:    Michael R. Ascher, Esq.

NICOLL DAVIS & SPINELLA LLP
95 Route 17 South
Paramus, New Jersey 07652
(201) 712-1616
Attorneys for Defendant, Paula Staropoli

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

A.B. and L.B., individually,

                    Plaintiff,

          v.

MARK STAROPOLI, PAULA STAROPOLI,
CLARKSTOWN        SOCCER       CLUB,
CLARKSTOWN SOCCER CLUB, BOARD
MEMBERS OF EMPLOYERS OF THE
CLARKSTOWN       SOCCER       CLUB,
NICHOLAS ARCURI, MARGARET TURRIN,
DIRECT    KICK    SOCCER,    ROBERT
WALKLEY, JOHN DOES 1 through 5
(fictitious names for the persons, partnerships
and/or corporations intended), JANE DOES 1
through 5 (fictitious names for the persons,
partnerships and/or corporations intended), and
RICHARD ROES 1 through 5 (fictitious names
for the persons, partnerships and/or corporations
intended),

                    Defendants.

Civil Action Number: 2:07-cv-6077

## **CONSENT ORDER**

PAULA STAROPOLI (the "Defendant") and A.B. and L.B., individually (the "Plaintiff"), by their respective counsel, having jointly agreed to the following, it is therefore, ADJUDGED, ORDERED and DECREED that:

1.    The Defendant shall have until Monday, March 17, 2008, to move, plead or respond to the Plaintiffs' Complaint;

19736270869          einhorn harris ascher ba                    03:33:13 p.m.    02-25-2008        3/3
Feb 22. 2008 12:15PM    Nicoll Davis & Spinella LLP      No.7992    P. 3
Case 2:08-cv-00458-SDW-PS  Document 22-2  Filed 05/29/2008  Page 2 of 2

2.    The following parties are to receive copies of this consent order after its entry:

Paula Staropoli
Jack T. Spinella, Esq.
Nicoll Davis & Spinella LLP
95 Route 17 South
Paramus, New Jersey 07652
*Counsel for the Defendant*

A.B. and L.B., individually
Michael R. Ascher
Einhorn, Harris, Ascher, Barbarito, Frost & Ironson
165 E. Main Street
Denville, New Jersey 07834-3010
Phone: (973) 627-7300
Fax:   (973) 627-0869
*Counsel for the Plaintiffs*

ENTERED this ____ day of February 2008 at Newark, New Jersey.

_____
Judge, United States District Court

_____
Michael R. Ascher
Einhorn, Harris, Ascher, Barbarito, Frost & Ironson
165 E. Main Street
Denville, New Jersey 07834-3010
Phone: (973) 627-7300
Fax:   (973) 627-0869
*Counsel for the Plaintiffs*

_____
Jack T. Spinella
Nicoll Davis & Spinella LLP
95 Route 17 South
Paramus, NJ 07652
*Counsel for the Defendant*

2

NICOLL DAVIS & SPINELLA LLP
95 Route 17 South
Paramus, New Jersey 07652
(201) 712-1616
Attorneys for Defendant, Paula Staropoli

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

A.B. and L.B., individually,

                    Plaintiff,

      v.

MARK STAROPOLI, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS OF EMPLOYERS OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, MARGARET TURRIN, DIRECT KICK SOCCER, ROBERT WALKLEY, JOHN DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), JANE DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), and RICHARD ROES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended),

                    Defendants.

Civil Action Number: 2:07-cv-6077

## CONSENT ORDER

PAULA STAROPOLI (the "Defendant") and A.B. and L.B., individually (the "Plaintiff"), by their respective counsel, having jointly agreed to the following, it is therefore, ADJUDGED, ORDERED and DECREED that:

1.    The Defendant shall have until Monday, March 17, 2008, to move, plead or respond to the Plaintiffs' Complaint;

*If a party intends to file a motion in lieu of an Answer, then the party shall submit a letter setting forth the basis for the motion & requesting a telephone conference

2.  The following parties are to receive copies of this consent order after its entry:

> Paula Staropoli
> Jack T. Spinella, Esq.
> Nicoll Davis & Spinella LLP
> 95 Route 17 South
> Paramus, New Jersey 07652
> *Counsel for the Defendant*

> A.B. and L.B., individually
> Michael R. Ascher
> Einhorn, Harris, Ascher, Barbarito, Frost & Ironson
> 165 E. Main Street
> Denville, New Jersey 07834-3010
> Phone: (973) 627-7300
> Fax:    (973) 627-0869
> *Counsel for the Plaintiffs*

ENTERED this 25 day of February 2008 at Newark, New Jersey.


Judge, United States District Court


Michael R. Ascher
Einhorn, Harris, Ascher, Barbarito, Frost & Ironson
165 E. Main Street
Denville, New Jersey 07834-3010
Phone: (973) 627-7300
Fax:    (973) 627-0869
*Counsel for the Plaintiffs*

Jack T. Spinella
Nicoll Davis & Spinella LLP
95 Route 17 South
Paramus, NJ 07652
*Counsel for the Defendant*

2

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

33 Washington Street, Newark, New Jersey 07102-3017   Tel: (973) 624-0800  Fax: (973) 624-0808

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean*
*Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains*
*Limited Liability Partnership of NY*
*Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com

February 27, 2008

**ELECTRONICALLY FILED**

William T. Walsh, Clerk
United States District Court
 For the District of New Jersey
M.L. King, Jr. Federal Bldg & U.S. Courthouse
50 Walnut Street
Newark, New Jersey  07101

> Re:  **A.B. and L.B. v. Mark Staropoli, et al.**
> **Civil Action No.: 2:07-cv-6077**
> **Our File No.:  01166.00211**

Dear Mr. Walsh:

This firm has been retained to represent defendants Clarkstown Soccer Club, Board Members and Employees of the Clarkstown Soccer Club, Nicholas Arcuri and Margaret Turrin in the above referenced action.   Enclosed is a Consent Order executed by counsel.   If said Order meets with the Judge's approval, please have the consent Order executed and forwarded to the undersigned.

Thank you for your courtesies in this regard.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Susan Karlovich

SK/sh
Enclosures
cc:   Michael R. Ascher, Esq.
700977.1

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Susan Karlovich, Esq. (SK 9485)
33 Washington Street
Newark, New Jersey 07102-5003
Tel: (973) 624-0800 Fax: (973) 624-0808
Attorneys for Defendants Clarkstown Soccer Club, Board Members and Employees of the
Clarkstown Soccer Club, Nicholas Arcuri and Margaret Turrin

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

——————————————————— X
                                                          :
A.B. and L.B., individually,                              :
                                                          : CASE NO.: 2:07-cv-6077
                     Plaintiffs,                          :
                                                          :            CIVIL ACTION
           v.                                             :
                                                          :       CONSENT ORDER
MARK STAROPOLI, PAULA STAROPOLI,  :        EXTENDING TIME TO ANSWERS
CLARKSTOWN SOCCER CLUB, BOARD     :           OR OTHERWISE PLEAD
MEMBERS AND EMPLOYEES OF THE      :
CLARKSTOWN SOCCER CLUB, NICHOLAS  :
ARCURI, MARGARET TURRIN, DIRECT   :
KICK SOCCER, ROBERT WALKLEY, JOHN :
DOES 1 through 5 (fictitious names for the :
persons, partnerships and/or corporations :
intended), JANE DOES 1 through 5 (fictitious :
names for the persons, partnerships and/or :
corporations intended), and RICHARD ROES 1 :
through 5 (fictitious names for the persons, :
partnerships and/or corporations intended), :
                                                          :
                     Defendants.                          :
                                                          :
——————————————————— x

THIS MATTER having been opened to the Court by WILSON, ELSER, MOSKOWITZ,

EDELMAN & DICKER LLP (by Susan Karlovich), attorneys for defendants, Clarkstown Soccer

Club, Board Members and Employees of the Clarkstown Soccer Club, Nicholas Arcuri and Margaret

Turrin, for an Order extending time within which to file an Answer or otherwise plead with respect to

the Complaint, and it appearing that the attorneys for the plaintiffs has consented to the entry of this

Order,

695916.1

**IT IS ON THIS**       day of                    , 2008,

**ORDERED** that the defendants, Clarkstown Soccer Club, Board Members and Employees of

the Clarkstown Soccer Club, Nicholas Arcuri and Margaret Turrin, be permitted to file a responsive

Answer to the Complaint or otherwise plead with respect to the Complaint within 15 days of the date

hereof.

**FURTHER ORDERED** that a copy of this Order be served upon counsel of record within

_____ days of the date hereof.

_____
Hon. Patty Shwartz, U.S. M.J.


We hereby consent to the entry of the above Order.

Attorneys for Plaintiffs
Einhorn, Harris, Ascher, Barbarito, Frost & Ironson, P.C.
165 E. Main Street, P.O. Box 3010
Denville, NJ  07834-3010

By _____
Michael R. Ascher, Esq.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendants Clarkstown Soccer Club, Board Members
and Employees of the Clarkstown Soccer Club, Nicholas Arcuri &
Margaret Turrin
33 Washington Street, 18th fl.
Newark, New Jersey  07102

By _____
Susan Karlovich, Esq.

DATED:  February     , 2008

- 2 -

LAW OFFICES
# EINHORN, HARRIS, ASCHER, BARBARITO & FROST
### A PROFESSIONAL CORPORATION

Theodore E. B. Einhorn
Peter T. Harris
Michael R. Ascher
Patricia M. Barbarito ◆✧
Bonnie C. Frost ◆✧
Gary R. Botwinick ▾
Stephen P. Haller
Thomas J. Snyder
Mark Wechsler *✧
Andrew S. Berns

165 East Main Street
(Route 53)
P. O. Box 3010
Denville, New Jersey 07834-3010

(973) 627-7300

COUNSEL

Ivette R. Alvarez ‡
Jennifer Fortunato ‡✧
Richard C. Colloca
Linda A. Mainenti-Walsh
Jason R. Rittie ‡
Thomas F. Dorn, Jr. ●▲
Christopher L. Musmanno ‡*

OF COUNSEL

Burton J. Ironson

Facsimiles (973) 627-0869
(973) 627-2858
(973) 627-5847

www.einhornharris.com

Ellen M. Seigerman ‡
Elizabeth M. Vinhal ‡❖
Jennie L. Osborne ‡
Laura Ruvolo Lipp
Jhanice V. Domingo
Cimmerian A. Morgan *
Timothy J. Ford ‡
Jamie N. Lenner ‡

Robert J. Cece (1966-2003)

◆ FELLOW AMERICAN ACADEMY
OF MATRIMONIAL LAWYERS
✧ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
MATRIMONIAL LAW
ATTORNEY
● CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CIVIL TRIAL ATTORNEY
▲ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
WORKERS' COMPENSATION
ATTORNEY

* Also Member of PA Bar
‡ Also Member of NY Bar
❖ Also Member of DC Bar
▾ LLM in Taxation

February 27, 2008

Honorable Patty Shwartz
U.S. Magistrate Judge
United States District Court,
District of New Jersey Newark
Frank R. Lautenberg U.S.
P.O. & Cthse. Bldg, Room 477
P.O. Box 999
Newark, NJ 07101

**RE: A.B. et al v. Mark Staropoli, et al
Civil Action NO. 07-6077(KSH)**

My Dear Judge Shwartz:

Per your Honor's letter of February 8, 2008, requesting the names
and addresses of all attorneys involved in this matter are as follows:

1.  Michael R. Ascher, Esq.
    Einhorn, Harris, Ascher,
    Barbarito, & Frost, P.C.
    165 East Main Street
    P.O. Box 3010
    Denville, NJ 07834
    **Attorney for the Plaintiffs**

February 27, 2008
Page 2

2.  Jack T. Spinella, Esq.
    Nicoll, Davis, & Spinella, LLP
    95 Route 17 South
    Suite 203
    Paramus, NJ 07652
    **Attorney for Paula Staropoli**

3.  Alan S. Goldberg, Esq.
    Goldberg & Goldberg, Esqs.
    1373 Broad Street
    P.O. Box 447
    Clifton, NJ 07015
    **Attorney for Direct Kick Soccer**

4.  Joseph S. Accardi, Esq.
    Accardi & Mirda, PC
    570 West Mt Pleasant Ave
    P.O. Box 404
    Livingston, NJ 07039
    **Attorney for Robert Walkley**

5.  Susan Karlovich, Esq.
    Wilson, Elser, Moskowitz,
    Edelman, Dicker, LLP
    33 Washington Street, 18th Floor
    Newark, NJ 07102
    **Attorney for Defendants**
    **Clarkstown Soccer Club**
    **Board Members & Employees**
    **Of the Clarkstown Soccer Club**
    **& Nicholas Arcuri & Margaret Turin**

    I will update this list periodically when such information is
available to my office.

                              Very truly yours,

                              EINHORN, HARRIS, ASCHER,
                              BARBARITO & FROST, P.C.


                        By: _____
                              Michael R. Ascher, Esq.

MRA:mb
cc:A.B. & L.B.
Alan S. Goldberg, Esq.
Joseph S. Accardi, Esq.
Jack T. Spinella, Esq.
Susan Karlovich, Esq.

Case 2:07-cv-06077-KSH-PS    Document 13    Filed 02/08/2008    Page 1 of 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Honorable Patty Shwartz**
**United States Magistrate Judge**

**U.S. Post Office & Courthouse Bldg.**
**Federal Square, Newark, NJ 07101**
**(973) 645-6596**

February 8, 2008

LETTER

RE:    A.B., et al. v. MARK STAROPOLI
       Civil Action No. 07-6077(KSH)

Dear Litigants:

I have been assigned case management responsibilities in the above-referenced matter. This letter is intended to advise you of some requirements established for the early stages of the litigation.

First, please provide my Chambers with the names and addresses of all attorneys involved in this case, when such information is available to you, and immediately supply a copy of this letter to your adversaries.

Second, Rule 4(m) of the Federal Rules of Civil Procedure requires that you serve a copy of the Summons and Complaint upon your adversaries within 120 days of the date of filing the Complaint. Otherwise, the action will be terminated.

Third, L. Civ. R. 26.1(b) requires counsel to confer and to submit a joint discovery plan before the initial conference, which will be scheduled as soon as one or more parties are joined. Scheduling of all motions will be addressed at the Rule 16 conference. Prior to that time, no motions, including motions to dismiss or motions to transfer, shall be filed without leave of Court.

Fourth, I draw counsel's attention to the voluntary disclosures mandated by Fed. R. Civ. P. 26(a). No other discovery shall be conducted until further Order of the Court.

Fifth, the Court has implemented an electronic case filing system for all documents filed with the Clerk of the Court. Electronic case filing is mandatory for all cases except those involving a pro se litigant. Registration forms, on-line training, policies and procedures can be obtained from the Clerk's Office or the website: pacer.njd.uscourts.gov. On-site training is also available and can be arranged by contacting (973) 645-4439. Orders will be electronically filed. Paper copies will be provided to pro se litigants. Registered counsel will be notified when an order is filed but are responsible for retrieving and reviewing the contents.

Finally, all counsel are expected and required to be in Court on time and ready to proceed for all scheduled proceedings.

If you have any questions regarding any of these matters, please contact my Deputy Clerk, Amy Andersonn at (973) 645-3715.

Very truly yours,

s/Patty Shwartz
**United States Magistrate Judge**

ALAN S. GOLDBERGER
GOLDBERGER & GOLDBERGER
1373 Broad Street
P.O. Box 447
Clifton, New Jersey 07015
973-471-9200
Attorneys for Defendants
ROBERT WALKLEY, individually and t/a "Direct Kick Soccer," incorrectly denominated in the
Complaint as "Direct Kick Soccer"
5100-0774

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.B. and L.B., individually,<br><br>Plaintiffs,<br><br>vs.<br><br>MARK STAROPOLI, PAULA STAROPOLI,<br>CLARKSTOWN SOCCER CLUB,<br>CLARKSTOWN SOCCER CLUB, BOARD<br>MEMBERS OF EMPLOYEES OF THE<br>CLARKSTOWN SOCCER CLUB, NICHOLAS<br>ARCURI, MARGARET TURRIN, DIRECT KICK<br>SOCCER, ROBERT WALKLEY, JOHN DOES 1<br>through 5 (fictitious names for the persons,<br>partnerships and/or corporations intended), JANE<br>DOES 1 through 5 (fictitious names for the persons,<br>partnerships and/or corporations intended), and<br>RICHARD ROES 1 through 5 (fictitious names for<br>the persons, partnerships and/or corporations<br>intended),<br><br>Defendants. | CASE NO. 2:07-cv-6077-KSH-PS<br><br>CIVIL ACTION<br><br>ORDER EXTENDING TIME TO<br>FILE AMENDED ANSWER |

THIS MATTER being brought before the Court upon the application of Alan S. Gold-

berger, Esquire, attorney for Defendants, Robert Walkley, individually and t/a "Direct Kick Soccer," incorrectly denominated in the Complaint as "Direct Kick Soccer," for an Order extending the time within which the Defendants may file an Amended Answer and counsel for Plaintiff having consented thereto; and the Court having considered the matter; and for good cause appearing,

   IT IS on this   25th   day of February, 2008,

   ORDERED the time within which the Defendants, Robert Walkley, individually and t/a "Direct Kick Soccer," incorrectly denominated in the Complaint as "Direct Kick Soccer,"  may file and serve an Amended Answer or otherwise move※ pursuant to the rules be and is hereby extended for a period of 14 days from the date of this Order; and it is further

   ORDERED that a copy of this Order be served upon all counsel of record within  7  days of the date hereof.

                                    _Patty Shwartz_
                                    HON. PATTY SHWARTZ  U.S.M.J.


※ If a party intends to file a motion in lieu of an Answer, then the party shall submit a letter setting for the bases of the motion and requesting a telephone conference. ⓐ

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Susan Karlovich, Esq. (SK 9485)
33 Washington Street
Newark, New Jersey 07102-5003
Tel: (973) 624-0800 Fax: (973) 624-0808
Attorneys for Defendants Clarkstown Soccer Club, Board Members and Employees of the
Clarkstown Soccer Club, Nicholas Arcuri and Margaret Turrin

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

—————————————————— X

A.B. and L.B., individually,

    Plaintiffs,

  v.

MARK STAROPOLI, PAULA STAROPOLI,
CLARKSTOWN SOCCER CLUB, BOARD
MEMBERS AND EMPLOYEES OF THE
CLARKSTOWN SOCCER CLUB, NICHOLAS
ARCURI, MARGARET TURRIN, DIRECT
KICK SOCCER, ROBERT WALKLEY, JOHN
DOES 1 through 5 (fictitious names for the
persons, partnerships and/or corporations
intended), JANE DOES 1 through 5 (fictitious
names for the persons, partnerships and/or
corporations intended), and RICHARD ROES 1
through 5 (fictitious names for the persons,
partnerships and/or corporations intended),

    Defendants.

—————————————————— X

CASE NO.: 2:07-cv-6077

CIVIL ACTION

CONSENT ORDER
EXTENDING TIME TO ANSWERS
OR OTHERWISE PLEAD

   THIS MATTER having been opened to the Court by WILSON, ELSER, MOSKOWITZ,

EDELMAN & DICKER LLP (by Susan Karlovich), attorneys for defendants, Clarkstown Soccer

Club, Board Members and Employees of the Clarkstown Soccer Club, Nicholas Arcuri and Margaret

Turrin, for an Order extending time within which to file an Answer or otherwise plead with respect to

the Complaint, and it appearing that the attorneys for the plaintiffs has consented to the entry of this

Order,

IT IS ON THIS 2⁷ᵗʰ day of February, 2008,

ORDERED that the defendants, Clarkstown Soccer Club, Board Members and Employees of

the Clarkstown Soccer Club, Nicholas Arcuri and Margaret Turrin, be permitted to file a responsive

Answer to the Complaint or otherwise plead with respect to the Complaint within 15 days of the date

hereof.

FURTHER ORDERED that a copy of this Order be served upon counsel of record within

_____ days of the date hereof.

_____
Hon. Patty Shwartz, U.S. M.J.

We hereby consent to the entry of the above Order.

Attorneys for Plaintiffs
Einhorn, Harris, Ascher, Barbarito, Frost & Ironson, P.C.
165 E. Main Street, P.O. Box 3010
Denville, NJ 07834-3010

By_____
        Michael R. Ascher, Esq.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendants Clarkstown Soccer Club, Board Members
and Employees of the Clarkstown Soccer Club, Nicholas Arcuri &
Margaret Turrin
33 Washington Street, 18ᵗʰ fl.
Newark, New Jersey 07102

By_____
        Susan Karlovich, Esq.

DATED:   February        , 2008

- 2 -

695916.1

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
James Crawford Orr, Esq. (1870)
Susan Karlovich, Esq. (9485)
33 Washington Street – 18th Floor
Newark, New Jersey 07102
Tel: (973) 624-0800 Fax: (973) 624-0808
Attorneys for Defendants Clarkstown Soccer Club, Board
Members and Employees of the Clarkstown Soccer Club,
Nicholas Arcuri and Margaret Turrin

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| A.B. and L.B., individually, | CIVIL ACTION NO: 2:07-cv-6077 |
| Plaintiffs, | |
| v. | **ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, CROSSCLAIMS, REQUEST FOR STATEMENT OF DAMAGES, JURY DEMAND AND DESIGNATION OF TRIAL COUNSEL** |
| MARK STAROPOLIS, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS & EMPLOYEES OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, MARGARET TURRIN, DIRECT KICK SOCCER, ROBERT WALKLEY, JOHN DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), JANE DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), and RICHARD ROES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), | |
| Defendants. | |

Defendants, Clarkstown Soccer Club, Board Members & Employees of Clarkstown Soccer Club, Nicholas Arcuri and Margaret Turrin, (hereinafter collectively referred to as "Clarkstown Defendants"), by and through their attorneys, in response to the allegations of Plaintiffs, A.B. and L.B. ("Plaintiffs") in the Complaint, herein say as follows:

702079.1

## STATEMENT OF THE PARTIES

1.      Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 1.

2.      Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 2.

3.      Clarkstown Defendants admit that Mark Staropoli is a former coach with their Soccer Club, but is without sufficient information to form an opinion as to the truth of the remainder of allegations contained in Paragraph 3.

4.      Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 4.

5.      Clarkstown Defendants deny the truth of the allegations contained in Paragraph 5.

6.      Clarkstown Defendants deny the truth of the allegations contained in Paragraph 6.

7.      Clarkstown Defendants deny the truth of the allegations contained in Paragraph 7.

8.      Clarkstown Defendants deny the truth of the allegations contained in Paragraph 8.

9.      Clarkstown Defendants admit that Margaret Turrin attended a European soccer trip sponsored by Direct Kick Soccer, but are without sufficient information to form an opinion as to the truth of the remainder of allegations contained in Paragraph 9.

10.     Clarkstown Defendants deny that Robert Walkley or Direct Kick Soccer was responsible for planning and supervision of the Clarkstown Soccer Club Team, but are without sufficient information to form an opinion as to the truth of the remainder of allegations contained in Paragraph 10.

11.     Clarkstown Defendants deny the allegations contained in Paragraph 11.

12.     Clarkstown Defendants deny the allegations contained in Paragraph 12.

13.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 13.

### STATEMENT OF JURISIDCTION

14.     Clarkstown Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth of the allegations contained in Paragraph 14.

15.     Clarkstown Defendants deny the allegation contained in Paragraph 15.

### STATEMENT OF VENUE

16.     Clarkstown Defendants deny the allegations contained in Paragraph 16.

### STATEMENT OF FACTS

17.     Clarkstown Defendants deny the allegations contained in Paragraph 17.

18.     Clarkstown Defendants deny recruiting plaintiff A.B., but are without sufficient information to form an opinion as to the truth of the remainder of allegations contained in Paragraph 18.

### SEXUAL ACTS OCCURRING IN THE STATE OF NEW YORK

19.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 19.

20.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 20.

702079.1

21.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 21.

22.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 22.

23.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 23.

24.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 24.

25.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 25.

26.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 26.

27.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 27.

28.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 28.

29.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 29.

30.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 30.

702079.1

31.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 31.

32.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 32.

33.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 33.

34.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 34.

35.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 35.

36.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 36.

37.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 37.

38.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 38.

39.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 39.

40.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 40.

702079.1

41. Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 41.

42. Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 42.

## SEXUAL ACTS OCCURRING IN THE STATE OF NEW JERSEY

43. Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 43.

44. Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 44.

45. Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 45.

46. Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 46.

47. Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 47.

48. Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 48.

49. After reasonable investigation, Clarkstown Defendants learned of the investigation of Mark Staropoli by the Morris County Prosecutor's Office, in Morristown, New Jersey.

702079.1

50.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 50.

51.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 51.

52.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 52.

53.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 53.

54.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 54.

55.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 55.

### SEXUAL ACTS OCCURRING IN OTHER STATES

56.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 56.

57.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 57.

### SEXUAL ACTS OCCURING OUTSIDE OF UNITED STATES

58.     Clarkstown Defendants deny that a team from the Clarkstown Soccer Club traveled to Europe in the summer of 2004, but are without sufficient information to form an opinion as to the truth of the remainder of allegations contained in Paragraph 58.

- 7 -

## **LEGAL ALLEGATIONS**

## **FIRST CAUSE OF ACTION**

59.     Clarkstown Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 through 58 of the Complaint, as if fully set forth at length herein.

60.     Clarkstown Defendants make no response to the allegations contained in Paragraph 60, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

61.     Clarkstown Defendants make no response to the allegations contained in Paragraph 61, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

62.     Clarkstown Defendants make no response to the allegations contained in Paragraph 62, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

63.     Clarkstown Defendants make no response to the allegations contained in Paragraph 63, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

64.     Clarkstown Defendants make no response to the allegations contained in Paragraph 64, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

- 8 -

65.     Clarkstown Defendants make no response to the allegations contained in Paragraph 65, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

## SECOND CAUSE OF ACTION

66.     Clarkstown Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 through 65 of the Complaint, as if fully set forth at length herein.

67.     Clarkstown Defendants make no response to the allegations contained in Paragraph 67, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

68.     Clarkstown Defendants make no response to the allegations contained in Paragraph 68, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

69.     Clarkstown Defendants make no response to the allegations contained in Paragraph 69, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

70.     Clarkstown Defendants make no response to the allegations contained in Paragraph 70, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

71.     Clarkstown Defendants make no response to the allegations contained in Paragraph 71, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

702079.1

72. Clarkstown Defendants make no response to the allegations contained in Paragraph 72, as those allegations are not directed to them. To the extent that said allegations may be construed to be directed to them, such allegations are denied.

## THIRD CAUSE OF ACTION

73. Clarkstown Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 through 72 of the Complaint, as if fully set forth at length herein.

74. Clarkstown Defendants make no response to the allegations contained in Paragraph 74, as those allegations are not directed to them. To the extent that said allegations may be construed to be directed to them, such allegations are denied.

75. Clarkstown Defendants make no response to the allegations contained in Paragraph 75, as those allegations are not directed to them. To the extent that said allegations may be construed to be directed to them, such allegations are denied.

76. Clarkstown Defendants make no response to the allegations contained in Paragraph 76, as those allegations are not directed to them. To the extent that said allegations may be construed to be directed to them, such allegations are denied.

77. Clarkstown Defendants make no response to the allegations contained in Paragraph 77, as those allegations are not directed to them. To the extent that said allegations may be construed to be directed to them, such allegations are denied.

78. Clarkstown Defendants make no response to the allegations contained in Paragraph 78, as those allegations are not directed to them. To the extent that said allegations may be construed to be directed to them, such allegations are denied.

- 10 -

702079.1

79.    Clarkstown Defendants make no response to the allegations contained in Paragraph 79, as those allegations are not directed to them.   To the extent that said allegations may be construed to be directed to them, such allegations are denied.

## FOURTH CAUSE OF ACTION

80.    Clarkstown Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 through 79 of the Complaint, as if fully set forth at length herein.

81.    Clarkstown Defendants deny the allegations contained in Paragraph 81.

82.    Clarkstown Defendants deny the allegations contained in Paragraph 82.

83.    Clarkstown Defendants admit the allegations contained in Paragraph 83.

84.    Clarkstown Defendants deny the allegations contained in Paragraph 84.

85.    Clarkstown Defendants deny the allegations contained in Paragraph 85.

86.    Clarkstown Defendants deny the allegations contained in Paragraph 86.

## FIFTH CAUSE OF ACTION

87.    Clarkstown Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 through 86 of the Complaint, as if fully set forth at length herein.

88.    Clarkstown Defendants deny the allegations contained in Paragraph 88.

89.    Clarkstown Defendants deny the allegations contained in Paragraph 89.

90.    Clarkstown Defendants deny the allegations contained in Paragraph 90.

- 11 -

91. Clarkstown Defendants deny the allegations contained in Paragraph 91

## SIXTH CAUSE OF ACTION.

92. Clarkstown Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 through 91 of the Complaint, as if fully set forth at length herein.

93. Clarkstown Defendants deny the allegations contained in Paragraph 93.

94. Clarkstown Defendants deny the allegations contained in Paragraph 94.

95. Clarkstown Defendants deny the allegations contained in Paragraph 95

## SEVENTH CAUSE OF ACTION

96. Clarkstown Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 through 95 of the Complaint, as if fully set forth at length herein.

97. Clarkstown Defendants admit that Margaret Turrin attended a European tournament trip, deny that Clarkstown Soccer Club was in any way involved with that trip and are without sufficient information to form an opinion as to the truth of the remainder of allegations contained in Paragraph 97.

98. Clarkstown Defendants make no response to the allegations contained in Paragraph 98, as those allegations are not directed to them. To the extent that said allegations may be construed to be directed to them, such allegations are denied.

702079.1

99.     Clarkstown Defendants make no response to the allegations contained in Paragraph 99, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

100.     Clarkstown Defendants make no response to the allegations contained in Paragraph 100, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

101.     Clarkstown Defendants make no response to the allegations contained in Paragraph 101, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

102.     Clarkstown Defendants make no response to the allegations contained in Paragraph 102, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

## EIGHTH CAUSE OF ACTION

103.     Clarkstown Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 through 102 of the Complaint, as if fully set forth at length herein.

104.     Clarkstown Defendants deny the allegations contained in Paragraph 104.

105.     Clarkstown Defendants deny the allegations contained in Paragraph 105.

106.     Clarkstown Defendants deny the allegations contained in Paragraph 106.

- 13 -

702079.1

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

Plaintiffs are guilty of comparative negligence which negligence is greater than that of Defendant, and Plaintiffs are therefore barred from recovery.

## SECOND SEPARATE DEFENSE

The Plaintiffs are barred by provisions of the applicable Statute of Limitations.

## THIRD SEPARATE DEFENSE

The Plaintiffs fail to state a claim against the Clarkstown Defendants upon which relief may be granted.

## FOURTH SEPARATE DEFENSE

The Plaintiffs are barred by virtue of the Doctrine of Estoppel, the Doctrine of Laches and the Doctrine of Waiver.

## FIFTH SEPARATE DEFENSE

The Plaintiffs' Complaint is barred by the Doctrine of Unforeseeability.

## SIXTH SEPARATE DEFENSE

The Clarkstown Defendants had no duty to the Plaintiffs at the times and places referred to in the Complaint.

## SEVENTH SEPARATE DEFENSE

Plaintiffs' causes of action are barred by N.J.S. 2A:62a-6.

702079.1

## EIGHTH SEPARATE DEFENSE

Clarkstown defendants deny they are guilty of any negligence that was the proximate or producing cause of any injuries, losses or damages alleged to have been sustained by Plaintiffs.

## NINTH SEPARATE DEFENSE

Clarkstown defendants reserve the right to rely on any affirmative or separate defenses pled by any other party hereto and otherwise pleaded herein, except to the extent that such defenses attempt to impose responsibility or liability upon the Clarkstown Defendants.

## TENTH SEPARATE DEFENSE

Plaintiffs' complaint is barred due to the Court's lacks jurisdiction over the Clarkstown Defendants.

## ELEVENTH SEPARATE DEFENSE

Defendant violated no duty due and owing to the Plaintiffs.

## TWELFTH SEPARATE DEFENSE

The Plaintiffs' Complaint is barred by virtue of their failure to mitigate damages.

## THIRTEENTH SEPARATE DEFENSE

Any injuries, losses or damages alleged to have been sustained by the Plaintiffs were the act or omission of a third person or persons, instrumentality or agency over whom the Clarkstown defendants had no control.

## FOURTEENTH SEPARATE DEFENSE

Plaintiffs' complaint is barred by improper venue.

702079.1

## FIFTEENTH SEPARATE DEFENSE

If it is proven that the Clarkstown defendant were negligent, which allegations are hereby expressly denied, then Plaintiffs' claims are barred, controlled or limited by Plaintiffs' assumption of the risk.

## SIXTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred pursuant to the Doctrine of Superseding and/or Intervening Cause.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred since Clarkstown Defendants had no actual or constructive notice of the alleged improper conduct by defendant Mark Staropoli.

## EIGHTEENTH SEPARATE DEFENSE

Plaintiffs' causes of action against the Clarkstown Defendants are barred by N.J.S. 2A:53A-7.1.

## NINETEENTH SEPARATE DEFENSE

If the Plaintiffs suffered any injuries as alleged, they were caused solely and primarily by Plaintiffs own consent, carelessness, recklessness, negligence and/or contributory negligence.

## TWENTY-FIRST SEPARATE DEFENSE

Defendant reserves the right to interpose such other defenses as it may deem appropriate through continuing discovery in this matter.

## COUNTERCLAIMS AGAINST L.B.

## COUNTERCLAIM AGAINST L.B. FOR NEGLIGENT SUPERVISION

Clarkstown Defendants, by way of Counterclaim against L.B., allege and say:

1. · As the father and sole guardian of the unemancipated minor A.B., L.B. was in the best position to know the limitations and capabilities of his own child.

2. As the father of A.B., L.B. had a duty to supervise A.B.'s activities to ensure her safety and well-being.

3. L.B. wantonly and recklessly disregarded his parental duty by repeatedly permitting his underage daughter to sleep at Mr. Staropoli's home for weeks at a time, unsupervised, beginning in the summer of 2002, when A.B. was only 13 years old, and continuing even after Mr. Staropoli was being investigated by a child welfare agency for criminal sexual assault on his daughter in August 2004.

4. L.B. wantonly and recklessly disregarded his parental duty by allowing Mr. Staropoli to pick up A.B. from his home in New Jersey and drive, unsupervised, to various locations where he had improper, sexual relations with his underage daughter.

5. L.B. wantonly and recklessly disgarded his parental duty by failing to supervise his daughter in his own home wherein Mr. Staropoli had improper sexual relations with A.B. on numerous occasions in 2004.

6. L.B.'s severe lack of parental supervision of his underage daughter rose to the level of willful and wanton misconduct.

7. Given L.B.'s severe lack of parental supervision, as well as the inordinate amount of time Mr. Staropoli was spending with his underage daughter, it was foreseeable, and L.B.

- 17 -

should have known, that improper sexual relations were occurring between A.B. and Mr. Staropoli.

8.     L.B.'s severe lack of parental supervision proximately caused the plaintiffs' alleged financial, medical and psychological damages.

WHEREFORE, the Clarkstown Defendants demand:

a.     Judgment against plaintiff L.B. for any and all damages alleged by plaintiffs;

b.     Attorneys fees and costs; and

c.     Any other relief the Court may deem just and proper.

## COUNTERCLAIM AGAINST L.B. FOR CONTRIBUTION

Clarkstown Defendants, by way of counterclaim for contribution against L.B., allege and say:

1.     Clarkstown Defendants deny any and all legal liability and responsibility for the acts alleged in the Complaint.

2.     If Clarkstown Defendants should be found liable to plaintiffs, which liability is denied, Clarkstown Defendants assert that L.B. is a joint tortfeasor with respect to any loss, liability or expense on account of plaintiffs' demand for judgment.

WHEREFORE, Clarkstown Defendants demand judgment for contribution against L.B. herein pursuant to and in accordance with the provisions of the Joint Tortfeasors Act, N.J.S.A. 2A:53A-1 et seq. and the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.

- 18 -

## COUNTERCLAIM AGAINST L.B. FOR INDEMNIFICATION

Clarkstown Defendants, by way of crossclaim for indemnification against L.B., allege and say:

1.    Clarkstown Defendants deny any and all legal liability and responsibility for the acts alleged in the Complaint.

2.    If Clarkstown Defendants should be found liable to plaintiffs herein, which liability is denied, said liability will only be secondary, passive, technical, vicarious, or imputed and the liability of L.B. is active, direct and primary.

WHEREFORE, Clarkstown Defendants demand judgment against L.B. for indemnification in full with respect to any damages which may be recovered against the Clarkstown Defendants, by plaintiffs herein together with interest and costs of suit.

## CROSSCLAIMS

## CROSSCLAIM FOR CONTRIBUTION

Clarkstown Defendants, by way of crossclaim for contribution against all co-defendants, allege and say:

1.    Clarkstown Defendants deny any and all legal liability and responsibility for the acts alleged in the Complaint.

2.    If Clarkstown Defendants should be found liable to plaintiffs, which liability is denied, Clarkstown Defendants assert that all co-defendants herein are joint tortfeasors with respect to any loss, liability or expense on account of plaintiffs' demand for judgment.

- 19 -

702079.1

WHEREFORE, Clarkstown Defendants demand judgment for contribution against all codefendants herein pursuant to and in accordance with the provisions of the Joint Tortfeasors Act, N.J.S.A. 2A:53A-1 et seq. and the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.

## CROSSCLAIM FOR INDEMNIFICATION

Clarkstown Defendants, by way of crossclaim for indemnification against co-defendants, allege and say:

1. Clarkstown Defendants deny any and all legal liability and responsibility for the acts alleged in the Complaint.

2. If Clarkstown Defendants should be found liable to plaintiffs herein, which liability is denied, said liability will only be secondary, passive, technical, vicarious, or imputed and the liability of all codefendants herein named or to be named in the future is active, direct and primary.

WHEREFORE, Clarkstown Defendants demand judgment against co-defendants herein now named or which may be named in the future for indemnification in full with respect to any damages which may be recovered against the Clarkstown Defendants, by plaintiffs herein together with interest and costs of suit.

## DEMAND FOR STATEMENT OF DAMAGES

Clarkstown Defendants demand that Plaintiffs furnish a written statement and itemization of the amount of damages they claim in this lawsuit within five days of the date hereof.

- 20 -

702079.1

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Clarkstown Defendants hereby demand a trial by jury to all matters pleaded so triable in this matter.

**DESIGNATION OF TRIAL COUNSEL**

James Crawford Orr, Esq. and Susan Karlovich, Esq. are hereby designated as trial counsel.

**CERTIFICATION OF NO OTHER PENDING ACTION OR ARBITRATION**

Pursuant to L. Civ. R. 11.2, I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or contemplated action or arbitration proceeding, other than the criminal actions entitled <u>The People of the State of New York v. Mark Staropoli</u>, Indictment No.: 2055-33 and <u>State of New Jersey v. Mark Staropoli</u>, Indictment No.: 05-000093. In addition, I am unaware of any additional or indispensable parties who should be joined in this action at this time.

> WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
> Attorneys for Defendants Clarkstown Soccer Club, Board Members
> and Employees of the Clarkstown Soccer Club, Nicholas Arcuri
> and Margaret Turrin

By: _____
James Crawford Orr, Esq. (1870)

Dated: March 10 , 2008

- 21 -

## CERTIFICATION OF ELECTRONIC FILING AND MAILING

I, Susan Karlovich, the undersigned, certify that a true copy of the within Answer to the

Complaint and Civil Cover Sheet was electronically filed with the United States District Court,

District of New Jersey in Trenton, New Jersey on this date and that copies were also delivered

via regular mail to known counsel at their respective office addresses as follows:

Michael R. Ascher, Esq.
Einhorn, Harris, Ascher, Barbarito,
    Frost & Ironson, PC
165 E. Main Street
P.O. Box 3010
Denville, New Jersey 07834-3010
Attorneys for Plaintiffs

Joseph S. Accardi, Esq.
Accardi & Mirda, Esq.
570 W. Mt. Pleasant Avenue
Livingston, New Jersey 07039
Attorneys for Robert Walkley

Jack T. Spinella, Esq.
Nicoll Davis & Spinella LLP
95 Route 17 South
Paramus, New Jersey 07652
Attorneys for Paula Staropoli

Alan S. Goldberger, Esq.
Goldberger & Goldberger
1373 Broad Street
P.O. Box 447
Clifton, New Jersey 07015
Attorneys for Robert Walkley &
    Direct Kick Soccer

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
33 Washington Street, 18th fl.
Newark, New Jersey 07102

By: _____ ]
      Susan Karlovich (9485)

Dated: March 10 , 2008

- 22 -

702079.1

CIVIL COVER SHEET

of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initialing the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

A.B. and L.B., individually

## DEFENDANTS

CLARKSTOWN SOCCER CLUB, BOARD MEMBERS AND EMPLOYEES OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI and MARGARET TURRIN, Defendants, Counterclaimants & Crossclaimants

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Morris COUNTY, New Jersey

(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  ROCKLAND COUNTY, NEW YORK
(IN U.S. PLAINTIFF CASES ONLY)
NOTE.:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INIVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael R. Ascher, Esq.
Einhhorn, Harris, Ascher, Barbarito,
Frost & Ironson, P.C.
Denville, NJ  07834-3010
Attorneys for Plaintiffs
(973) 627-7300

ATTORNEYS (IF KNOWN)

James Crawford Orr, Esq.
Susan Karlovich, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
33 Washington Street, 18th Floor
Newark, New Jersey 07102
(973) 624-0800

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item II)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | x 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | x 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE  FILING AND WRITE A BRIEF STATEMENT OF CAUSE  DO NOT CITE JURISDICTIONAL STATUTES UMESS DIVERSITY)

Plaintiffs allege personal and pecuniary injuries as a result of improper sexual contact between minor plaintiff A.B. and defendant Mark Staropoli, her former soccer coach, formerly affiliated with defendant Clarkstown Soccer Club.  Court has original jurisdiction under diversity 28 USC 1332.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395f) | ☐ 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | xx 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A **CLASS ACTION**   ☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:**   ☒ YES   ☐ NO

## VII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

| Date | SIGNATURE OF ATTORNEY ON RECORD |
|---|---|
| **March 10, 2008** | S/ James Crawford Orr |

UNITED STATES DISTRICT COURT
702647.1

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| _____ : | |
| **A.B., et al.,** : | |
| : | |
| **Plaintiff(s)** : | |
| : | |
| **v.** : | **Civil Action No. 07-6077(KSH)** |
| : | |
| **MARK STAROPOLI, et al.,** : | |
| : | **SCHEDULING ORDER** |
| **Defendant(s)** : | |
| _____ : | |

This matter having come before the Court on its review of the docket; and it appearing that a conference under Fed. R. Civ. P. 16 should be convened;

IT IS THEREFORE ON THIS 10th day of March, 2008,

**ORDERED THAT:**

(1)    A scheduling conference shall be conducted before the Undersigned at **10:30 A.M.** on **April 17, 2008,** in Courtroom 10, U.S. Post Office & Courthouse Bldg., 2 Federal Square, Newark, N.J. See Local Civil Rule 16.1(a)(1);

(2)    Early disclosure requirements of Fed. R. Civ. P. 26 will be enforced. Therefore, the parties shall immediately exchange the information described in Fed. R. Civ. P. 26(a)(1)(A)-(D) without awaiting a discovery request;

(3)    At least fourteen (14) days before the conference scheduled herein, the parties shall confer pursuant to Fed. R. Civ. P. 26(f) and shall submit a discovery plan to the Undersigned not later than 72 hours before the conference with the Court. THE DISCOVERY PLAN SHALL BE IN THE FORM OF THE ATTACHED AND SHALL BE SUBMITTED JOINTLY;

(4)    The parties are directed to Local Civil Rule 26.1(d), which addresses "discovery of digital information including computer-based information," describes the obligations of counsel with regard to their

clients' information management systems, and directs parties to "confer and attempt to agree on computer-based and other digital discovery matters.";

(5)     No formal discovery demands may issue before the conference with the Court.  Unless the parties stipulate otherwise or leave of Court is obtained, the case management order will limit the number of interrogatories, including subparts, to 25 and depositions that each party may seek to 10.  See Fed. R. Civ. P. 26(b), 26(d);

(6)     At the conference, all parties who are not appearing pro se must be represented by counsel who has full authority to bind their clients in all pretrial matters.  Counsel shall also be prepared to discuss the merits of the case and have settlement authority.  Clients or persons with authority over the matter shall be available by telephone.  Local Civil Rule 16.1(a)(3);

(7)      At the conference, the Court will address scheduling of all motions.  No motions may be filed without prior leave of the Court.  If any motions have already been filed, the parties shall immediately advise the Court in writing regarding the nature of the motions and the present status of same;

(8)     Plaintiff(s) shall notify any party who hereafter enters an appearance of the conference scheduled herein and forward to that party a copy of this Order;

(9)     The Court has implemented an electronic case filing system for all documents filed with the Clerk of Court.  Electronic case filing is mandatory for all cases except those involving a pro se litigant.

(10)     To register as an electronic filer, obtain on-line training, and see policies and procedures, contact the Clerk's Office or visit the website at pacer.njd.uscourts.gov.  On-site training is also available and can be arranged by contacting 973-645-4439.  Orders are electronically filed and paper copies will be provided to pro se litigants only.  Registered counsel will be notified via email when an order is filed but are responsible for retrieving and reviewing the Order itself;

(11)     The parties shall advise the Undersigned immediately if this action has been settled or terminated so that the above conference may be cancelled;

(12)     Failure to comply with the terms hereof may result in the imposition of sanctions;

(13)    Absent permission from Chambers, communications to the Court by facsimile is not permitted; and

(14)    All communications to the Court shall be in writing or by telephone conference.


_s/Patty Shwartz_____
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                     |   |                       |
|---------------------|---|-----------------------|
|                     | : | Civil Action No.      |
| Plaintiff(s),       | : |                       |
| v.                  | : |                       |
|                     | : |                       |
| Defendant(s).       | : | JOINT DISCOVERY PLAN  |

1.    For each party, set forth the name of the party, attorney appearing, the firm name, address, e-mail address, telephone number and facsimile number.

_____
_____
_____
_____
_____

_____
_____

2.    (a)  Set forth a brief description of the case, including the facts, causes of action and affirmative defenses asserted.

_____
_____

_____
_____

      (b) Is this a fee-shifting case?

      Yes _____   No _____

_____If so, set forth legal authority.

_____
_____

3.    Has this action been:  Settled_____  Discontinued_____

      If so, has there been a Stipulation/Dismissal filed?

Yes _____ No _____

4.      Have settlement discussions taken place?  Yes _____ No _____

        If so, when?_____
        (a)  What was plaintiff's last demand?

                (1)      Monetary demand:  $_____
                (2)      Non-monetary demand: _____
        (b)  What was defendant's last offer?

                (1)      Monetary offer: $_____
                (2)      Non-monetary offer:_____
_____
5.      Core discovery needed to be able to discuss settlement in a meaningful way:

        _____
_____

_____


6.      The parties [have _____ -have not _____] exchanged the information required by Fed. R.Civ. P.
        26(a)(1).  If not, state the reason.

        _____

_____
_____


7.      Explain any problems in connection with completing the disclosures required by Fed. R.Civ. P.
        26(a)(1).

        _____
_____
_____
_____


8.      The parties [have _____ -have not _____] conducted discovery other than the above disclosures.  If
        so, describe.

        _____
_____

_____


9.      The parties [have _____ -have not _____] met pursuant to Fed. R. Civ. P. 26(f).

        (a)  If not, state the reason therefor.

        _____
_____
_____

(b)  If so, state the date of the meeting and the persons in attendance.

_____
_____
_____

(c)  If this is not a joint plan, set forth the reason.

_____
_____

10.    (a)    Discovery is needed on the following subjects:

_____
_____
_____

(b)    Discovery [should _____ -should not _____] be conducted in phases or be limited to particular issues.  If phased discovery is proposed, set forth the reason.

_____
_____

(c)    Maximum of _____ interrogatories by each party to each other party.

(d)    Maximum of _____ depositions to be taken by each party.

(e)    Fact discovery to be completed by _____.

(f)    Motions to amend or to add parties to be filed by _____.

(g)    Plaintiff's expert report (if needed) due on _____.

(h)    Defendant's expert report (if needed) due on _____.

(i)    Expert depositions to be completed by _____.  (If there is a need for a liability expert and it is necessary to defer the completion of expert discovery beyond this deadline, set forth the reason.)

(j)    Dispositive motions to be served within _____ days of completion of discovery.

(k)    Set forth any special discovery mechanism or procedure requested, including data preservation orders or discovery confidentiality orders: _____
_____.

(l)    The settlement pretrial conference may take place on _____.

(m)    The final conference may take place on _____.

11.    Do you anticipate any discovery issues, challenges or problems?  Yes _____ No _____

If so, explain.

_____
_____
_____
_____

12. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions; foreign evidence collection; problems with out-of-state witnesses or documents, etc.)?  Yes _____ No _____

   If so, explain.

_____
_____
_____
_____
_____

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure.  If not presently appropriate, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

_____
_____
_____

14. Is this trial appropriate for bifurcation?  Yes _____ No _____

15. We [do _____ do not _____] consent to the trial being conducted by a Magistrate Judge.


_____     _____
Attorneys for Plaintiff(s)                                         Date


_____     _____
Attorneys for Defendant(s)                                        Date

## ALTERNATIVE DISPUTE RESOLUTION
## IN THE
## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Mediation is the Alternative Dispute Resolution ( "ADR") program in this Court. Mediation is governed by Local Civil Rule 301.1. The mediation program under this rule is supervised by a judicial officer (at present United States Magistrate Judge Madeline Cox Arleo) who is available to answer any questions about the program.

Any district judge or magistrate judge may refer a civil action to mediation. This may be done without the consent of the parties. However, the Court encourages parties to confer among themselves and consent to mediation. Moreover, you are reminded that, when counsel confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26.1, one of the topics that <u>must</u> be addressed is the eligibility of a civil action for participation in ADR.

A civil action may be referred to mediation at any time. However, one of the advantages of mediation is that, if successful, it enables parties to avoid the time and expense of discovery and trial. Accordingly, the Court encourages parties to consent to mediation prior to or at the time that automatic disclosures are made pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

If parties consent to mediation, they may choose a mediator either from the list of certified mediators maintained by the Court or by the selection of a private mediator. If a civil action is referred to mediation without consent of the parties, the judicial officer responsible for supervision of the program will select the mediator.

Mediation is non-judgmental. The role of the mediator is to assist the parties in reaching a resolution of their dispute. The parties may confer with the mediator on an <u>ex parte</u> basis. Anything said to the mediator will be deemed to be confidential and will not be revealed to another party or to others without the party's consent. The first six hours of a mediator's time is free. The mediator's hourly rate thereafter is $150.00, which is borne equally by the parties.

If you would like further information with regard to the mediation program please review the Guidelines for Mediation, which are available on the Court's Web Site "pacer.njd.uscourts.gov" and appear as Appendix Q to the Local Civil Rules. You may also make inquiries of the judicial officer responsible for supervision of the program.

**Civil actions in which there are *pro se* parties (incarcerated or not) are not eligible for mediation.**

DNJ-Med-001 Rev. (10/00)

RECEIVED-CLERK
U.S. DISTRICT COURT

2008 MAR 10  P 2: 50

ALAN S. GOLDBERGER
GOLDBERGER & GOLDBERGER
1373 Broad Street
P.O. Box 447
Clifton, New Jersey 07015
(973) 471-9200
Attorneys for Defendant
ROBERT WALKLEY, individually and t/a "Direct Kick Soccer," incorrectly denominated in the
Complaint as "Direct Kick Soccer"

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.B. and L.B., individually,<br><br>Plaintiffs,<br><br>vs.<br><br>MARK STAROPOLI, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS OF EMPLOYEES OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, MARGARET TURRIN, DIRECT KICK SOCCER, ROBERT WALKLEY, JOHN DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), JANE DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), and RICHARD ROES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended),<br><br>Defendants. | CASE NO. 2:07-cv-6077-KSH-PS<br><br>CIVIL ACTION<br><br>STIPULATION FOR SUBSTITUTION OF ATTORNEYS |

It is hereby stipulated and consented that Alan S. Goldberger, Esq., of Goldberger &

Goldberger, of 1373 Broad Street, P.O. Box 447, Clifton, New Jersey 07015-0447, be and hereby

is substituted in place and instead of Accardi & Mirda, PC, Attorneys at Law, of 570 W. Mt.

Pleasant Avenue, Livingston, New Jersey 07039, as attorneys for the defendant Robert Walkley,

individually and t/a "Direct Kick Soccer," incorrectly denominated in the Complaint as "Direct

Kick Soccer" in this action and that this substitution be entered into effect without further notice.

Dated:  February 26, 2008

GOLDBERGER & GOLDBERGER              ACCARDI & MIRDA

By: _____          By: _____
    ALAN S. GOLDBERGER                  JOSEPH S. ACCARDI
    Superseding Attorney(s)             Withdrawing Attorney(s)

ALAN S. GOLDBERGER
GOLDBERGER & GOLDBERGER
1373 Broad Street
P.O. Box 447
Clifton, New Jersey 07015
(973) 471-9200
Attorneys for Defendant
ROBERT WALKLEY, individually and t/a "Direct Kick Soccer,"
incorrectly denominated in the Complaint as "Direct Kick Soccer"
5100-0774

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.B. and L.B., individually, | CASE NO. 2:07-cv-6077-KSH-PS |
| Plaintiffs, | |
| vs. | CIVIL ACTION |
| MARK STAROPOLI, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS OF EMPLOYEES OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, MARGARET TURRIN, DIRECT KICK SOCCER, ROBERT WALKLEY, JOHN DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), JANE DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), and RICHARD ROES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), | AMENDED ANSWER and CLAIM FOR CONTRIBUTION AND INDEMNIFICATION, REQUEST FOR STATEMENT OF DAMAGES, DESIGNATION OF TRIAL COUNSEL AND DEMAND FOR TRIAL BY JURY |
| | FILED ELECTRONICALLY |
| Defendants. | |

Defendant, Robert Walkley, individually and t/a "Direct Kick Soccer," incorrectly

denominated in the Complaint as "Direct Kick Soccer," by way of Answer to the Complaint,

says:

## ANSWER AS TO STATEMENT OF THE PARTIES

1.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9.      Answering Defendant denies the allegations contained in Paragraph 9.

10.     It is admitted that answering Defendant resides at 72 Roosevelt Avenue, Pearl River, New York and traded as "Direct Kick Soccer."  The remaining allegations of Paragraph 10 are denied.

11.     Answering Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 11.

12.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

### ANSWER AS TO STATEMENT OF JURISDICTION

14.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

### ANSWER AS TO STATEMENT OF VENUE

16.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16; to the extent that the Paragraph recites that the venue of the within case properly lies in the District of New Jersey, same is a conclusion of law and no answer is made with respect thereto.

### ANSWER AS TO STATEMENT OF FACTS

17.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

### ANSWER AS TO SEXUAL ACTS OCCURRING IN THE STATE OF NEW YORK

19.     Answering Defendant is without knowledge or information sufficient to form a

3

belief as to the truth of the allegations contained in Paragraph 19.

20.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29.     Denies acknowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30.     Answering Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 30.

31.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36.     Denies acknowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

38.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

39.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

40.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41.     Answering Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 41.

42.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

## ANSWER AS TO SEXUAL ACTS OCCURRING IN THE STATE OF NEW JERSEY

43.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

44.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.

46.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.

47.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.

48.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48.

49.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49.

50.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50.

51.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51.

52.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52.

53.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53.

54.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54.

55.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55.

## ANSWER AS TO SEXUAL ACTS OCCURRING IN OTHER STATES

56.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.

57.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57.

## ANSWER AS TO SEXUAL ACTS OCCURRING OUTSIDE OF THE UNITED STATES

58.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58.

## ANSWER AS TO LEGAL ALLEGATIONS

## ANSWER TO FIRST CAUSE OF ACTION

59.     Answering Defendant repeats and realleges each and every answer to the allegations of Paragraphs 1 through 58 as though set forth herein at length.

60.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60.

61.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61.

62.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62.

63.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63.

64.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64.

65.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65.

## ANSWER TO SECOND CAUSE OF ACTION

66.     Answering Defendant repeats and realleges each and every answer to the allegations of the First Cause of Action as though set forth herein at length.

67.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67.

68.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68.

69.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69.

70.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70.

71.     Answering Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 71.

72.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72.

## ANSWER TO THIRD CAUSE OF ACTION

73.     Answering Defendant repeats and realleges each and every answer to the allegations of the First and Second Cause of Action as though set forth herein at length.

74.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74.

75.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75.

76.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76.

77.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77.

78.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78.

79.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79.

## ANSWER TO FOURTH CAUSE OF ACTION

80.     Answering Defendant repeats and realleges each and every answer to the allegations of the First through Third Cause of Action as though set forth herein at length.

81.     Answering Defendant is without knowledge or information sufficient to form a

9

belief as to the truth of the allegations contained in Paragraph 81.

82.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82.

83.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83.

84.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84.

85.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85.

86.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86.

## ANSWER TO FIFTH CAUSE OF ACTION

87.     Answering Defendant repeats and realleges each and every answer to the allegations of the First through Fourth Cause of Action as though set forth herein at length.

88.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88.

89.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89.

90.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90.

91.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91.

## ANSWER TO SIXTH CAUSE OF ACTION

92.     Answering Defendant repeats and realleges each and every answer to the allegations of the First through Fifth Cause of Action as though set forth herein at length.

93.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93.

94.     The allegations contained in Paragraph 94 which may be deemed directed against answering Defendant are denied.

95.     The allegations contained in Paragraph 95 are not directed against answering Defendant and therefore no answer is made thereto except to deny any such allegations which may be deemed directed against answering Defendant.

## ANSWER TO SEVENTH CAUSE OF ACTION

96.     Answering Defendant repeats and realleges each and every answer to the allegations of the First through Sixth Cause of Action as though set forth herein at length.

97.     Answering Defendant denies the allegations contained in Paragraph 97.

98.     Answering Defendant denies the allegations contained in Paragraph 98.

99.     Answering Defendant denies the allegations contained in Paragraph 99.

100.    Answering Defendant denies the allegations contained in Paragraph 100

101.    Answering Defendant denies the allegations contained in Paragraph 101.

102.    Answering Defendant denies the allegations contained in Paragraph 102.

## ANSWER TO EIGHTH CAUSE OF ACTION

103.    Answering Defendant repeats and realleges each and every answer to the allegations of the First through Seventh Cause of Action as though set forth herein at length.

104.     The allegations contained in Paragraph 104 are not directed against answering Defendant and therefore no answer is made thereto except to deny any such allegations which may be deemed directed against answering Defendant.

105.     The allegations contained in Paragraph 105 are not directed against answering Defendant and therefore no answer is made thereto except to deny any such allegations which may be deemed directed against answering Defendant.

106.     The allegations contained in Paragraph 106 are not directed against answering Defendant and therefore no answer is made thereto except to deny any such allegations which may be deemed directed against answering Defendant.

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE

Answering Defendant was not guilty of any negligence.

## THIRD SEPARATE DEFENSE

Any damages suffered by the Plaintiffs were caused directly, proximately and solely by the negligence of third-persons beyond the control of answering Defendant.

## FOURTH SEPARATE DEFENSE

Any damages sustained by the Plaintiffs were the result of an independent cause beyond the control of answering Defendant.

## FIFTH SEPARATE DEFENSE

Answering Defendant asserts entitlement to a credit or set off with respect to all collateral payments to Plaintiffs for injuries.

## SIXTH SEPARATE DEFENSE

Plaintiffs are barred from recovery and have waived all rights thereto by reason of Plaintiffs' carelessness and contributory negligence.

## SEVENTH SEPARATE DEFENSE

Answering Defendant breached no warranties, oral or written, express or implied to Plaintiffs.

## EIGHTH SEPARATE DEFENSE

Answering Defendant violated no duty to Plaintiffs.

## NINTH SEPARATE DEFENSE

Any damages sustained by Plaintiffs were occasioned by Plaintiffs' own acts and/or omissions.

## TENTH SEPARATE DEFENSE

Answering Defendant further asserts that Plaintiffs' claims are barred by the doctrine of "avoidable consequences" and "mitigation" in that Plaintiffs and/or others could have and therefore should have taken action to minimize or preclude and avoid any claims and causes of action or alleged injuries and damages and failed to do so.

## ELEVENTH SEPARATE DEFENSE

The negligence of the Plaintiffs were greater than the negligence of answering Defendant, which negligence is denied, and such negligence of the Plaintiffs were a substantial factor in causing the incidents, personal injuries, and damages about which Plaintiffs now complain and, therefore, Plaintiffs are barred from recovery by virtue of N.J.S.A. 2A:15-5.1 et seq.

## TWELFTH SEPARATE DEFENSE

13

Plaintiffs' recovery for personal injuries and/or damages shall be diminished by the percentage of the total negligence attributable to Plaintiffs under the provisions N.J.S.A. 2A:15-5-1 et seq.

### THIRTEENTH SEPARATE DEFENSE

Answering Defendant is immune from tort liability pursuant to N.J.S.A. 2A:62A-6 et seq.

### FOURTEENTH SEPARATE DEFENSE

The Amended Complaint is barred by insufficiency of process.

### FIFTEENTH SEPARATE DEFENSE

The Amended Complaint is barred by insufficiency of service of process.

### SIXTEENTH SEPARATE DEFENSE

The claim is barred by reason of lack of privity.

### SEVENTEENTH SEPARATE DEFENSE

The claim is barred by reason of lack of jurisdiction over subject matter.

### EIGHTEENTH SEPARATE DEFENSE

The claim is barred by reason of lack of jurisdiction over the person of the Defendant(s).

### NINETEENTH SEPARATE DEFENSE

Any damages suffered by the Plaintiffs were caused directly, proximately, and solely by the intentional, criminal acts of third persons beyond the control of answering Defendant.

### TWENTIETH SEPARATE DEFENSE

The complaint is barred by reason of failure to join an indispensable party.

14

## TWENTY-FIRST SEPARATE DEFENSE

Some or all of Plaintiffs' claims against answering Defendant are or may be barred in whole or in part by applicable statutes of limitation.

## TWENTY-SECOND SEPARATE DEFENSE

The complaint is barred by the Entire Controversy Doctrine.

## TWENTY-THIRD SEPARATE DEFENSE

Answering Defendant reserves the right to amend the within pleading and to interpose such other affirmative defenses and claims as necessary or appropriate subject to continuing investigation and discovery in the within matter.

**WHEREFORE,** Defendant, Robert Walkley, individually and t/a "Direct Kick Soccer," prays that the Court (1.) dismiss the Complaint with prejudice; (2.) award Answering Defendant its costs of suit; and (3.) Award to Answering Defendant such further relief as the Court deems just and proper.

## ANSWER TO CROSS-CLAIMS

Defendant by way of answer to the Cross-Claims of co-Defendants herein says:

Answering Defendant denies each and every allegation set forth in the Cross-Claims asserted by all co-Defendants.

## CROSS-CLAIMS FOR CONTRIBUTION

While denying any negligence, Answering Defendant hereby asserts Cross-Claims for contribution against all co-Defendants pursuant to the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 et seq. and R. 4:7-5(b).

**WHEREFORE,** Defendant, Robert Walkley, individually and t/a "Direct Kick Soccer,"

demands judgment for contribution against all co-defendants herein pursuant to the New Jersey

Joint Tortfeasors Contribution Act and the New Jersey Comparative Negligence Act**.**

## CROSS-CLAIMS FOR INDEMNIFICATION

Answering Defendant asserts that he is entitled to be indemnified and saved harmless

from all loss or liability, including attorneys' fees and defense costs arising from the instant

litigation, by the co-Defendants herein, pursuant to express and implied agreements and pursuant

to common law and states that its tortious wrongdoing, if any, was secondary, imputed and

vicarious and that the tortious wrongdoing, if any, of the co-Defendants herein are the primary,

active and direct cause of the delict and damages alleged by the Plaintiffs.  Answering Defendant

further asserts that the co-Defendants have breached other diverse express and implied

contractual obligations which breach(s) caused or contributed to the delict stated by Plaintiffs

and which have or will result in loss or damage to answering Defendant in an amount equal to

the loss or damage stated by Plaintiffs together with costs, interest and attorneys' fees.

Answering Defendant demands judgment against the co-Defendants in said amount.

WHEREFORE, Defendant, Robert Walkley, individually and t/a "Direct Kick Soccer,"

demands judgment against co-defendants herein for any damages which may be awarded against

Answering Defendant, together with interest, costs of suit and such further relief as the Court

deems just and proper.

## JURY DEMAND

Answering Defendant demands a trial by jury as to all issues.

## REQUEST FOR STATEMENT OF DAMAGES

Pursuant to Rule L.Civ.R. 8.1, answering Defendant hereby demands of the Plaintiffs a specific statement of the amount of money damages claimed on each count of the Complaint.

**DESIGNATION OF TRIAL COUNSEL**

Answering Defendant Robert Walkley hereby designates Alan S. Goldberger trial counsel in the within matter.

> GOLDBERGER & GOLDBERGER
> Attorneys for Defendant
> Robert Walkley, individually
> and t/a "Direct Kick Soccer"
>
>
> s/ Alan S. Goldberger
> ALAN S. GOLDBERGER

Dated: March 13, 2008

**CERTIFICATION PURSUANT TO L.CIV.R. 11.2**

I certify, to the best of my knowledge, this matter is not the subject of any other civil action pending in any court or of any pending arbitration or administrative proceeding other than, on information and belief, criminal matters in the States of New Jersey and New York, respectively, entitled the People of the State of New York v. Mark Staropoli, Indictment No: 2005-33 and in the State of New Jersey v. Mark Staropoli, Indictment No: 05-00093.

> s/ Alan S. Goldberger
> ALAN S. GOLDBERGER

Dated: March 13, 2008

17

ALAN S. GOLDBERGER
GOLDBERGER & GOLDBERGER
1373 Broad Street
P.O. Box 447
Clifton, New Jersey 07015
(973) 471-9200
Attorneys for Defendant
ROBERT WALKLEY, individually and t/a "Direct Kick Soccer,"
incorrectly denominated in the Complaint as "Direct Kick Soccer"
5100-0774

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.B. and L.B., individually, | CASE NO. 2:07-cv-6077-KSH-PS |
| Plaintiffs, | |
| vs. | CIVIL ACTION |
| MARK STAROPOLI, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS OF EMPLOYEES OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, MARGARET TURRIN, DIRECT KICK SOCCER, ROBERT WALKLEY, JOHN DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), JANE DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), and RICHARD ROES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), | **CERTIFICATION OF ELECTRONIC FILING AND MAILING** |
| Defendants. | |

I, Alan S. Goldberger, the undersigned, hereby certify that a true copy of the within

Amended Answer to the Complaint was electronically filed with the United States District Court,

District of New Jersey in Newark, New Jersey on this date and that copies were also delivered

via regular mail to known counsel at their respective office addresses as follows:

Michael R. Ascher, Esq.
Einhorn, Harris, Ascher, Barbarito & Frost P.C.
165 East Main Street
P.O. Box 3010
Denville, NJ 07834
Attorneys for Plaintiffs

Joseph S. Accardi, Esq.
Accardi & Mirda, Esqs.
570 West Mt. Pleasant Avenue
P.O. Box 404
Livingston, NJ 07039

Jack T. Spinella, Esq.
Nicoll, Davis & Spinella, LLP
95 Route 17 South, Suite 203
Paramus, NJ 07652
Attorneys for Defendant Paula Staropoli

Susan Karlovich, Esq.
Wilson, Elser, Moskowitz, Edelman,
Dicker, LLP
33 Washington Street, 18th Floor
Newark, NJ 07102
Attorneys for Defendants
Clarkstown Soccer Club, Board Members
of Employees of the Clarkstown Soccer
Club, Nicholas Arcuri, Margaret Turrin

s/ Alan S. Goldberger
ALAN S. GOLDBERGER

Dated: March 13, 2008

2

NICOLL DAVIS & SPINELLA LLP
95 Route 17 South
Paramus, New Jersey 07652
(201) 712-1616
Attorneys for Defendant, Paula Staropoli

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.B. and L.B., individually, | |
| Plaintiff, | Civil Action Number**:** 2:07-cv-6077 |
| v. | |
| MARK STAROPOLI, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS OF EMPLOYERS OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, MARGARET TURRIN, DIRECT KICK SOCCER, ROBERT WALKLEY, JOHN DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), JANE DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), and RICHARD ROES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), | **ANSWER AND CROSS CLAIMS** |
| Defendants. | |

Defendant, Paula Staropoli (the "Defendant"), by and through her attorneys, in response to the allegations of Plaintiffs, A.B. and L.B. (the "Plaintiffs") in the Complaint, herein say as follows:

### STATEMENT OF THE PARTIES

1.     Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.      Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.      Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

5.      Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.      Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.      Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.      Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.      Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 13 of the Complaint.

## STATEMENT OF JURISDICTION

14.     Defendant cannot answer the allegations of paragraph 14, as paragraph 14 requires a legal conclusion.  To the extent that any of the allegations are intended to be allegations of fact, Defendant denies said allegations contained in paragraph and all its subparts.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

## STATEMENT OF VENUE

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

## STATEMENT OF FACTS

17.     Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 18 of the Complaint.

## SEXUAL ACTS OCCURRING IN THE STATE OF NEW YORK

19.     Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     Admit that Plaintiff A.B. stayed at the Staropoli home occupied by Mark Staropoli and Paula Staropoli, however, Defendant is without sufficient information to form an opinion as to the truth of the remaining allegations in Paragraph 21 of the Complaint.

22.    Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.    Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24.    Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25.    Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.    Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27.    Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28.    Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29.    Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30.    Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31.    Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32.    Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33.    Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.    Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35.    Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36.    Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.    Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38.    Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39.    Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40.    Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41.    Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42.    Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 42 of the Complaint.

## SEXUAL ACTS OCCURRING IN THE STATE OF NEW JERSEY

43.    Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45.     Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46.     Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47.     Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 55 of the Complaint.

## SEXUAL ACTS OCCURRING IN OTHER STATES

56.     Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57.     Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 57 of the Complaint.

## SEXUAL ACTS OCCURRING OUTSIDE OF UNITED STATES

58.     Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in sentences one and three of Paragraph 58 of the Complaint. Defendant denies that she chaperoned any team at any time.

## LEGAL ALLEGATIONS

## FIRST CAUSE OF ACTION

59.     Defendant repeats and realleges her answers to each and every allegation contained in Paragraphs 1 through 58 of the Complaint, as if fully set forth at length herein.

60.     Defendant makes no response to the allegations contained in Paragraph 60, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

61.     Defendant makes no response to the allegations contained in Paragraph 61, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

62.     Defendant makes no response to the allegations contained in Paragraph 62, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

63.     Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.     Defendant makes no response to the allegations contained in Paragraph 64, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

65.     Defendant makes no response to the allegations contained in Paragraph 65, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

**SECOND CAUSE OF ACTION**

66.     Defendant repeats and realleges her answers to each and every allegation contained in Paragraphs 1 through 65 of the Complaint, as if fully set forth at length herein.

67.     Defendant makes no response to the allegations contained in Paragraph 67, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

68.     Defendant makes no response to the allegations contained in Paragraph 68, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

69.     Defendant makes no response to the allegations contained in Paragraph 69, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

70.     Defendant makes no response to the allegations contained in Paragraph 70, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

71.     Defendant makes no response to the allegations contained in Paragraph 71, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

72.     Defendant makes no response to the allegations contained in Paragraph 72, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

## THIRD CAUSE OF ACTION

73.     Defendant repeats and realleges her answers to each and every allegation contained in Paragraphs 1 through 72 of the Complaint, as if fully set forth at length herein.

74.     Admit that Defendant is the wife of defendant Mark Staropoli but deny the remaining allegations of Paragraph 74 of the Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76.     Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.     Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.     Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79.     Defendant makes no response to the allegations contained in Paragraph 79, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

## **FOURTH CAUSE OF ACTION**

80.     Defendant repeats and realleges her answers to each and every allegation contained in Paragraphs 1 through 79 of the Complaint, as if fully set forth at length herein.

81.     Defendant makes no response to the allegations contained in Paragraph 81, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

82.     Defendant makes no response to the allegations contained in Paragraph 82, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

83.     Defendant makes no response to the allegations contained in Paragraph 83, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

84.     Defendant makes no response to the allegations contained in Paragraph 84, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

85.     Defendant makes no response to the allegations contained in Paragraph 85, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

86.     Defendant makes no response to the allegations contained in Paragraph 86, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

**FIFTH CAUSE OF ACTION**

87.  Defendant repeats and realleges her answers to each and every allegation contained in Paragraphs 1 through 86 of the Complaint, as if fully set forth at length herein.

88.  Defendant makes no response to the allegations contained in Paragraph 88, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

89.  Defendant makes no response to the allegations contained in Paragraph 89, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

90.  Defendant makes no response to the allegations contained in Paragraph 90, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

91.  Defendant makes no response to the allegations contained in Paragraph 91, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

**SIXTH CAUSE OF ACTION**

92.  Defendant repeats and realleges her answers to each and every allegation contained in Paragraphs 1 through 91 of the Complaint, as if fully set forth at length herein.

93.  Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94.  Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95.  Defendant denies the allegations contained in Paragraph 95 of the Complaint.

**SEVENTH CAUSE OF ACTION**

96.     Defendant repeats and realleges her answers to each and every allegation contained in Paragraphs 1 through 95 of the Complaint, as if fully set forth at length herein.

97.     Defendant makes no response to the allegations contained in Paragraph 97, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

98.     Defendant makes no response to the allegations contained in Paragraph 98, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

99.     Defendant makes no response to the allegations contained in Paragraph 99, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

100.    Defendant makes no response to the allegations contained in Paragraph 100, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

101.    Defendant makes no response to the allegations contained in Paragraph 101, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

102.    Defendant makes no response to the allegations contained in Paragraph 102, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

## EIGHTH CAUSE OF ACTION

103.     Defendant repeats and realleges her answers to each and every allegation contained in Paragraphs 1 through 102 of the Complaint, as if fully set forth at length herein.

104.     Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105.     Defendant makes no response to the allegations contained in Paragraph 105, as those allegations are not directed to her.  To the extent that said allegations may be construed to be directed to her, such allegations are denied.

106.     Defendant denies the allegations contained in Paragraph 106 of the Complaint.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiffs are guilty of comparative negligence which negligence is greater than that of Defendant, and Plaintiffs are therefore barred from recovery.

### SECOND SEPARATE DEFENSE

The Plaintiffs are barred by provisions of the applicable Statute of Limitations.

### THIRD SEPARATE DEFENSE

The Plaintiffs fail to state a claim against the Defendant upon which relief may be granted.

### FOURTH SEPARATE DEFENSE

The Plaintiffs are barred by virtue of the Doctrine of Estoppel, the Doctrine of Laches and the Doctrine of Waiver.

### FIFTH SEPARATE DEFENSE

The Plaintiffs' Complaint is barred by the Doctrine of Unforeseeability.

### SIXTH SEPARATE DEFENSE

The Defendant had no duty to the Plaintiffs at the times and places referred to in the Complaint.

## SEVENTH SEPARATE DEFENSE

Plaintiffs' causes of action are barred by N.J.S. 2A:62a-6.

## EIGHTH SEPARATE DEFENSE

Defendant denies she is guilty of any negligence that was the proximate or producing cause of any injuries, losses or damages alleged to have been sustained by Plaintiffs.

## NINTH SEPARATE DEFENSE

Defendant reserves the right to rely on any affirmative or separate defenses pled by any other party hereto and otherwise pleaded herein, except to the extent that such defenses attempt to impose responsibility or liability upon the Defendant.

## TENTH SEPARATE DEFENSE

Plaintiffs' Complaint is barred due to the Court's lack jurisdiction over the Defendant.

## ELEVENTH SEPARATE DEFENSE

Defendant violated no duty due and owing to the Plaintiffs.

## TWELFTH SEPARATE DEFENSE

The Plaintiffs' Complaint is barred by virtue of their failure to mitigate damages.

## THIRTEENTH SEPARATE DEFENSE

Any injuries, losses or damages alleged to have been sustained by the Plaintiffs were the act or omission of a third person or persons, instrumentality or agency over whom the Defendant had no control.

## FOURTEENTH SEPARATE DEFENSE

Plaintiffs' Complaint is barred by improper venue.

## FIFTEENTH SEPARATE DEFENSE

If it is proven that he Defendant was negligent, which allegations are hereby expressly denied, then Plaintiffs' claims are barred, controlled or limited by Plaintiffs' assumption of the risk.

## SIXTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred pursuant to the Doctrine of Superseding and/or Intervening Cause.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred since Defendant has no actual or constructive notice of the alleged improper conduct by Defendant Mark Staropoli.

## EIGHTEENTH SEPARATE DEFENSE

Plaintiffs' causes of action against the Defendant is barred by N.J.S. 2A:53A-7.1.

## NINETEENTH SEPARATE DEFENSE

If the Plaintiffs suffered any injuries alleged, they were caused solely and primarily by Plaintiffs own consent, carelessness, recklessness, negligence and/or contributory negligence.

## TWENTYEETH SEPARATE DEFENSE

Defendant reserves the right to interpose such other defenses as it may deem appropriate through continuing discovery of this matter.

## COUNTERCLAIMS AGAINST L.B.

## COUNTERCLAIM AGAINST L.B. FOR NEGLIGENT SUPERVISION

Defendant, by way of Counterclaim against L.B., allege and say:

1.      As the father and sole guardian of the unemancipated minor A.B., L.B. was in the best position to know the limitations and capabilities of his own child.

2.      As the father of A.B., L.B. had a duty to supervise A.B.'s activates to ensure her safety and well-being.

3.      L.B. wantonly and recklessly disregarded his parental duty by repeatedly permitting his underage daughter to sleep at Mr. Staropoli's home for weeks at a time, unsupervised, beginning in the summer of 2002, when A.B. was only 13 years old, and continuing even after Mr. Staropoli was being investigated by a child welfare agency for criminal sexual assault on his daughter in August 2004.

4.      L.B. wantonly and recklessly disregarded his parental duty by allowing Mr. Staropoli to pick up A.B. form his home in New Jersey and drive, unsupervised, to various locations where he had improper, sexual relations with his underage daughter.

5.      L.B. wantonly and recklessly disregarded his parental duty by failing to supervise his daughter in his own home wherein Mr. Staropoli had improper sexual relations with A.B. on numerous occasions in 2004.

6.      L.B.'s severe lack of parental supervision of his underage daughter rose to the level of willful and wanton misconduct.

7.      Given L.B.'s severe lack of parental supervision, as well as the inordinate amount of time Mr. Staropoli was spending with his underage daughter, it was foreseeable, and L.B. should have known, that improper sexual relations were occurring between A.B. and Mr. Staropoli.

8.      L.B.'s severe lack of parental supervision proximately cause the Plaintiffs' alleged financial, medical and psychological damages.

**WHEREFORE**, the Defendant demand:

a.      Judgment against Plaintiff L.B. for any and all damages alleged by Plaintiffs;

      b.      Attorneys fees and costs; and

      c.      Any other relief the Court may deem just and proper.

## COUNTERCLAIM AGAINST L.B. FOR CONTRIBUTION

Defendant, by way of counterclaim for contribution against L.B., allege and say:

1.      Defendant denies any and all legal liability and responsibility for the acts alleged in the Complaint.

2.      If Defendant should be found liable to Plaintiffs, which liability is denied, Defendant asserts that L.B. is a joint tortfeasor with respect to any loss, liability or expense on account of Plaintiffs' demand for judgment.

**WHEREFORE**, Defendant demands judgment for contribution against L.B. herein pursuant to and in accordance with the provisions of the Joint Tortfeasors Act, <u>N.J.S.A.</u> 2A:53A-1 et seq. and the New Jersey Comparative Negligence Act, <u>N.J.S.A.</u> 2A:15-5.1 et seq.

## COUNTERCLAIM AGAINST L.B. FOR INDEMNIFICATION

Defendant, by way of crossclaim for indemnification against L.B., allege and say:

1.      Defendant denies any and all legal liability and responsibility for the acts alleged in the Complaint.

2.      If Defendant should be found liable to Plaintiffs herein, which liability is denied, said liability will only be secondary, passive, technical, vicarious, or imputed and the liability of L.B. is active, direct and primary.

**WHEREFORE**, Defendant demands judgment against L.B. for indemnification in full with respect to any damages which may be recovered against the Defendant, by Plaintiffs herein together with interest and costs of suit.

## CROSSCLAIMS

## CROSSCLAIM FOR CONTRIBUTION

Defendant, by way of crossclaim for contribution against all co-defendants, allege and say:

1.     Defendant denies any and all legal liability and responsibility for the acts alleged in the Complaint.

2.     If Defendant should be found liable to Plaintiffs, which liability is denied, Defendant asserts that all co-defendants herein are joint tortfeasors with respect to any loss, liability or expense on account of Plaintiffs' demand for judgment.

**WHEREFORE**, Defendant demands judgment for contribution against all co-defendants herein pursuant to and in accordance with the provisions of the Joint Tortfeasors Act, <u>N.J.S.A.</u> 2A:53A-1 et seq. and the New Jersey Comparative Negligence Act, <u>N.J.S.A.</u> 2A:15-5.1 et seq.

## CROSSCLAIM FOR INDEMNIFICATION

Defendant, by way of crossclaim for indemnification against all co-defendants, allege and say:

1.     Defendant denies any and all legal liability and responsibility for the acts alleged in the Complaint.

2.     If Defendant should be found liable to Plaintiffs herein, which liability is denied, said liability will only be secondary, passive, technical, vicarious, or imputed and the liability of all co-defendants herein named or to be named in the future is active, direct and primary.

**WHEREFORE**, Defendant demands judgment against co-defendants herein now named or which may be named in the future for indemnification in full with respect to any damages

which may be recovered against the Defendant, by Plaintiffs herein together with interest and costs of suit.

## DEMAND FOR STATEMENT OF DAMAGES

Defendant demands that Plaintiffs furnish a written statement and itemization of the amount of damages they claim in this lawsuit within five days of the date hereof.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant hereby demands a trial by jury to all matters pleaded so triable in this matter.

## DESIGNATION OF TRIAL COUNSEL

Jack T. Spinella, Esq. is hereby designated as trial counsel.

## CERTIFICATION OF NO OTHER PENDING ACTION OR ARBITRATION

Pursuant to L. Civ. R. 11.2, I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or contemplated action or arbitration proceeding, other than the criminal actions entitled The People of the State of New York v. Mark Staropoli, Indictment No.: 2055-33 and the State of New Jersey v. Mark Staropoli, Indictment No.: 05-000093. In addition, I am unaware of any additional or indispensable parties who should be joined in this action at this time.

NICOLL DAVIS & SPINELLA LLP
Attorneys for Defendant


By:     /s/ Jack T. Spinella_____
        Jack T. Spinella

Dated: March 17, 2008

## <u>CERTIFICATION OF ELECTRONIC FILING AND MAILING</u>

I, Jack T. Spinella, the undersigned, certify that a true copy of the within Answer to the

Complaint and Civil Cover Sheet was electronically filed with the United States District Court,

District of New Jersey in Trenton, New Jersey on this date and I did cause to be served a true and

correct copy of Defendant's Answer via electronic filing on:

Michael R. Ascher, Esq.  
Einhorn, Harris, Ascher, Barbarito,  
Frost & Ironson, PC  
165 E. Main Street  
P.O. Box 3010  
Denville, New Jersey 07834-3010  
Attorneys for Plaintiff

Joseph S. Accardi, Esq.  
Accardi & Mirda, Esq.  
570 W. Mt. Pleasant Avenue  
Livingston, New Jersey 07039  
Attorneys for Robert Walkley

Susan Karlovich, Esq.  
Wilson, Elser, Moskowitz,  
Edelman & Dicker LLP  
33 Washington St., 18th Fl.  
Newark, New Jersey 07102  
Attorneys for Defendants,  
Clarkstown Soccer Club, Board Members  
And Employees of the Clarkstown Soccer Club  
Nicholas Arcuri and Margaret Turrin

Alan S. Goldberger, Esq.  
Goldberger & Goldberger  
1373 Broad Street  
P.O. Box 447  
Clifton, New Jersey 07015  
Attorneys for Robert Walkley & Direct  
Kick Soccer

NICOLL DAVIS & SPINELLA LLP  
Attorneys for Defendant

By:     /s/ Jack T. Spinella_____  
         Jack T. Spinella

Dated:  March 17, 2008

# NICOLL DAVIS & SPINELLA LLP
## ATTORNEYS AT LAW

95 ROUTE 17 SOUTH
SUITE 203
PARAMUS, N.J. 07652
TEL: (201) 712-1616
FAX: (201) 712-9444

250 PARK AVENUE
SUITE 1500
NEW YORK, N.Y. 10177
TEL: (212) 972-0786
FAX: (212) 953-7201

April 4, 2008

**ELECTRONICALLY FILE**
Honorable Patty Shwartz, U.S.M.J.
United States Magistrate Judge
United States District Court for the
District of New Jersey
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:     **A.B. and L.B., individually v. Mark Staropoli, Paula Staropoli, et als.**
        **Civil Action No. 2:07-cv-6077**

Dear Judge Shwartz:

        This office represents defendant, Paula Staropoli ("Defendant") in the above-referenced matter. Defendant, having already raised the affirmative defense of personal jurisdiction in her answer dated March 17, 2008 hereby requests permission to file a motion pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss the plaintiffs' Complaint against Paula Staropoli for lack of personal jurisdiction over Defendant and for such other further relief as the Court deems just and proper. The basis of Defendant's motion is that she is a resident of New York and that the facts of this matter do not support a finding of either specific or general jurisdiction for the Court to exercise personal jurisdiction over her.

        The latest day to file the referenced motion to meet the next scheduled return date is April 11, 2008, and therefore this firm respectfully requests a telephone conference prior to April 11th in order to meet the next available return date for this motion. Should you have any questions or need any additional information, please do not hesitate to contact me.

Respectfully Submitted,

Jack P. Spinella

JTS:jfd
cc:     Michael R. Ascher, Esq. (via electronic file)
        Susan Karlovich, Esq. (via electronic file)
        Alan S. Goldberger, Esq. (via electronic file)

# NICOLL DAVIS & SPINELLA LLP
## ATTORNEYS AT LAW

95 ROUTE 17 SOUTH
SUITE 203
PARAMUS, N.J. 07652
TEL: (201) 712-1616
FAX: (201) 712-9444

250 PARK AVENUE
SUITE 1500
NEW YORK, N.Y 10177
TEL: (212) 972-0786
FAX: (212) 953-7201

April 10, 2008

**ELECTRONICALLY FILE**
Honorable Patty Shwartz, U.S.M.J.
United States Magistrate Judge
United States District Court for the
District of New Jersey
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: **A.B. and L.B., individually v. Mark Staropoli, Paula Staropoli, et als.**
**Civil Action No. 2:07-cv-6077**

Dear Judge Shwartz:

This firm represents Defendant, Paula Staropoli in the referenced matter. On Friday, April 4, 2008, Your Honor's Clerk informed me that our previous request for permission to file a Motion to Dismiss based on lack of personal jurisdiction would be discussed at the Rule 16 Conference scheduled on April 17, 2008. I was then asked to relay this information to all counsel of record and ask if the other counsel had any objections to proceeding with the Rule 16 Conference without every party having filed an Answer.

Yesterday, I was able to speak to all counsel of record regarding this issue. All counsel stated they had no objections to proceeding with the Rule 16 Conference without Mark Staropoli having filed an answer. However, Susan Karlovich, Esq., Alan Goldberger, Esq., and I have concerns of the usefulness of the Rule 16 Conference without the attendance or participation of Mark Staropoli and the possibility of his subsequent appearance in this action.

I was glad to be of assistance in this matter. Should you have any questions, or need any additional information, please do not hesitate to contact me.

Respectfully,

Steven C. DePalma

SCD:jfd

cc:    All Counsel of Record (via ECF)

LAW OFFICES
# EINHORN, HARRIS, ASCHER, BARBARITO & FROST
## A PROFESSIONAL CORPORATION

Theodore E. B. EINHORN
Peter T. Harris
Michael R. ASCHER
Patricia M. BARBARITO ◆◇
Bonnie C. Frost ◆◇
Gary R. Botwinick ▾
Stephen P. Haller
Thomas J. Snyder
Mark Wechsler *◇
Andrew S. Berns

165 East Main Street
(Route 53)
P. O. Box 3010
Denville, New Jersey 07834-3010

(973) 627-7300

COUNSEL

Ivette R. Alvarez ‡
Jennifer Fortunato ‡◇
Richard C. Colloca
Linda A. Mainenti-Walsh
Jason R. Rittie ‡
Thomas F. Dorn, Jr. ●▲
Christopher L. Mossman ‡*

### OF COUNSEL
Burton J. IRONSON

Facsimiles (973) 627-0869
(973) 627-2858
(973) 627-5847

www.einhornharris.com

Ellen M. Seigerman ‡
Elizabeth M. Vinhal ‡◇
Jennie L. Osborne ‡
Laura Ruvolo Lipp
Jhanice V. Domingo
Cimmerian A. Morgan *
Timothy J. Ford ‡
Jamie N. Leaner ‡

◆ FELLOW AMERICAN ACADEMY
OF MATRIMONIAL LAWYERS
◇ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
MATRIMONIAL LAW
ATTORNEY
● CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CIVIL TRIAL ATTORNEY
▲ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
WORKERS' COMPENSATION
ATTORNEY

Robert J. Cece (1966-2003)

* Also Member of PA Bar
‡ Also Member of NY Bar
◆ Also Member of DC Bar
▾ LLM in Taxation

April 11, 2008

**ELECTRONIC FILE**
Honorable Patty Shwartz
U.S. Magistrate Judge
United States District Court,
District of New Jersey Newark
Frank R. Lautenberg U.S.
P.O. & Cthse. Bldg, Room 477
P.O. Box 999
Newark, NJ 07101

RE:  **A.B. et al v. Mark Staropoli, et al**
     **Civil Action NO. 07-6077(KSH)**

My Dear Judge Shwartz:

I acknowledge receipt of correspondence from counsel for defendant Paula Staropoli. The correspondence raises the joint concern of Mr. DePalma, defense counsel, regarding the absence of an Answer from Mark Staropoli. It is my understanding that Mr. Staropoli has been incarcerated as a result of a conviction for criminal offenses arising from the same subject matter of the suit before the Court. Mr. Staropoli is also awaiting sentencing upon a New Jersey indictment, which also arises from related acts against the Plaintiff, A.B.

If my adversaries have reservations regarding the usefulness of the Rule 16 conference, I would respectfully suggest that a telephone conference be established to discuss Mr. Staropoli's present "absence" from the case.

April 11, 2008
Page 2


    I thank Your Honor for the Court's consideration of this correspondence. If Your Honor feels that a telephone phone conference would be appropriate, my office will arrange the conference on a date and time scheduled by the Court.

              Very truly yours,

              Einhorn, Harris, Ascher,
                Barbarito & Frost, P.C.

              _Bonnie C. Frost_

        By            _br_
             Michael R. Ascher

MRA:ems
cc: A.B. & L.B.
    Alan S. Goldberg, Esq.
    Joseph S. Accardi, Esq.
    Jack T. Spinella, Esq.
    Susan Karlovich, Esq.


Brazer, Arielle, Letter to Honorable Shwartz  (00354161.WPD;1)

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| _____ : | | |
| **A.B., et al.** : | | **Civil Action No. 07-6077(KSH)** |
| : | | |
| **Plaintiff,** : | | |
| : | | |
| **v.** : | | |
| : | | **PRETRIAL SCHEDULING ORDER** |
| : | | |
| **MARK STAROPOLI, et al.,** : | | |
| : | | |
| **Defendants** : | | |
| _____ : | | |

      **THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on April 17, 2008; and for good cause shown,

      **IT IS on this 17th day of April, 2008,**

      **ORDERED THAT:**

      1.  No later than **May 1, 2008**, the plaintiffs shall advise the Court if they will consent to the transfer of this case to the Southern District of New York and if so, they shall submit a proposed form of Order;

      2.  If the plaintiffs do not agree to transfer of the case, then defendant Paula Strapoli shall submit a letter requesting a telephone conference to discuss a contemplated motion to dismiss, or in the alternative to transfer, based upon a lack of personal jurisdiction;

      3.  All counsel shall direct their clients to preserve all documents relevant to the claims and defenses in this case, in whatever form they are exist, including emails;

      **IT IS FURTHER ORDERED THAT:**

## I.  COURT DATES

      1.    There shall be telephone status conferences before the undersigned on **July 25, 2008 at 10:00 a.m. and October 7, 2008 at 10:00 a.m.**  Plaintiff shall initiate the telephone call.

      2.    There will be a settlement conference before the undersigned on **TO BE SET.  Five (5) business days** before the conference, each party should submit a confidential memorandum to the Court, not to exceed 5 pages, summarizing the relevant facts, the respective legal positions,

status of the case, and the client's position on settlement. Trial Counsel and clients with full settlement authority must attend the conference. If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

3.  A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **February 18, 2009 at 10:00 a.m.** The Final Pretrial Conference will occur even if there are dispositive motions pending. The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

## II. DISCOVERY AND MOTION PRACTICE

4.  Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **April 30, 2008.**

5.  Discovery necessary to engage in meaningful settlement discussions: **to be determined.**

6.  The parties may serve interrogatories limited to **25** single questions including subparts and requests for production of documents on or before **May 16, 2008,** which shall be responded to no later than **June 16, 2008**.

7.  The number of depositions to be taken by each side shall not exceed **10**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. <u>See</u> Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated. The depositions shall be completed no later than **December 31, 2008**.

8.  Fact discovery is to remain open through **December 31, 2008.** No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

9.  Counsel shall confer in a good faith attempt to informally resolve any discovery disputes <u>before</u> seeking the Court's intervention. Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention via a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient. No further submissions regarding the dispute may be submitted without leave of Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be made before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **August 15, 2008** and the Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.

10.     Without opposition, the plaintiff shall file an Amended Complaint no later than **April 30, 2008.**

11     All dispositive motions shall be discussed in advance of filing with the undersigned either in person or by teleconference.

If leave is granted to file a summary judgment motion, the following protocol shall apply:

a.  Each motion for summary judgment shall be supported by a <u>separate</u>, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried.  Each fact asserted in the statement shall be supported by a record citation.  A "record citation" is a citation to a specific page or paragraph of identified record material supporting the assertion.

b.  Each response in opposition shall be accompanied by a <u>separate</u>, short, and concise statement of material facts.  The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation.  The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation.

c.  In the event a party seeks to submit a reply, the party shall file a formal request for permission to do so within the time period provided by Local Rule, attaching the proposed reply.  Accompanying the proposed reply shall be a <u>separate</u>, short, and concise statement of material facts <u>which shall be limited to any additional facts submitted by the opposing party.</u>  The reply statement shall admit, deny or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts, and unless a fact is admitted, shall support each denial or qualification by a record citation.

d.  Facts contained in a supporting or opposing statement of material facts, if supported by record citations, shall be deemed admitted unless properly controverted.  The Court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.  The Court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

e.  Local Rules governing electronic filing and length, font-size, and format of moving, opposing and reply briefs shall continue to apply as appropriate.  Parties shall provide the Court with two hard copies of all submissions by delivering same to the Clerk's Office, Attention Judge Katharine Hayden.

### III.  EXPERTS

12.     All affirmative expert reports shall be delivered by **November 30, 2008.**

13.     All responding expert reports shall be delivered by **January 15, 2009**.

14.     a.  All expert reports are  to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B).  No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

3

b.  All expert depositions shall be completed by **January 31, 2009**.

## IV.  FINAL PRETRIAL CONFERENCE

15.    A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **February 18, 2009 at 10:00 a.m.**  The Final Pretrial Conference will occur even if there are dispositive motions pending.   The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

16.    <u>Not later than **20 working days**  before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits.  Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.</u>

17.    All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court.  Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18.    With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

19.    The original joint proposed final pretrial order shall be delivered to the CHAMBERS of the undersigned no later than **February 14, 2009**.  All counsel are responsible for the timely submission of the Order.

20.    The Court expects to engage in meaningful settlement discussions at the final pretrial conference.  Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

## V.  MISCELLANEOUS

21.    The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

22.    Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

23.    A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24.    Communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.

25.    **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER   MAY RESULT IN SANCTIONS.**

s/Patty Shwartz
**UNITED STATES MAGISTRATE JUDGE**

EINHORN, HARRIS, ASCHER, BARBARITO & FROST
A Professional Corporation
165 E. Main Street
P.O. Box 3010
Denville, New Jersey 07834-3010
(973) 627-7300
Attorneys for Plaintiffs

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.B. and L.B., individually,<br><br>Plaintiffs,<br><br>v.<br><br>MARK STAROPOLI, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS & EMPLOYEES OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, MARGARET TURRIN, DIRECT KICK SOCCER, ROBERT WALKLEY, JOHN DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), JANE DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), and RICHARD ROES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended).<br><br>Defendants. | CASE NO.: 2:07-cv-6077-KSH-PS<br><br>**ORDER TRANSFERRING CASE TO THE SOUTHERN DISTRICT OF NEW YORK** |

**THIS MATTER** being brought before the Court upon the Application of Michael R.

Ascher, Esquire, attorney for Plaintiffs, A.B. and L.B., individually, for an Order transferring this

matter to the Southern District of New York, and counsel for all Defendants having consented on

the record at the Rule 16 Conference on April 17, 2008, and the Court having considered this

matter, and for good cause appearing;

**IT IS** on this _____ day of _____, 2008

**ORDERED** that pursuant to 28 U.S.C.A. 1406(a) and 28 U.S.C.A. 1631, this matter be

transferred to the United States District Court for the Southern District of New York; and it is

**FURTHER ORDERED** that pursuant to the Rule 16 Conference on April 17, 2008,

Defendants, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS

OF EMPLOYEES OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI,

MARGARET TURRIN, DIRECT KICK SOCCER and ROBERT WALKLEY consent to the

transfer and waive any and all objections to and defenses related to venue and personal

jurisdiction; and it is

**FURTHER ORDERED** that a copy of this Order be served upon all counsel of record

within _____ days of the date hereof.


_____
HON. PATTY SHWARTZ, U.S.M.J.

EINHORN, HARRIS, ASCHER, BARBARITO, FROST & IRONSON
A Professional Corporation
165 E. Main Street
P.O. Box 3010
Denville, New Jersey 07834-3010
(973) 627-7300
Attorneys for Plaintiff

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.B. and L.B., individually, | ) |
| Plaintiffs, | ) Docket No. 2:07-cv-6007 |
| | ) Civil Action |
| vs. | ) AMENDED |
| | ) COMPLAINT AND DEMAND FOR |
| MARK STAROPOLI, PAULA | ) JURY TRIAL |
| STAROPOLI, CLARKSTOWN SOCCER | ) |
| CLUB, BOARD MEMBERS OF | ) |
| EMPLOYEES OF THE CLARKSTOWN | ) |
| SOCCER CLUB, NICHOLAS ARCURI, | ) |
| MARGARET TURRIN, DIRECT KICK | ) |
| SOCCER, ROBERT Walkley, JOHN | ) |
| DOES 1 through 5 (fictitious | ) |
| names for the persons, | ) |
| partnerships and/or | ) |
| corporations intended), JANE | ) |
| DOES 1 through 5 (fictitious | ) |
| names for the persons, | ) |
| partnerships and/or | ) |
| corporations intended), and | ) |
| RICHARD ROES 1 through 5 | ) |
| (fictitious names for the | ) |
| persons, partnerships and/or | ) |
| corporations intended), | ) |
| | ) |
| Defendants. | ) |

Plaintiffs, A.B. and L.B., individually, and as <u>Guardian Ad</u>
<u>Litem</u> of A.B. residing in the Township of Randolph, County of

Morris, and State of New Jersey, by way of Complaint against the defendants, state and allege the following:

### STATEMENT OF THE PARTIES

1.    Plaintiff, A.B., is a natural person residing in Township of Randolph, County of Morris and State of New Jersey and was a minor at all times mentioned herein.  Pursuant to Federal Rule of Civil Procedure 5-2(a), plaintiff has included only her initials.

2.    Plaintiff, L.B. is natural person and the father of A.B. residing in the Township of Randolph, County of Morris and State of New Jersey and is the father of A.B.

3.    Defendant, Mark Staropoli, is a natural person residing at 800 Bradley Park Way, Blauvlet, New York and was the coach of an elite soccer team based in Clarkstown, New York.

4.    Defendant, Paula Staropoli, is a natural person residing at 800 Bradley Park Way, Blauvelt, New York and is the wife of Mark Staropoli.

5.    Defendant, Clarkstown Soccer Club was the entity responsible for the operation of the elite soccer team which recruited plaintiff, A.B., and employed defendant, Staropoli, as its coach.

6.    Defendant, Board of Directors of the Clarkstown Soccer Club was the body and responsible for the operation of Clarkstown Soccer Club which oversaw the conduct of defendant Mark Staropoli.

7.    Defendant Nicholas Arcuri residing at 26 Eldor Avenue, New City, New York, was the president of the Clarkstown Soccer Club

and was involved in the hiring and supervision of defendant, Mark Staropoli.

8. Defendant Margaret Turrin residing at 2 Preakness Lane, New City, New York was the assistant coach of the Clarkstown Soccer Club and the teams tournament coordinator and was responsible for supervising activities of members of the Clarkstown Soccer Club team.

9. Defendant Direct Kick Soccer located at 72 Roosevelt Avenue, Red River, New York is an entity conducting soccer related activities and which sponsored a trip to Europe as attended by plaintiff A.B. and defendants, Mark Staropoli, Paula Staropoli and Margaret Turrin.

10. Defendant Robert Walkley residing at 72 Roosevelt Avenue, Cold River, New York is the principal and director of Direct Kick Soccer who was responsible for the planning, and supervision of the Clarkstown Soccer Club Team when it traveled to Europe in 2004.

11. Defendants John Does 1 through 5 are fictitious individuals and unknown members of the Board of Directors of the Clarkstown Soccer Club whom may have been involved in the hiring and supervision of defendant, Mark Staropoli, and therefore liable to plaintiff.

12. Defendants Jane Does 1 through 5 are fictitious individuals and unknown members of the Board of Directors of the Clarkstown Soccer Club whom may have been involved in the hiring

and supervision of defendant, Mark Staropoli, and therefore liable to plaintiff.

13.   Defendants Richard Roes 1 through 5 are fictitious partnerships and/or corporations which are presently unknown entities that stood in loco parentis to plaintiff A.B. and are responsible for the tortious acts of defendant, Mark Staropoli.

## STATEMENT OF JURISDICTION

14.   Pursuant to 28 U.S.C. §1391(a), this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. 1332(a)(1), the claims herein alleged against defendants who are all citizens of States different from the State in which the plaintiff enjoys citizenship.

15.   The amount in controversy exceeds $75,000.00.

## STATEMENT OF VENUE

16.   The venue of within case properly lies in the Southern District of New York in which defendants resided, traveled, and/or engaged in conduct with plaintiff and where a substantial number of the acts and events averred occurred.

## STATEMENT OF FACTS

17.   A.B. was a minor and proficient soccer player who was recruited by defendant, Mark Staropoli and the Clarkstown Soccer Club (hereinafter the "Soccer Club") in the fall of 2001, when A.B. was 12 years of age.

-4-

18. At the time of the recruitment by defendant, Mark Staropoli and the Soccer Club, plaintiff A.B. resided with her father in the Township of Rockaway, Morris County, New Jersey.

## SEXUAL ACTS OCCURRING IN THE STATE OF NEW YORK

19. In the summer of 2002, defendant, Mark Staropoli, invited A.B. to participate in a soccer camp that he coached at Old Tappan High School, Old Tappan, County of Bergen, New Jersey.

20. Plaintiff A.B. declined the offer due to the travel distance involved, but defendant Mark Staropoli insisted and offered to have A.B. to stay at his house located at 800 Brady Parkway, Belleville, New York.

21. A.B. stayed at the Staropoli home occupied by defendants Mark Staropoli, Paula Staropoli, for a two week period.

22. During that two week period, defendant Mark Staropoli went to plaintiff's A.B. room and groomed her for further sexual activity by massaging her, making her feel comfortable and accepted into his family.

23. In the fall of 2003, when plaintiff A.B. was 15 years of age, she played on both her high school team and a soccer team coached by defendant Mark Staropoli. The evening training session for that world class soccer team were conducted in Bergen County, New Jersey.

24. During 2003, plaintiff A.B. visited the Staropoli home. On one particular occasion when all other members of the Staropoli

-5-

household went to bed, defendant Mark Staropoli massaged A.B.'s legs with his hand and touched her vagina.

25. During the period December 25, 2003 through March 2004, plaintiff A.B. frequently visited the Staropoli household on weekends. During this period of time, defendant Mark Staropoli sexually assaulted plaintiff A.B., by having her commit fellatio upon him and by digitally penetrating her vagina.

26. At the time of the sexual assaults by defendant Mark Staropoli, he was aware of the prior death of plaintiff A.B.'s mother and the resulting emotional vulnerability.

27. Defendant Mark Staropoli continued to groom plaintiff for sexual conduct by treating her differently than other players on the soccer team coached by him.

28. During the period March 2004 until June 2004, plaintiff A.B. continued to visit the Staropoli household on weekends. During this time, the defendant Mark Staropoli continued to sexually assault plaintiff A.B. by engaging in both oral sex and digital penetration.

29. During the weekend of June 25, 2004, defendant Mark Staropoli instructed plaintiff A.B. to come into his marital bedroom, and sexually assaulted plaintiff by performing cunnilingus and engaging in sexual intercourse with the then 16 year old plaintiff.

30. After the June 25, 2004, plaintiff and defendant Mark Staropoli began to call each other on their cell phones several

times a day and they e-mailed each other. The e-mails became sexually explicit.

31. During this period of time defendant Mark Staropoli also promised to help plaintiff A.B. secure a soccer scholarship to college.

32. On August 3, 2004, an investigation was begun into the relationship of defendant Mark Staropoli and plaintiff as a result of information transmitted by a child welfare agency in Tappen, New York.

33. Plaintiff L.B., was notified of the referral and the investigation and informed defendant Mark Staropoli of it.

34. Defendant Mark Staropoli then telephoned plaintiff A.B. and instructed her to deny the fact of their sexual relationship. As a result, plaintiff denied any involvement with the defendant.

35. Plaintiff A.B. lied about the relationship as defendant Mark Staropoli had instructed her and because the defendant Mark Staropoli had psychologically groomed and manipulated her.

36. The Complaint and referral were deemed unfounded and thereafter, plaintiff A.B. and defendant Mark Staropoli telephoned each other and continued to e-mail and send instant messages to each other almost on a daily basis.

37. During the month of August 2004, plaintiff A.B. stayed at defendant's house for approximately 1 week. During that period of time, defendant sexually assaulted plaintiff A.B., by having her

-7-

commit fellatio upon him and digitally penetrating her with his fingers.

38. During the weekend of October 9, 2004 while at his home, defendant Mark Staropoli committed an act of sexual assault upon plaintiff A.B. by digitally penetrating her vagina and engaging in fellatio and cunnilingus with each other. Defendant Mark Staropoli had sexual intercourse with plaintiff in the basement of his house during that same weekend.

39. During the last weekend of October 2004, plaintiff A.B. again visited defendant's home and defendant Mark Staropoli sexually assaulted plaintiff by engaging in sexual intercourse with her, performing cunnilingus upon her and digitally penetrating her.

40. During the weekend of November 14, 2004 while at his home, defendant Mark Staropoli had sexual intercourse with plaintiff in the basement of his house and sexually assaulted her by having her perform fellatio upon him and digitally penetrating her vagina.

41. During the weekend of November 20, 2004 while at his home, defendant Mark Staropoli again sexually assaulted plaintiff by engaging in sexual intercourse with her and having her perform fellatio upon and thereafter penetrating her with his fingers.

42. On two other occasions during November 2004, the defendant Mark Staropoli picked up plaintiff A.B. in New Jersey and took a detour to Hook Mountain in New York State. While at that

-8-

location, he sexually assaulted plaintiff by performing cunnilingus upon her and having her commit fellatio upon him.

## SEXUAL ACTS OCCURRING IN THE STATE OF NEW JERSEY

43. The following day, plaintiff A.B., defendant Mark Staropoli and his daughter drove to a New Jersey shore location. Upon the trip home from the New Jersey shore, defendant Mark Staropoli committed an act of digital penetration upon plaintiff A.B.

44. During August 2004, defendant Mark Staropoli and his daughter visited plaintiff's residence. During that visit, defendant Mark Staropoli sexually assaulted plaintiff A.B. by committing an act of digital penetration and by having plaintiff A.B. commit an act of fellatio upon him.

45. On various and diverse dates in 2004, defendant Mark Staropoli would sexually assault plaintiff A.B. committing acts of digital penetration, after defendant picked up plaintiff A.B. at her home and during the ride back to his home. These acts occurred on Route 287 in New Jersey.

46. During October of 2004, on one occasion, defendant Mark Staropoli pick up plaintiff A.B. from her home and began to drive back to New York State. On the way, he left Route 287 and went to Ramapo College located in Bergen County. He took plaintiff A.B. to a wooded area and sexually assaulted her by engaging in vaginal intercourse.

47. On another occasion in November 2004, defendant, Mark Staropoli again picked up plaintiff A.B. in New Jersey then drove to a restaurant in New Jersey were he and plaintiff performed oral sex on each other and defendant Mark Staropoli digitally penetrated her.

48. In June 2004, defendant Mark Staropoli and his daughter visited plaintiff and her family at their home in Randolph, New Jersey. On the first night of the visit, defendant Mark Staropoli sexually assaulted A.B. by engaging in fellatio and vaginal intercourse with her.

49. On January 4, 2005, a second investigation of defendant Mark Staropoli's sexual assault upon plaintiff was commenced by the Morris County Prosecutor's Office, Morristown, New Jersey.

50. Plaintiff A.B. was advised of the investigation by plaintiff L.B., and she then telephoned defendant to inform him.

51. Upon being told of the investigation, defendant became enraged and instructed plaintiff not to say anything. As a result, plaintiff initially denied her involvement. Plaintiff A.B. then stated that defendant had sexually assaulted her, but that it only occurred on two occasions in October and December 2004.

52. Plaintiff did not initially divulge the true extent of the sexual assault because defendant had groomed her to protect him and he had specifically instructed her not to divulge their relationship.

-10-

53.   Thereafter, the plaintiff A.B. divulged the entire nature of her relationship with Mark Staropoli involving the sexual assaults committed by defendant Mark Staropoli upon her.

54.   During the month of January 2005, telephone conversations between plaintiff, A.B. and defendant Mark Staropoli were recorded with the consent of plaintiff L.B.   During those conversations, defendant Mark Staropoli instructed plaintiff A.B. to continue to deny the nature of their relationship.

55.   Thereafter, a continuing joint police investigation was conducted by members of the Rockaway, New Jersey Township Police Department, Clarkstown, New York Police.

## SEXUAL ACTS OCCURRING IN OTHER STATES

56.   In November 2004, plaintiff A.B. and defendant Mark Staropoli attended a soccer tournament in Newark, Delaware.   While in Deleware, defendant Mark Staropoli sexually assaulted plaintiff A.B., forcing her to performing acts of fellatio upon him and engaging in other sexual acts upon her.

57.   During December 2004, defendant Mark Staropoli again sexually assaulted plaintiff by engaging in oral sex with her and engaging in sexual intercourse and penetrating her.   Plaintiff A.B. accompanied defendant Mark and Paula Staropoli and the rest of the family on a ski trip to Massachusetts.

## SEXUAL ACTS OCCURRING OUTSIDE OF UNITED STATES

58.   During the summer of 2004, plaintiff A.B. traveled with the defendant Clarkstown soccer team which was coached and

-11-

chaperoned by defendant Mark Staropoli. Defendant Paula Staropoli also chaperoned the team and was present during that trip. Defendant Mark Staropoli committed various acts of sexual assault upon plaintiff A.B. in the United Kingdom and Holland.

## LEGAL ALLEGATIONS

### FIRST CAUSE OF ACTION

59.    Plaintiffs hereby incorporate paragraph 1 through 58 into this First Cause of Action.

60.    On diverse dates between 2003 and 2005, defendant Mark Staropoli sexually assaulted plaintiff A.B., a minor incapable of consent, by coercing her into performing fellatio, cunnilingus, digital penetration and vaginal intercourse.

61.    At all times when committing these acts, defendant Mark Staropoli stood in loco parentis to plaintiff A.B.

62.    As a result of the continued course of sexual acts performed upon her, the plaintiff sustained physical, psychiatric, psychological bodily and mental injuries.

63.    Plaintiff A.B. has suffered, now suffers and will continue to suffer from severe psychological disorders, as a direct and proximate cause of defendant Mark Staropoli's conduct.

64.    The conduct of defendant Mark Staropoli was intentional.

65.    As a direct and proximate result of defendant Mark Staropoli's conduct, the plaintiff A.B. and her father, plaintiff L.B., incurred financial damages, including medical, psychological and other related expenses.

-12-

WHEREFORE, Plaintiff, A.B., demands the following:

a.   Judgment against the defendant Mark Staropoli awarding compensatory damages.

b.   Judgment against the defendant Mark Staropoli awarding punitive damages;

c.   Attorneys fees and costs; and

d.   Any other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

66.   The plaintiffs repeat and reiterate each and every allegation set forth in the First Cause of Action as if set forth at length herein.

67.   Defendant Mark Staropoli engaged in sexual assault upon plaintiff A.B. during her teenage years and committed said acts with reckless and wanton disregard of the affect upon the minor plaintiff A.B.

68.   Defendant Mark Staropoli's acts were so outrageous in character, extreme and egregious as to go beyond all bounds of decency.

69.   The acts of sexual assault and defendant's efforts to control plaintiff and keep her from acknowledging the existence of the assaults caused emotional, psychological and psychiatric distress to the plaintiff which was so severe that no reasonable person could be expected to endure it.

70. The emotional, psychological and psychiatric distress endured by the plaintiff was so substantial that it resulted in physical aliments and serious psychological symptomology.

71. The defendant Mark Staropoli's acts as averred were the direct cause of the injuries sustained and endured by plaintiff, A.B.

72. As a direct and proximate result of defendant Mark Staropoli's conduct, the plaintiff A.B. and her father, plaintiff L.B., incurred financial damages, including medical, psychological and other related expenses.

WHEREFORE, Plaintiff, A.B., demands the following:

a. Judgment against the defendant awarding compensatory damages.

b. Judgment against the defendant awarding punitive damages;

c. Attorneys fees and costs; and

d. Any other relief that the Court deems just and proper.

### THIRD CAUSE OF ACTION

73. The plaintiffs repeat and reiterate each and every allegation set forth in the First and Second Causes of Action as if set forth at length herein.

74. Defendant Paula Staropoli is the wife of the defendant Mark Staropoli and was present during the times that plaintiff A.B. visited at the Staropoli residence. She stood in loco parentis to plaintiff A.B.

75.    Defendant Paula Staropoli, knew or should have known of the relationship which existed between her husband, defendant Mark Staropoli and plaintiff A.B.

76.    Defendant Paula Staropoli took no steps to protect plaintiff A.B. from the acts of her husband.

77.    The failure of defendant Paula Staropoli to act to protect plaintiff was unreasonable and negligent.

78.    As a result of Paula Staropoli's failure to act and protect plaintiff, A.B., she suffered and sustained significant bodily, emotional, psychological and psychiatric damage and injury which were the proximate result of Defendant Paula Staropoli's negligence.

79.    As a direct and proximate result of defendant Mark Staropoli's conduct, the plaintiff A.B. and her father, plaintiff L.B., incurred financial damages, including medical, psychological and other related expenses.

WHEREFORE, Plaintiff, A.B., demands the following:

a.    Judgment against the defendants awarding compensatory damages.

b.    Judgment against the defendants awarding punitive damages;

c.    Attorneys fees and costs; and

d.    Any other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

80.   The plaintiffs repeat and reiterate each and every allegation set forth in the First Through Third Causes of Action as if set forth at length herein.

81.   During all times herein mentioned, the defendant Clarkstown Soccer Club (the "Club"), and members of the defendant Board of Directors, jointly and severally, stood in loco parentis to plaintiff A.B. and had a duty to protect her from sexual assault and abuse by defendant Mark Staropoli.

82.   Defendant Mark Staropoli was at all times relevant hereto the employee, servant and/or agent of defendant Club and as such defendant Club is vicariously liable to plaintiff A.B. for the negligence, carelessness and recklessness of the defendant Mark Staropoli under a theory of respondent Superior.

83.   Defendant Club and members of the defendant Board of Directors, defendants Nick Arcuri and Margaret Turrin, became aware of allegations against defendant Mark Staropoli involving sexual misconduct involving the plaintiff A.B.

84.   Defendant Club, defendant Arcuri and members of its Board of Directors, defendant, Jane Does and John Does 1 through 5 and defendant employee Margaret Turrin failed to properly investigate or respond to the allegations about defendant Mark Staropoli's sexual conduct.

85.   As a proximate result of the failure of the defendant Club and members of its Board of Directors to properly investigate

-16-

or respond to the allegations of sexual assault, plaintiff A.B. sustained bodily, medical, psychiatric and psychological injury wholly caused by their negligence.

86.   As a direct and proximate result of the conduct of the defendant Clarkstown Soccer Club, members of its Board of Directors, defendant, Jane Does and John Does 1 through 5, the plaintiff A.B. and her father, plaintiff L.B., incurred financial damages, including medical, psychological and other related expenses.

WHEREFORE, Plaintiff, A.B., demands the following:

a.    Judgment against the defendants awarding compensatory damages.

a.    Judgment against the defendants awarding punitive damages;

b.    Attorneys fees and costs; and

c.    Any other relief that the Court deems just and proper.

### FIFTH CAUSE OF ACTION

87.   The plaintiffs repeat and reiterate each and every allegation set forth in the First Through Fourth Causes of Action as if set forth at length herein.

88.   Defendant Mark Staropoli was at all times relevant hereto the employee, servant and/or agent of defendant Club and as such defendant Club is vicariously liable to plaintiff A.B. for the negligence, carelessness and recklessness of the defendant Mark Staropoli under a theory of respondent Superior.

-17-

89.  Defendant Club and members of defendant Board of Directors, including defendant Nick Arcuri and Margaret Turrin, and defendants John Doe 1 and Jane Does 1 and 2, (fictitious names for the persons, partnerships and/or corporations intended) failed to properly train and supervise defendant Mark Staropoli as required by law and the Charter of the Club and its National Association, the agreement by and between defendant Club and plaintiffs.

90.  As a direct result of the failure of defendant Club and members of defendant Board of Directors to properly supervise and train defendant Mark Staropoli, plaintiff A.B. has sustained bodily, medical, psychological and psychiatric injury and damages.

91.  As a direct and proximate result of defendant Mark Staropoli, defendant Club and members of defendant Board of Directors' conduct, the plaintiff A.B. and her father, plaintiff L.B., incurred financial damages, including medical, psychological and other related expenses.

WHEREFORE, Plaintiff, A.B., demands the following:

a.  Judgment against the defendants awarding compensatory damages.

b.  Judgment against the defendants awarding punitive damages;

c.  Attorneys fees and costs; and

d.  Any other relief that the Court deems just and proper.

## SIXTH CAUSE OF ACTION

92. The plaintiffs repeat and reiterate each and every allegation set forth in the First Through Fifth Causes of Action as if set forth at length herein.

93. As his daughter's sole guardian, plaintiff L.B. has sustained damages and incurred financial expenses in the treatment of his daughter's medical, psychiatric and psychological injuries.

94. The expenses incurred by L.B. on behalf of his daughter were all proximately caused by the acts of defendant Mark Staropoli, Paula Staropoli, the Clarkstown Soccer Club and Members of the Board of Directors, Nicholas Arcuri, Margaret Turrin, Direct Kick Soccer and Robert Walkley.

95. As a direct and proximate result of defendant Mark Staropoli, Paula Staropoli, the Club and Members of the Board of Directors' conduct, the plaintiff A.B. and her father, plaintiff L.B., incurred financial damages, including medical, psychological and other related expenses.

WHEREFORE, Plaintiff, A.B., demands the following:

a.   Judgment against the defendants awarding compensatory damages.

b.   Judgment against the defendants awarding punitive damages;

c.   Attorneys fees and costs; and

d.   Any other relief that the Court deems just and proper.

### SEVENTH CAUSE OF ACTION

96.  The plaintiffs repeat and reiterate each and every allegation set forth in the First Through Sixth Causes of Action as if set forth at length herein.

97.  The defendant Direct Kick Soccer and Robert Walkley, sponsored a tournament trip to Europe involving the defendant Club, which plaintiff A.B. and defendants Mark Staropoli, Paula Staropoli and Margaret Turrin attended.

98.  Defendant Mark Staropoli was at all times relevant hereto the employee, servant and/or agent of defendant Direct Kick Soccer and as such defendant Direct Kick Soccer is vicariously liable to plaintiff A.B. for the negligence, carelessness and recklessness of the defendant Mark Staropoli under a theory of respondent Superior.

99.  During all times hereinafter mentioned, both defendants Direct Kick Soccer and Robert Walkley stood in loco parentis to plaintiff A.B. and had a duty to protect her from sexual abuse and other unlawful conduct perpetrated by defendant Mark Staropoli.

100. Defendants Direct Kick Soccer and Robert Walkley failed to properly train and supervise defendant Mark Staropoli as required by law and the Charter of the Direct Kick Soccer Club, its national association and the agreement existing by and between defendant Direct Kick Soccer and plaintiffs A.B. and L.B.

101. As a direct result of the failure of defendants Direct Kick Soccer and Robert Walkley's failure to properly train and

supervise defendant Mark Staropoli, plaintiff A.B. sustained medical, psychological and psychiatric injury and damage.

102. As a direct and proximate result of the negligence of defendants Direct Kick Soccer and Robert Walkley, plaintiff A.B. and her father, plaintiff L.B., incurred financial costs and expenses including medical, psychological, psychiatric and other related expenses.

WHEREFORE, Plaintiff, A.B., demands the following:

a.   Judgment against the defendants awarding compensatory damages.

b.   Judgment against the defendants awarding punitive damages;

c.   Attorneys fees and costs; and

d.   Any other relief that the Court deems just and proper.

### EIGHTH CAUSE OF ACTION

103. The plaintiffs repeat and reiterate each and every allegation set forth in the First Through Seventh Causes of Action as if set forth at length herein.

104. The aforementioned acts committed by defendant, Mark Staropoli, Paul Staropoli, Clarkstown Soccer Club, Direct Kick Soccer, Robert Walkley, John Does 1 through 4 and Jane Does 1 through 4 were done with reckless and wanton disregard of the safety and well being of plaintiff A.B.

105. As a direct and proximate result of the conduct of the defendant Clarkstown Soccer Club and members of its Board of

-21-

Directors, the plaintiff, A.B., sustained bodily, medical, psychological and psychiatric injury and damage.

106. As a direct and proximate result of defendant Mark Staropoli, defendant Club and members of defendant Board of Directors' conduct, the plaintiff A.B. and her father, plaintiff L.B., incurred financial damages, including medical, psychological and other related expenses.

WHEREFORE, Plaintiff, A.B., demands the following:

a.   Judgment against the defendants awarding compensatory damages.

b.   Judgment against the defendants awarding punitive damages;

c.   Attorneys fees and costs; and

d.   Any other relief that the Court deems just and proper.

## NINTH CAUSE OF ACTION

107. The plaintiffs repeat and reiterate each and every allegation set forth in the First Through Seventh Causes of Action as if set forth at length herein.

108. Defendant Mark Staropoli committed acts of sexual abuse as defined in N.J.S.A. 2A:61B-1, including acts of sexual penetration and contact upon A.B. when she was less than 18 years of age.

109. Defendant Paula Staropoli stood in loco parentis to A.B. and acquiesced or permitted the acts of sexual abuse committed by defendant Mark Staropoli as prohibited by N.J.S.A. 2A:61B-1

-22-

110. As a result of the acts and conduct of defendants Mark and Paul Staropoli, A.B. suffered and sustained significant physical, bodily, emotional, psychological and psychiatric injury and damage which were the proximate result of the defendants' acts.

111. As a direct and proximate result of the acts and conduct of these defendants, plaintiffs A.B. and L.B. incurred financial damages, including medical, psychological, psychiatric and other related expenses.

WHEREFORE, Plaintiffs, A.B. and L.B., demands the following:

a.  Judgment against the defendants awarding statutory damages pursuant to N.J.S.A. 2A:61B-1.

b.  Judgment against the defendants awarding actual damages;

c.  Attorneys fees and costs and cost of suit; and

d.  Any other relief that the Court deems just and proper.

EINHORN, HARRIS, ASCHER, BARBARITO,
FROST & IRONSON, P.C.
Attorneys for Plaintiffs


By
     Michael R. Ascher


Dated:   April 29, 2008

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff requests a trial by jury on all issues involved.

EINHORN, HARRIS, ASCHER, BARBARITO,
FROST & IRONSON, P.C.
Attorneys for Plaintiffs

By_____
Michael R. Ascher

Dated:    April 29, 2008

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other civil action pending in any Court or of any pending arbitration or administrative proceeding other than criminal matters in the States of New Jersey and New Jersey, respectively entitled <u>The People of the State of New York v. Mark Staropoli,</u> Indictment No: 2005-33 and in the <u>State of New Jersey v. Mark Staropoli</u>, Indictment No.: 05-000093.

_____

Michael R. Ascher

Dated:  April 29, 2008

## CERTIFICATION OF ELECTRONIC FILING AND MAILING SERVICE

I, Melody L. Burke, hereby certify as follows:

1. I am a legal secretary at the law firm of Einhorn, Harris, Ascher, Barbarito, & Frost, P.C., attorneys for the Plaintiffs in the above captioned matter.

2. I certify that a true copy of the within Amended Complaint and Demand For Jury Trial, was filed electronically filed with the United States District Court, District of New Jersey in Trenton, New Jersey on this date and that copies were also delivered via regular mail to known counsel at their respective office addresses as follows:

Alan S. Goldberger, Esq.
Goldberger & Goldberger
1373 Broad Street
P.O. Box 447
Clifton, NJ 07015
Attorney for Robert
Walkley & Direct Soccer

Jack T. Spinella, Esq.
Nicoll, Davis, & Spinella, LLP
95 Route 17 South
Paramus, NJ 07652
Attorney for Paula Staropoli

James Crawford Orr, Esq.
Susan Karlovich, Esq,
Wilson, Elser, Moskowitz,
Edelman & Dicker, LLP
33 Washington St - 18th Floor
Newark, NJ 07102
Attorney for Clarkstown Soccer
Nicholas Arcuri and Margaret
Turrin

Melody L. Burke
Legal Secretary for
Michael R. Ascher, Esq.

LAW OFFICES

# EINHORN, HARRIS, ASCHER, BARBARITO & FROST

## A PROFESSIONAL CORPORATION

Theodore E. B. Einhorn
Peter T. Harris
Michael R. Ascher
Patricia M. Barbarito ◆◇
Bonnie C. Frost ◆◇
Gary R. Botwinick ▾
Stephen P. Haller
Thomas J. Snyder
Mark Wechsler *◇
Andrew S. Berns

OF COUNSEL

Burton J. Ironson

◆ FELLOW AMERICAN ACADEMY
OF MATRIMONIAL LAWYERS
◇ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
MATRIMONIAL LAW
ATTORNEY
• CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CIVIL TRIAL ATTORNEY
▲ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
WORKERS' COMPENSATION
ATTORNEY

165 East Main Street
(Route 53)
P. O. Box 3010
Denville, New Jersey 07834-3010

(973) 627-7300

———

Facsimiles (973) 627-0869
(973) 627-2858
(973) 627-5847

www.einhornharris.com

COUNSEL

Ivette R. Alvarez ‡
Jennifer Fortunato ‡◇
Richard C. Colloca
Linda A. Mainenti-Walsh
Jason R. Rittie ‡
Thomas F. Dorn, Jr. •▲
Christopher L. Musmanno ‡*

———

Ellen M. Seigerman ‡
Elizabeth M. Vinhal ‡❖
Jennie L. Osborne ‡
Laura Ruvolo Lipp
Jhanice V. Domingo
Cimmerian A. Morgan *
Timothy J. Ford ‡
Jamie N. Lenner ‡

———

Robert J. Cece (1966-2003)

* Also Member of PA Bar
‡ Also Member of NY Bar
❖ Also Member of DC Bar
▾ LLM in Taxation

April 29, 2008

U.S. District Court
Clerk's Office
Martin Luther King Jr Federal Building
& US Courthouse
50 Walnut Street
Newark, NJ 07102

**RE: A.B. & L.B. v. Mark Staropoli, et al
Docket No.: 2:7CV-6077**

Dear Sir/Madam:

Enclosed herewith please find an original and one copy of an Amended Complaint and Demand for Jury Trial, of my clients A.B. & L.B., in the above-referenced matter pursuant to Judge Shwartz Pre-trial Scheduling Order.

Kindly file and return "filed" copy to this office in the self-addressed, stamped, envelope provided herewith for your convenience.

Thank you for your time and attention to this matter.

Very truly yours,

EINHORN, HARRIS, ASCHER,
BARBARITO & FROST, P.C.

By: _____
Michael R. Ascher, Esq.

MRA:mb
Enclosure

LAW OFFICES

# EINHORN, HARRIS, ASCHER, BARBARITO & FROST
### A PROFESSIONAL CORPORATION

Theodore E. B. Einhorn
Peter T. Harris
Michael R. Ascher
Patricia M. Barbarito ◆◇
Bonnie C. Frost ◆◇
Gary R. Botwinick ▾
Stephen P. Haller
Thomas J. Snyder
Mark Wechsler *◇
Andrew S. Berns

165 East Main Street
(Route 53)
P. O. Box 3010
Denville, New Jersey 07834-3010

(973) 627-7300

COUNSEL

Ivette R. Alvarez ‡
Jennifer Fortunato ‡◇
Richard C. Colloca
Linda A. Mainenti-Walsh
Jason R. Rittie ‡
Thomas F. Dorn, Jr. ●▲
Christopher L. Musmanno ‡*

OF COUNSEL

Burton J. Ironson

Facsimiles (973) 627-0869
(973) 627-2858
(973) 627-5847

www.einhornharris.com

◆ FELLOW AMERICAN ACADEMY
OF MATRIMONIAL LAWYERS
◇ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
MATRIMONIAL LAW
ATTORNEY
● CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CIVIL TRIAL ATTORNEY
▲ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
WORKERS' COMPENSATION
ATTORNEY

Ellen M. Seigerman ‡
Elizabeth M. Vinhal ‡◆
Jennie L. Osborne ‡
Laura Ruvolo Lipp
Jhanice V. Domingo
Cimmerian A. Morgan *
Timothy J. Ford ‡
Jamie N. Lenner ‡

Robert J. Cece (1966-2003)

* Also Member of PA Bar
‡ Also Member of NY Bar
◆ Also Member of DC Bar
▾ LLM in Taxation

April 29, 2008

**ELECTRONIC FILING**
Honorable Patty Shwartz
U.S. Magistrate Judge
United States District Court,
District of New Jersey Newark
Frank R. Lautenberg U.S.
P.O. & Cthse. Bldg, Room 477
P.O. Box 999
Newark, NJ 07101

   **RE:**  **A.B. et al v. Mark Staropoli, et al**
      **Civil Action NO. 07-6077(KSH)**

My Dear Judge Shwartz:

   Please be advised that this firm represents the Plaintiffs in the above-referenced matter. Pursuant to the Pretrial Scheduling Order and as discussed at the Rule 16 Conference before Your Honor on April 17, 2008, Plaintiffs consent to the transfer of this case to the Southern District of New York. Please be advised that all parties consented to the transfer on the record and indicated that they have no personal jurisdiction defense if the case is venued in the Southern District of New York. As such, enclosed please find Plaintiffs proposed form of Order transferring this matter to the Southern District of New York.

   Thank you for Your Honor's time and courtesies.



April 29, 2008
Page 2

                    Very truly yours,

                    Einhorn, Harris, Ascher,
                    Barbarito & Frost, P.C.

By                       
                    Timothy J. Ford

TJF:jn - w/ encl.
cc:    A.B. & L.B.
        Alan S. Goldberg, Esq.
        Joseph S. Accardi, Esq.
        Jack T. Spinella, Esq.
        Susan Karlovich, Esq.

EINHORN, HARRIS, ASCHER, BARBARITO & FROST
A Professional Corporation
165 E. Main Street
P.O. Box 3010
Denville, New Jersey 07834-3010
(973) 627-7300
Attorneys for Plaintiffs

<br>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| A.B. and L.B., individually, | : | CASE NO.: 2:07-cv-6077-KSH-PS |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | **ORDER TRANSFERRING CASE TO** |
| MARK STAROPOLI, PAULA STAROPOLI, | : | **THE SOUTHERN DISTRICT OF** |
| CLARKSTOWN SOCCER CLUB, BOARD | : | **NEW YORK** |
| MEMBERS & EMPLOYEES OF THE | : | |
| CLARKSTOWN SOCCER CLUB, NICHOLAS | : | |
| ARCURI, MARGARET TURRIN, DIRECT KICK | : | |
| SOCCER, ROBERT WALKLEY, JOHN DOES 1 | : | |
| through 5 (fictitious names for the persons, | : | |
| partnerships and/or corporations intended), JANE | : | |
| DOES 1 through 5 (fictitious names for the persons, | : | |
| partnerships and/or corporations intended), and | : | |
| RICHARD ROES 1 through 5 (fictitious names for | : | |
| the persons, partnerships and/or corporations | : | |
| intended). | : | |
| | : | |
| Defendants. | : | |
| | : | |

**THIS MATTER** being brought before the Court upon the Application of Michael R.

Ascher, Esquire, attorney for Plaintiffs, A.B. and L.B., individually, for an Order transferring this

matter to the Southern District of New York, and counsel for all Defendants having consented on

the record at the Rule 16 Conference on April 17, 2008, and the Court having considered this

matter, and for good cause appearing;

     **IT IS** on this _____ day of _____, 2008

     **ORDERED** that pursuant to 28 U.S.C.A. 1406(a) and 28 U.S.C.A. 1631, this matter be

transferred to the United States District Court for the Southern District of New York; and it is

     **FURTHER ORDERED** that pursuant to the Rule 16 Conference on April 17, 2008,

Defendants, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS

OF EMPLOYEES OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI,

MARGARET TURRIN, DIRECT KICK SOCCER and ROBERT WALKLEY consent to the

transfer and waive any and all objections to and defenses related to venue and personal

jurisdiction; and it is

     **FURTHER ORDERED** that a copy of this Order be served upon all counsel of record

within _____ days of the date hereof.


                               _____

                               HON. PATTY SHWARTZ, U.S.M.J.

LAW OFFICES

# EINHORN, HARRIS, ASCHER, BARBARITO & FROST

## A PROFESSIONAL CORPORATION

Theodore E. B. Einhorn
Peter T. Harris
Michael R. Ascher
Patricia M. Barbarito ◆◇
Bonnie C. Frost ◆◇
Gary R. Botwinick ▾
Stephen P. Haller
Thomas J. Snyder
Mark Wechsler *◇
Andrew S. Berns

165 East Main Street
(Route 53)
P. O. Box 3010
Denville, New Jersey 07834-3010

(973) 627-7300

COUNSEL

Ivette R. Alvarez ‡
Jennifer Fortunato ‡◇
Richard C. Colloca
Linda A. Maimenti-Walsh
Jason R. Rittie ‡
Thomas F. Dorn, Jr. ●▲
Christopher L. Musmanno ‡*

OF COUNSEL

Burton J. Ironson

Facsimiles (973) 627-0869
(973) 627-2858
(973) 627-5847

www.einhornharris.com

Ellen M. Seigerman ‡
Elizabeth M. Vinhal ‡◆
Jennie L. Osborne ‡
Laura Ruvolo Lipp
Jhanice V. Domingo
Cimmerian A. Morgan *
Timothy J. Ford ‡
Jamie N. Lenner ‡

◆ FELLOW AMERICAN ACADEMY
OF MATRIMONIAL LAWYERS
◇ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
MATRIMONIAL LAW
ATTORNEY
● CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CIVIL TRIAL ATTORNEY
▲ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
WORKERS' COMPENSATION
ATTORNEY

Robert J. Cece (1966-2003)

* Also Member of PA Bar
‡ Also Member of NY Bar
◆ Also Member of DC Bar
▾ LLM in Taxation

April 30, 2008

US DISTRICT COURT
Clerk's Office
Martin Luther King Jr. Federal Building
& US Courthouse
50 Walnut Street
Newark, NJ 07102

RE: A.B. & L.B. v. Mark Staropoli, et al
    Case No. 07-6077

Dear Sir/Madam:

Enclosed herewith please find an original and one copy of an Answer to Defendants', Clarkstown Soccer Club, et al Counterclaim on behalf of the Plaintiffs A.B. & L.B. in the above-referenced matter.

Kindly file and return "filed" copy to this office in the self-addressed, stamped envelope provided herewith for your convenience.

I thank you in advance for your anticipated cooperation.

Very truly yours,

EINHORN, HARRIS, ASCHER,
BARBARITO & FROST, P.C.

By: _____
    Michael R. Ascher, Esq.

MRA:mb

EINHORN, HARRIS, ASCHER, BARBARITO & FROST
A Professional Corporation
165 E. Main Street
P.O. Box 3010
Denville, New Jersey 07834-3010
(973) 627-7300
Attorneys for Plaintiffs

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.B. and L.B., individually,<br><br>              Plaintiffs,<br><br>        vs.<br><br>MARK STAROPOLI, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS OF EMPLOYEES OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, MARGARET TURRIN, DIRECT KICK SOCCER, ROBERT Walkley, JOHN DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), JANE DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), and RICHARD ROES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended),<br><br>              Defendants. | Docket No. 2:07-cv-6007<br><br>Civil Action<br><br>ANSWER TO COUNTERCLAIMS/<br>CROSSCLAIMS |

Plaintiffs, A.B. and L.B., answer the Counterclaim of Defendant, Clarkstown Soccer and the Clarkstown defendants, Nicholas Arcuri and Margaret Turrin, and says:

1.    The Plaintiff, L.B. admits that he is the father and sole guardian of A.B. and denies the remaining allegations of this Paragraph.

2.    The Plaintiff, L.B. admits that on appropriate times he had a duty to supervise Plaintiff, A.B.'s activities to ensure her safety and well being.

3.    The Plaintiff denies the allegations set forth in Paragraph 3 of Defendant's Counterclaim.

4.    The Plaintiff denies the allegations set forth in Paragraph 4 of Defendant's Counterclaim.

5.    The Plaintiff denies the allegations set forth in Paragraph 5 of Defendant's Counterclaim.

6.    The Plaintiff denies the allegations set forth in Paragraph 6 of the Defendant's Counterclaim.

7.    The Plaintiff denies the allegations set forth in Paragraph 7 of Defendant's Counterclaim.

8.    The Plaintiff denies the allegations set forth in Paragraph 8 of the Defendant's Counterclaim.

**WHEREFORE**, the Plaintiff, L.B. demands judgment against Clarkstown Soccer Club, Nicholas Arcuri and Margaret Turrin dismissing suit and awarding counsel fees and costs of suit.

-2-

## ANSWER TO COUNTERCLAIM AGAINST CONTRIBUTION

The Plaintiff, L.B. answers the Counterclaim of the Clarkstown defendants for contribution and says:

1.  The Plaintiff, L.B. states that the Clarkstown defendants are legally liable and responsible for the acts alleged in the complaint.

2.  The Plaintiff, L.B. denies that he is a joint tortfeasor with respect to any loss, liability, or expense on account of the Defendants.

**WHEREFORE**, Plaintiff, L.B., demands judgment dismissing the Counterclaim of the Clarkstown defendants.

## ANSWER TO COUNTERCLAIM INDEMNIFICATION

The Plaintiff, L.B. by way of answer to the counterclaim for indemnification alleges and says:

1.  The Plaintiff, L.B. states that the Clarkstown defendants are legally liable and responsible for the acts alleged in the complaint.

2.  The Plaintiff, L.B. denies that he is liable to the Clarkstown defendants for any passive, technical, vicarious, or imputed acts, and that the alleged liability of this defendant is active, direct, and primary.

**WHEREFORE**, the Plaintiff, L.B. demands judgment against Clarkstown Soccer Club, Nicholas Arcuri and Margaret Turrin dismissing suit and awarding counsel fees and costs of suit.

-3-

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Counterclaim fails to set forth any cause of action against the Plaintiff, L.B. upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Any injuries suffered by the Plaintiffs was the direct result of the joint and several acts and conduct of the Defendants.

### THIRD SEPARATE DEFENSE

These Defendants failed to properly supervise the Plaintiff, A.B. while acting in loco parentis to the Plaintiff, A.B.

### FOURTH SEPARATE DEFENSE

These Defendants knew or should have known of the sexual assaults by her Co-Defendant, Mark Staropoli upon the Plaintiff, A.B.

### FIFTH SEPARATE DEFENSE

This Defendant had factual knowledge of the illegal relationship perpetuated by Co-Defendant upon the minor Plaintiff, A.B.  Further, this Defendant failed and refused to report to either the Plaintiff, L.B. or the appropriate authorities as required by the law.

### SIXTH SEPARATE DEFENSE

The Counterclaim of this defendant is barred by the doctrines of waiver, latches and estoppel.

-4-

EINHORN, HARRIS, ASCHER,
BARBARITO, & FROST, P.C.
Attorneys for Plaintiffs


By: _____
        MICHAEL R. ASCHER


Dated: April 29, 2008

## CERTIFICATION OF ELECTRONIC FILING AND MAILING SERVICE

I, Melody L. Burke, hereby certify as follows:

1.  I am a legal secretary at the law firm of Einhorn, Harris, Ascher, Barbarito, & Frost, P.C., attorneys for the Plaintiffs in the above captioned matter.

2.  I certify that a true copy of the within Answer to the Defendants, Clarkstown Soccer Club's Counterclaim/Crossclaim, was filed electronically filed with the United States District Court, District of New Jersey in Trenton, New Jersey on this date and that copies were also delivered via regular mail to known counsel at their respective office addresses as follows:

Joseph S. Accardi, Esq.
Accardi & Mirda, Esq.
570 W. Mt Pleasant Ave
Livingston, NJ 07039
Attorneys for Robert
Walkely

Alan S. Goldberger, Esq.
Goldberger & Goldberger
1373 Broad Street
P.O. Box 447
Clifton, NJ 07015
Attorney for Robert
Walkley & Direct Soccer

Jack T. Spinella, Esq.
Nicoll, Davis, & Spinella, LLP
95 Route 17 South
Paramus, NJ 07652
Attorney for Paula Staropoli

James Crawford Orr, Esq.
Susan Karlovich, Esq,
Wilson, Elser, Moskowitz,
Edelman & Dicker, LLP
33 Washington St - 18th Floor
Newark, NJ 07102
Attorney for Clarkstown Soccer
Nicholas Arcuri and Margaret
Turnin

_____
Melody L. Burke
Legal Secretary for
Michael R. Ascher, Esq.

LAW OFFICES
# EINHORN, HARRIS, ASCHER, BARBARITO & FROST
## A PROFESSIONAL CORPORATION

Theodore E. B. Einhorn
Peter T. Harris
Michael R. Ascher
Patricia M. Barbarito ◆✧
Bonnie C. Frost ◆✧
Gary R. Botwinick ▾
Stephen P. Haller
Thomas J. Snyder
Mark Wechsler *✧
Andrew S. Berns

OF COUNSEL

Burton J. Ironson

◆ FELLOW AMERICAN ACADEMY
OF MATRIMONIAL LAWYERS
✧ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
MATRIMONIAL LAW
ATTORNEY
● CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CIVIL TRIAL ATTORNEY
▲ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
WORKERS' COMPENSATION
ATTORNEY

165 East Main Street
(Route 53)
P. O. Box 3010
Denville, New Jersey 07834-3010

(973) 627-7300

———

Facsimiles (973) 627-0869
(973) 627-2858
(973) 627-5847

www.einhornharris.com

COUNSEL

Ivette R. Alvarez ‡
Jennifer Fortunato ‡✧
Richard C. Colloca
Linda A. Mainenti-Walsh
Jason R. Rittie ‡
Thomas F. Dorn, Jr. ●▲
Christopher L. Musmanno ‡*

Ellen M. Seigerman ‡
Elizabeth M. Vinhal ‡❖
Jennie L. Osborne ‡
Laura Ruvolo Lipp
Jhanice V. Domingo
Cimmerian A. Morgan *
Timothy J. Ford ‡
Jamie N. Lenner ‡

Robert J. Cece (1966-2003)

* Also Member of PA Bar
‡ Also Member of NY Bar
❖ Also Member of DC Bar
▾ LLM in Taxation

April 30, 2008

US DISTRICT COURT
Clerk's Office
Martin Luther King Jr. Federal Building
& US Courthouse
50 Walnut Street
Newark, NJ 07102

RE: A.B. & L.B. v. Mark Staropoli, et al
    Case No. 07-6077

Dear Sir/Madam:

    Enclosed herewith please find an original and one copy of an
Answer on behalf of the Plaintiffs A.B. & L.B. in the above-referenced
matter.

    Kindly file and return "filed" copy to this office in the self-
addressed, stamped envelope provided herewith for your convenience.

    I thank you in advance for your anticipated cooperation.

                    Very truly yours,

                    EINHORN, HARRIS, ASCHER,
                    BARBARITO & FROST, P.C.

                    By: _____
                        Michael R. Ascher, Esq.

MRA:mb

EINHORN, HARRIS, ASCHER, BARBARITO & FROST
A Professional Corporation
165 E. Main Street
P.O. Box 3010
Denville, New Jersey 07834-3010
(973) 627-7300
Attorneys for Plaintiff

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.B. and L.B., individually, ) | Docket No. 2:07-cv-6007 |
| Plaintiffs, ) | Civil Action |
| vs. ) | ANSWER TO COUNTERCLAIM, |
| MARK STAROPOLI, PAULA ) | COUNTERCLAIM AGAINST |
| STAROPOLI, CLARKSTOWN SOCCER ) | CONTRIBUTION AND |
| CLUB, BOARD MEMBERS OF ) | INDEMNIFICATION AND |
| EMPLOYEES OF THE CLARKSTOWN ) | SEPARATE DEFENSES |
| SOCCER CLUB, NICHOLAS ARCURI, ) | |
| MARGARET TURRIN, DIRECT KICK ) | |
| SOCCER, ROBERT Walkley, JOHN ) | |
| DOES 1 through 5 (fictitious ) | |
| names for the persons, ) | |
| partnerships and/or ) | |
| corporations intended), JANE ) | |
| DOES 1 through 5 (fictitious ) | |
| names for the persons, ) | |
| partnerships and/or ) | |
| corporations intended), and ) | |
| RICHARD ROES 1 through 5 ) | |
| (fictitious names for the ) | |
| persons, partnerships and/or ) | |
| corporations intended), ) | |
| ) | |
| Defendants. ) | |

Plaintiffs, A.B. and L.B., answer the Counterclaim of

Defendant, Paula Staropoli,and says:

1.    The Plaintiff, L.B. admits that he is the father and sole guardian of A.B.

2.    The Plaintiff, L.B. admits that on appropriate times that he had a duty to supervise Plaintiff's, A.B. activities to ensure her safety and well being and denies that duty arose when the Defendants acted in Loco Parentis to his child, A.B.

3.    The Plaintiff, L.B. denies the allegations set forth in Paragraph 3 of Defendant's Counterclaim since the Defendant, Paula Staropoli acted in Loco Parentis and assured by express implication to him that his child would be safe and secure.

4.    The Plaintiff denies the allegations set forth in Paragraph 4 of Defendant's Counterclaim.

5.    The Plaintiff denies the allegations set forth in Paragraph 5 of Defendant's Counterclaim.

6.    The Plaintiff denies the allegations set forth in Paragraph 6 of the Defendant's Counterclaim.

7.    The Plaintiff denies the allegations set forth in Paragraph 7 of Defendant's Counterclaim.

8.    The Plaintiff denies the allegations set forth in Paragraph 8 of the Defendant's Counterclaim.

**WHEREFORE**, the Plaintiff. L.B. demands judgment against the Defendant, Paula Staropoli dismissing Count One and awarding counsel fees and costs of suit together with whatever relief the court may deem appropriate and proper.

## COUNTERCLAIM SEEKING CONTRIBUTION
## AND INDEMNIFICATION

The Plaintiff, L.B. answers the counterclaim of the Defendant, Paula Staropoli for contribution and indemnification and says:

1. He is legally not liable or responsible for any of the acts committed by the Defendant, Paula Staropoli, or any other Defendants and is not liable for either contribution or indemnification.

**WHEREFORE**, the Plaintiff, L.B. demands judgment against the Defendant, Paula Staropoli dismissing her counterclaim for contribution and indemnification and awarding counsel fees and costs of suit.


### SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Counterclaim fails to set forth any cause of action against the Plaintiff, L.B. upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Any injuries suffered by the Plaintiffs was the direct result of the joint and several acts and conduct of the Defendants.

-3-

### THIRD SEPARATE DEFENSE

This Defendant failed to properly supervise the Plaintiff, A.B. when she was visiting the home of the Defendants, Staropoli, while acting in <u>loco parentis</u> to the Plaintiff, A.B.

### FOURTH SEPARATE DEFENSE

This Defendant knew or should have known of the sexual assaults by her Co-Defendant/husband, Mark Staropoli upon the Plaintiff, A.B.

### FIFTH SEPARATE DEFENSE

This Defendant had factual knowledge of the illegal relationship perpetuated by her Co-Defendant/husband upon the minor Plaintiff, A.B. Further, this Defendant failed and refused to report to either the Plaintiff, L.B. or the appropriate authorities as required by the law.

### SIXTH SEPARATE DEFENSE

This Defendant, willfully concealed the existence of the conduct of her Co-Defendant/husband from the Plaintiff, L.B., Law Enforcement and Child Protection Authorities.

### SEVENTH SEPARATE DEFENSE

This Defendant gave false statements to the investigating agencies regarding the conduct of her Co-Defendant/husband and his unlawful sexual relationship with Plaintiff, A.B., a minor.

### EIGHTH SEPARATE DEFENSE

This Defendant gave false testimony regarding the conduct of her Co-Defendant/husband and Plaintiff, A.B., during court

-4-

proceedings and while under oath and she concealed her knowledge of her Defendant/husband's conduct alleged in the complaint.

### NINTH SEPARATE DEFENSE

This Defendant recklessly assured plaintiff L.B. that she would provide proper care and supervision for his daughter, A.B. and that minor child would be properly supervised at the Staropoli defendants' home.

### TENTH SEPARATE DEFENSE

This Defendant intentionally misrepresented to Plaintiff L.B., that his daughter would be properly supervised when visiting at the home of defendants Staropoli.

### ELEVENTH SEPARATE DEFENSE

The Counterclaim of this defendant is barred by the doctrines of waiver, latches and estoppel.

### TWELFTH SEPARATE DEFENSE

This Defendant had a sole and exclusive duty and obligation to properly supervise the actions and conduct of the plaintiff A.B. when that minor child was under her care and supervision when visiting at the Staropoli home.

EINHORN, HARRIS, ASCHER,
BARBARITO & FROST, P.C.
Attorneys for Plaintiffs


By: _____
    MICHAEL R. ASCHER

Dated: March 11, 2008

-5-

## CERTIFICATION OF ELECTRONIC FILING AND MAILING SERVICE

I, Melody L. Burke, hereby certify as follows:

1.   I am a legal secretary at the law firm of Einhorn, Harris, Ascher, Barbarito, & Frost, P.C., attorneys for the Plaintiffs in the above captioned matter.

2.   I certify that a true copy of the within Answer to the Defendants, Clarkstown Soccer Club's Counterclaim/Crossclaim, was filed electronically filed with the United States District Court, District of New Jersey in Trenton, New Jersey on this date and that copies were also delivered via regular mail to known counsel at their respective office addresses as follows:

Alan S. Goldberger, Esq.          Jack T. Spinella, Esq.
Goldberger & Goldberger           Nicoll, Davis, & Spinella, LLP
1373 Broad Street                 95 Route 17 South
P.O. Box 447                      Paramus, NJ 07652
Clifton, NJ 07015                 Attorney for Paula Staropoli
Attorney for Robert
Walkley & Direct Soccer

                                  James Crawford Orr, Esq.
                                  Susan Karlovich, Esq,
                                  Wilson, Elser, Moskowitz,
                                  Edelman & Dicker, LLP
                                  33 Washington St - 18th Floor
                                  Newark, NJ 07102
                                  Attorney for Clarkstown Soccer
                                  Nicholas Arcuri and Margaret
                                  Turrin

_____
Melody L. Burke
Legal Secretary for
Michael R. Ascher, Esq.

-6-

CLOSING

EINHORN, HARRIS, ASCHER, BARBARITO & FROST
A Professional Corporation
165 E. Main Street
P.O. Box 3010
Denville, New Jersey 07834-3010
(973) 627-7300
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| A.B. and L.B., individually, | CASE NO.: 2:07-cv-6077-KSH-PS |
| Plaintiffs, | |
| v. | **ORDER TRANSFERRING CASE TO THE SOUTHERN DISTRICT OF NEW YORK** |
| MARK STAROPOLI, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS & EMPLOYEES OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, MARGARET TURRIN, DIRECT KICK SOCCER, ROBERT WALKLEY, JOHN DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), JANE DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), and RICHARD ROES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended). | ON INFORMAL APPLICATION |
| Defendants. | |

**THIS MATTER** being brought before the Court upon the Application of Michael R. Ascher, Esquire, attorney for Plaintiffs, A.B. and L.B., individually, for an Order transferring this matter to the Southern District of New York, and counsel for all Defendants having consented on

*and there having been no challenge to this Court's jurisdiction over defendant Staropoli, and it appearing that personal jurisdiction over all defendants*

the ~~record~~ at the Rule 16 Conference on April 17, 2008, and the Court having considered this *exist in the*

matter, and for good cause appearing; *Southern District of New York and thus transfer*

**IT IS** on this __29th__ day of __April__, 2008 *will ensure*

**ORDERED** that pursuant to 28 U.S.C.A. 1406(a) ~~and 28 U.S.C.A. 1631~~, this matter be *that the*

transferred to the United States District Court for the Southern District of New York; and it is *disagreement in the*

**FURTHER ORDERED** that pursuant to the Rule 16 Conference on April 17, 2008, *forum, which*

Defendants, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS *is convenient*

OF EMPLOYEES OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, *to all*

MARGARET TURRIN, DIRECT KICK SOCCER and ROBERT WALKLEY consent to the *parties and witnesses*

transfer and waive any and all objections to and defenses related to venue and personal

jurisdiction; and it is

**FURTHER ORDERED** that a copy of this Order be served upon all counsel of record

within __5__ days of the date hereof.

*It is further ordered that the case is closed*

_Patty Shwartz_
HON. PATTY SHWARTZ, U.S.M.J.

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### OFFICE OF THE CLERK
50 WALNUT STREET
NEWARK, NEW JERSEY 07101

CAMDEN OFFICE
1 JOHN F. GERRY PLAZA
CAMDEN, NJ 08101

WILLIAM T. WALSH
Clerk

TRENTON OFFICE
402 EAST STATE STREET
ROOM 2020
TRENTON, NJ 08608

OFFICE OF THE CLERK
USDC FOR THE
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street
New York, NY 10007

REPLY TO: NEWARK

5/13/08

> **Re:** A.B., ET AL V STAROPOLI, ETAL
> **Civil Docket No.** 07-6077

Dear Clerk:

The above-captioned case has been transferred to your court pursuant to the enclosed Certified copy of the Order dated 4/29/08. Also enclosed is a Certified Copy of the Docket Sheet. You can obtain the original record by accessing CM/ECF . Kindly acknowledge receipt on the duplicate of this letter, which is provided for your convenience.

Very truly yours,

WILLIAM T. WALSH, Clerk

By: *Jane DelleMonache*
Jane DelleMonache
Deputy Clerk

**RECEIPT ACKNOWLEDGED BY:** _____ **DATE:** _____.

**YOUR CIVIL DOCKET NUMBER:** _____.

02-6077

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

OFFICE OF THE CLERK
USDC FOR THE
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street
New York, NY 10007

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature

X ☐ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

102595-00-M-0952

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

U.S. DISTRICT COURT
MARTIN LUTHER KING, JR.
FEDERAL BLD. & U.S. COURTHOUSE
50 WALNUT STREET
P.O. BOX 419
NEWARK, N.J. 07101