UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
A.B. and L.B., individually,                    :    CIVIL ACTION NO:
                                        :    1:08-cv-04585-NRB

               Plaintiffs,          :

                                        :
    v.                                :

                                        :    **VERIFIED ANSWER TO**
MARK STAROPOLI, PAULA STAROPOLI,    :    **AMENDED COMPLAINT**
CLARKSTOWN SOCCER CLUB,            :
CLARKSTOWN SOCCER CLUB, BOARD     :
MEMBERS & EMPLOYEES OF THE        :
CLARKSTOWN SOCCER CLUB, NICHOLAS  :
ARCURI, MARGARET TURRIN, DIRECT KICK :
SOCCER, ROBERT WALKLEY, JOHN DOES 1  :
through 5 (fictitious names for the persons,    :
partnerships and/or corporations intended), JANE  :
DOES 1 through 5 (fictitious names for the persons, :
partnerships and/or corporations intended), and    :
RICHARD ROES 1 through 5 (fictitious names for  :
the persons, partnerships and/or corporations    :
intended),                                  :

                                        :
               Defendants.          :
                                        :

------------------------------------------------------------------X

    Defendants, Clarkstown Soccer Club, Board Members & Employees of Clarkstown Soccer Club, Nicholas Arcuri and Margaret Turrin, (hereinafter collectively referred to as "Clarkstown Defendants"), by and through their attorneys, in response to the allegations of Plaintiffs, A.B. and L.B. ("Plaintiffs") in the Complaint, herein say as follows:

## STATEMENT OF THE PARTIES

    1.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 1.

2011134.1

- 2 -

2.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 2.

3.    Clarkstown Defendants admit that Mark Staropoli is a former coach with their Soccer Club, but is without sufficient information to form an opinion as to the truth of the remainder of allegations contained in Paragraph 3.

4.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 4.

5.    Clarkstown Defendants deny the truth of the allegations contained in Paragraph 5.

6.    Clarkstown Defendants deny the truth of the allegations contained in Paragraph 6.

7.    Clarkstown Defendants deny the truth of the allegations contained in Paragraph 7.

8.    Clarkstown Defendants deny the truth of the allegations contained in Paragraph 8.

9.    Clarkstown Defendants admit that Margaret Turrin attended a European soccer trip sponsored by Direct Kick Soccer, but are without sufficient information to form an opinion as to the truth of the remainder of allegations contained in Paragraph 9.

10.    Clarkstown Defendants deny that Robert Walkley or Direct Kick Soccer was responsible for planning and supervision of the Clarkstown Soccer Club Team, but are without sufficient information to form an opinion as to the truth of the remainder of allegations contained in Paragraph 10.

11.    Clarkstown Defendants deny the allegations contained in Paragraph 11.

12.    Clarkstown Defendants deny the allegations contained in Paragraph 12.

2011134.1

13.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 13.

## STATEMENT OF JURISIDCTION

14.     Clarkstown Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth of the allegations contained in Paragraph 14.

15.     Clarkstown Defendants deny the allegation contained in Paragraph 15.

## STATEMENT OF VENUE

16.     Clarkstown Defendants deny the allegations contained in Paragraph 16.

## STATEMENT OF FACTS

17.     Clarkstown Defendants deny the allegations contained in Paragraph 17.

18.     Clarkstown Defendants deny recruiting plaintiff A.B., but are without sufficient information to form an opinion as to the truth of the remainder of allegations contained in Paragraph 18.

## SEXUAL ACTS OCCURRING IN THE STATE OF NEW YORK

19.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 19.

20.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 20.

21.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 21.

2011134.1

22.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 22.

23.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 23.

24.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 24.

25.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 25.

26.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 26.

27.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 27.

28.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 28.

29.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 29.

30.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 30.

31.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 31.

2011134.1

32.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 32.

33.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 33.

34.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 34.

35.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 35.

36.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 36.

37.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 37.

38.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 38.

39.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 39.

40.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 40.

41.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 41.

2011134.1

- 6 -

42.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 42.

## SEXUAL ACTS OCCURRING IN THE STATE OF NEW JERSEY

43.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 43.

44.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 44.

45.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 45.

46.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 46.

47.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 47.

48.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 48.

49.     After reasonable investigation, Clarkstown Defendants learned of the investigation of Mark Staropoli by the Morris County Prosecutor's Office, in Morristown, New Jersey.

50.     Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 50.

- 6 -

51.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 51.

52.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 52.

53.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 53.

54.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 54.

55.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 55.

## SEXUAL ACTS OCCURRING IN OTHER STATES

56.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 56.

57.    Clarkstown Defendants are without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 57.

## SEXUAL ACTS OCCURING OUTSIDE OF UNITED STATES

58.    Clarkstown Defendants deny that a team from the Clarkstown Soccer Club traveled to Europe in the summer of 2004, but are without sufficient information to form an opinion as to the truth of the remainder of allegations contained in Paragraph 58.

2011134.1

## LEGAL ALLEGATIONS

## FIRST CAUSE OF ACTION

59. Clarkstown Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 through 58 of the Complaint, as if fully set forth at length herein.

60. Clarkstown Defendants make no response to the allegations contained in Paragraph 60, as those allegations are not directed to them. To the extent that said allegations may be construed to be directed to them, such allegations are denied.

61. Clarkstown Defendants make no response to the allegations contained in Paragraph 61, as those allegations are not directed to them. To the extent that said allegations may be construed to be directed to them, such allegations are denied.

62. Clarkstown Defendants make no response to the allegations contained in Paragraph 62, as those allegations are not directed to them. To the extent that said allegations may be construed to be directed to them, such allegations are denied.

63. Clarkstown Defendants make no response to the allegations contained in Paragraph 63, as those allegations are not directed to them. To the extent that said allegations may be construed to be directed to them, such allegations are denied.

64. Clarkstown Defendants make no response to the allegations contained in Paragraph 64, as those allegations are not directed to them. To the extent that said allegations may be construed to be directed to them, such allegations are denied.

2011134.1

65.    Clarkstown Defendants make no response to the allegations contained in Paragraph 65, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

## SECOND CAUSE OF ACTION

66.    Clarkstown Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 through 65 of the Complaint, as if fully set forth at length herein.

67.    Clarkstown Defendants make no response to the allegations contained in Paragraph 67, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

68.    Clarkstown Defendants make no response to the allegations contained in Paragraph 68, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

69.    Clarkstown Defendants make no response to the allegations contained in Paragraph 69, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

70.    Clarkstown Defendants make no response to the allegations contained in Paragraph 70, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

71.    Clarkstown Defendants make no response to the allegations contained in Paragraph 71, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

2011134.1

72. Clarkstown Defendants make no response to the allegations contained in Paragraph 72, as those allegations are not directed to them. To the extent that said allegations may be construed to be directed to them, such allegations are denied.

## THIRD CAUSE OF ACTION

73. Clarkstown Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 through 72 of the Complaint, as if fully set forth at length herein.

74. Clarkstown Defendants make no response to the allegations contained in Paragraph 74, as those allegations are not directed to them. To the extent that said allegations may be construed to be directed to them, such allegations are denied.

75. Clarkstown Defendants make no response to the allegations contained in Paragraph 75, as those allegations are not directed to them. To the extent that said allegations may be construed to be directed to them, such allegations are denied.

76. Clarkstown Defendants make no response to the allegations contained in Paragraph 76, as those allegations are not directed to them. To the extent that said allegations may be construed to be directed to them, such allegations are denied.

77. Clarkstown Defendants make no response to the allegations contained in Paragraph 77, as those allegations are not directed to them. To the extent that said allegations may be construed to be directed to them, such allegations are denied.

78. Clarkstown Defendants make no response to the allegations contained in Paragraph 78, as those allegations are not directed to them. To the extent that said allegations may be construed to be directed to them, such allegations are denied.

2011134.1

79.    Clarkstown Defendants make no response to the allegations contained in Paragraph 79, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

## FOURTH CAUSE OF ACTION

80.    Clarkstown Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 through 79 of the Complaint, as if fully set forth at length herein.

81.    Clarkstown Defendants deny the allegations contained in Paragraph 81.

82.    Clarkstown Defendants deny the allegations contained in Paragraph 82.

83.    Clarkstown Defendants admit the allegations contained in Paragraph 83.

84.    Clarkstown Defendants deny the allegations contained in Paragraph 84.

85.    Clarkstown Defendants deny the allegations contained in Paragraph 85.

86.    Clarkstown Defendants deny the allegations contained in Paragraph 86.

## FIFTH CAUSE OF ACTION

87.    Clarkstown Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 through 86 of the Complaint, as if fully set forth at length herein.

88.    Clarkstown Defendants deny the allegations contained in Paragraph 88.

89.    Clarkstown Defendants deny the allegations contained in Paragraph 89.

90.    Clarkstown Defendants deny the allegations contained in Paragraph 90.

2011134.1

91.    Clarkstown Defendants deny the allegations contained in Paragraph 91

## SIXTH CAUSE OF ACTION.

92.    Clarkstown Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 through 91 of the Complaint, as if fully set forth at length herein.

93.    Clarkstown Defendants deny the allegations contained in Paragraph 93.

94.    Clarkstown Defendants deny the allegations contained in Paragraph 94.

95.    Clarkstown Defendants deny the allegations contained in Paragraph 95

## SEVENTH CAUSE OF ACTION

96.    Clarkstown Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 through 95 of the Complaint, as if fully set forth at length herein.

97.    Clarkstown Defendants admit that Margaret Turrin attended a European tournament trip, deny that Clarkstown Soccer Club was in any way involved with that trip and are without sufficient information to form an opinion as to the truth of the remainder of allegations contained in Paragraph 97.

98.    Clarkstown Defendants make no response to the allegations contained in Paragraph 98, as those allegations are not directed to them.   To the extent that said allegations may be construed to be directed to them, such allegations are denied.

- 12 -

2011134.1

99.    Clarkstown Defendants make no response to the allegations contained in Paragraph 99, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

100.    Clarkstown Defendants make no response to the allegations contained in Paragraph 100, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

101.    Clarkstown Defendants make no response to the allegations contained in Paragraph 101, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

102.    Clarkstown Defendants make no response to the allegations contained in Paragraph 102, as those allegations are not directed to them.    To the extent that said allegations may be construed to be directed to them, such allegations are denied.

## EIGHTH CAUSE OF ACTION

103.    Clarkstown Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 through 102 of the Complaint, as if fully set forth at length herein.

104.    Clarkstown Defendants deny the allegations contained in Paragraph 104.

105.    Clarkstown Defendants deny the allegations contained in Paragraph 105.

106.    Clarkstown Defendants deny the allegations contained in Paragraph 106.

2011134.1

## NINTH CAUSE OF ACTION

107.    Clarkstown Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 through 106 of the Complaint, as if fully set forth at length herein.

108.    Clarkstown Defendants deny the allegations contained in Paragraph 108.

109.    Clarkstown Defendants deny the allegations contained in Paragraph 109.

110.    Clarkstown Defendants deny the allegations contained in Paragraph 110.

111.    Clarkstown Defendants deny the allegations contained in Paragraph 111.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

One or more of the claims in the Amended Complaint are barred by provisions of the applicable Statute of Limitations.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs failed to mitigate damages.

## THIRD AFFIRMATIVE DEFENSE

Any injuries, losses or damages alleged to have been sustained by the Plaintiffs were the act or omission of a third person or persons, instrumentality or agency over whom the Clarkstown defendants had no control or no duty to control.

2011134.1

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred pursuant to the Doctrine of Superseding and/or Intervening Cause.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action against the Clarkstown Defendants may be barred by N.J.S. 2A:53A-7.1.

## SEVENTH AFFIRMATIVE DEFENSE

If the Plaintiffs suffered any injuries as alleged, they were caused solely and primarily by the carelessness, recklessness, negligence and/or contributory negligence of plaintiff, L.B.

## COUNTERCLAIMS AGAINST L.B.

## COUNTERCLAIM AGAINST L.B. FOR NEGLIGENT SUPERVISION

Clarkstown Defendants, by way of Counterclaim against L.B., allege and say:

1.    As the father and sole guardian of the unemancipated minor A.B., L.B. was in the best position to know the limitations and capabilities of his own child.

2.    As the father of A.B., L.B. had a duty to supervise A.B.'s activities to ensure her safety and well-being.

2011134.1

3.      L.B. wantonly and recklessly disregarded his parental duty by repeatedly permitting his underage daughter to sleep at Mr. Staropoli's home for weeks at a time, unsupervised, beginning in the summer of 2002, when A.B. was only 13 years old, and continuing even after Mr. Staropoli was being investigated by a child welfare agency for criminal sexual assault on his daughter in August 2004.

4.      L.B. wantonly and recklessly disregarded his parental duty by allowing Mr. Staropoli to pick up A.B. from his home in New Jersey and drive, unsupervised, to various locations where he had improper, sexual relations with his underage daughter.

5.      L.B. wantonly and recklessly disregarded his parental duty by failing to supervise his daughter in his own home wherein Mr. Staropoli had improper sexual relations with A.B. on numerous occasions in 2004.

6.      L.B.'s severe lack of parental supervision of his underage daughter rose to the level of willful and wanton misconduct and was a proximate cause of damages alleged in the Amended Complaint.

WHEREFORE, the Clarkstown Defendants demand:

a.      Judgment against plaintiff L.B. for any and all damages alleged by plaintiffs;

b.      Attorneys fees and costs; and

c.      Any other relief the Court may deem just and proper.

2011134.1

## COUNTERCLAIM AGAINST L.B. FOR CONTRIBUTION

Clarkstown Defendants, by way of counterclaim for contribution against L.B., allege and say:

1.      Clarkstown Defendants deny any and all legal liability and responsibility for the acts alleged in the Complaint.

2.      If Clarkstown Defendants should be found liable to plaintiffs, which liability is denied, Clarkstown Defendants assert that L.B. is a joint tortfeasor with respect to any loss, liability or expense on account of plaintiffs' demand for judgment.

WHEREFORE, Clarkstown Defendants demand judgment for contribution against L.B.

## COUNTERCLAIM AGAINST L.B. FOR INDEMNIFICATION

Clarkstown Defendants, allege and say:

1.      Clarkstown Defendants deny any and all legal liability and responsibility for the acts alleged in the Complaint.

2.      If Clarkstown Defendants should be found liable to plaintiffs herein, which liability is denied, said liability will only be secondary, passive, technical, vicarious, or imputed and the liability of L.B. is active, direct and primary.

WHEREFORE, Clarkstown Defendants demand judgment against L.B. for indemnification in full with respect to any damages which may be recovered against the Clarkstown Defendants, by plaintiffs herein together with interest and costs of suit.

2011134.1

## CROSSCLAIMS

## CROSSCLAIM FOR CONTRIBUTION

Clarkstown Defendants, by way of crossclaim for contribution against all co-defendants, allege and say:

1.      Clarkstown Defendants deny any and all legal liability and responsibility for the acts alleged in the Complaint.

2.      If Clarkstown Defendants should be found liable to plaintiffs, which liability is denied, Clarkstown Defendants assert that all co-defendants herein are joint tortfeasors with respect to any loss, liability or expense on account of plaintiffs' demand for judgment.

WHEREFORE, Clarkstown Defendants demand judgment for contribution against all codefendants herein.

## CROSSCLAIM FOR INDEMNIFICATION

Clarkstown Defendants, by way of crossclaim for indemnification against co-defendants, allege and say:

1.      Clarkstown Defendants deny any and all legal liability and responsibility for the acts alleged in the Complaint.

2.      If Clarkstown Defendants should be found liable to plaintiffs herein, which liability is denied, said liability will only be secondary, passive, technical, vicarious, or imputed and the liability of all codefendants herein named or to be named in the future is active, direct and primary.

2011134.1

- 19 -

WHEREFORE, Clarkstown Defendants demand judgment dismissing the Amended Complaint, together with the costs and disbursements of this action and further demand judgment against co-defendants herein now named or which may be named in the future for contribution and/or indemnification with respect to any damages which may be recovered against the Clarkstown Defendants, by plaintiffs herein together with interest and costs of suit.

Dated:        June 6, 2008

WILSON,    ELSER,    MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendants Clarkstown Soccer Club, Board Members and Employees of the Clarkstown Soccer Club, Nicholas Arcuri and Margaret Turrin

By:    _____
Glen S. Feinberg (GSF-4790)