NICOLL DAVIS & SPINELLA LLP
250 Park Avenue, Suite 1500
New York, New York 10177
(212) 972-0786
Attorneys for Defendant, Paula Staropoli

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| A.B. and L.B., individually,<br><br>      Plaintiff,<br><br> v.<br><br>MARK STAROPOLI, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS OF EMPLOYERS OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, MARGARET TURRIN, DIRECT KICK SOCCER, ROBERT WALKLEY, JOHN DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), JANE DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), and RICHARD ROES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended),<br><br>      Defendants. | Civil Action Number: 1:08-cv-04585-NRB<br><br>ANSWER TO AMENDED COMPLAINT, COUNTERCLAIM, AND CROSS CLAIMS |

   Defendant, Paula Staropoli (the "Defendant"), by and through her attorneys, in response to the allegations of Plaintiffs, A.B. and L.B. (the "Plaintiffs") in the Complaint, herein say as follows:

## STATEMENT OF THE PARTIES

   1.  Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.	Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.	Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.	Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

5.	Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.	Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.	Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.	Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.	Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.	Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.	Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.	Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.	Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 13 of the Complaint.

**STATEMENT OF JURISDICTION**

14. Defendant cannot answer the allegations of paragraph 14, as paragraph 14 requires a legal conclusion. To the extent that any of the allegations are intended to be allegations of fact, Defendant denies said allegations contained in paragraph and all its subparts.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

**STATEMENT OF VENUE**

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

**STATEMENT OF FACTS**

17. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 18 of the Complaint.

**SEXUAL ACTS OCCURRING IN THE STATE OF NEW YORK**

19. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Admit that Plaintiff A.B. stayed at the Staropoli home occupied by Mark Staropoli and Paula Staropoli, however, Defendant is without sufficient information to form an opinion as to the truth of the remaining allegations in Paragraph 21 of the Complaint.

22. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 42 of the Complaint.

### **SEXUAL ACTS OCCURRING IN THE STATE OF NEW JERSEY**

43. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 52 of the Complaint.

53. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 54 of the Complaint.

55. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 55 of the Complaint.

## SEXUAL ACTS OCCURRING IN OTHER STATES

56. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in Paragraph 57 of the Complaint.

## SEXUAL ACTS OCCURRING OUTSIDE OF UNITED STATES

58. Defendant is without sufficient information to form an opinion as to the truth of the allegations contained in sentences one and three of Paragraph 58 of the Complaint. Defendant denies that she chaperoned any team at any time.

## LEGAL ALLEGATIONS

## FIRST CAUSE OF ACTION

59. Defendant repeats and realleges her answers to each and every allegation contained in Paragraphs 1 through 58 of the Complaint, as if fully set forth at length herein.

60. Defendant makes no response to the allegations contained in Paragraph 60, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

61. Defendant makes no response to the allegations contained in Paragraph 61, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

62. Defendant makes no response to the allegations contained in Paragraph 62, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant makes no response to the allegations contained in Paragraph 64, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

65. Defendant makes no response to the allegations contained in Paragraph 65, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

## SECOND CAUSE OF ACTION

66. Defendant repeats and realleges her answers to each and every allegation contained in Paragraphs 1 through 65 of the Complaint, as if fully set forth at length herein.

67. Defendant makes no response to the allegations contained in Paragraph 67, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

68. Defendant makes no response to the allegations contained in Paragraph 68, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

69. Defendant makes no response to the allegations contained in Paragraph 69, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

70. Defendant makes no response to the allegations contained in Paragraph 70, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

71. Defendant makes no response to the allegations contained in Paragraph 71, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

72. Defendant makes no response to the allegations contained in Paragraph 72, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

## THIRD CAUSE OF ACTION

73. Defendant repeats and realleges her answers to each and every allegation contained in Paragraphs 1 through 72 of the Complaint, as if fully set forth at length herein.

74. Admit that Defendant is the wife of defendant Mark Staropoli but deny the remaining allegations of Paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78. Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79. Defendant makes no response to the allegations contained in Paragraph 79, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

## FOURTH CAUSE OF ACTION

80. Defendant repeats and realleges her answers to each and every allegation contained in Paragraphs 1 through 79 of the Complaint, as if fully set forth at length herein.

81. Defendant makes no response to the allegations contained in Paragraph 81, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

82. Defendant makes no response to the allegations contained in Paragraph 82, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

83. Defendant makes no response to the allegations contained in Paragraph 83, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

84. Defendant makes no response to the allegations contained in Paragraph 84, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

85. Defendant makes no response to the allegations contained in Paragraph 85, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

86. Defendant makes no response to the allegations contained in Paragraph 86, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

## **FIFTH CAUSE OF ACTION**

87. Defendant repeats and realleges her answers to each and every allegation contained in Paragraphs 1 through 86 of the Complaint, as if fully set forth at length herein.

88. Defendant makes no response to the allegations contained in Paragraph 88, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

89. Defendant makes no response to the allegations contained in Paragraph 89, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

90. Defendant makes no response to the allegations contained in Paragraph 90, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

91. Defendant makes no response to the allegations contained in Paragraph 91, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

**SIXTH CAUSE OF ACTION**

92. Defendant repeats and realleges her answers to each and every allegation contained in Paragraphs 1 through 91 of the Complaint, as if fully set forth at length herein.

93. Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94. Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95. Defendant denies the allegations contained in Paragraph 95 of the Complaint.

**SEVENTH CAUSE OF ACTION**

96. Defendant repeats and realleges her answers to each and every allegation contained in Paragraphs 1 through 95 of the Complaint, as if fully set forth at length herein.

97. Defendant makes no response to the allegations contained in Paragraph 97, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

98. Defendant makes no response to the allegations contained in Paragraph 98, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

99. Defendant makes no response to the allegations contained in Paragraph 99, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

100. Defendant makes no response to the allegations contained in Paragraph 100, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

101. Defendant makes no response to the allegations contained in Paragraph 101, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

102. Defendant makes no response to the allegations contained in Paragraph 102, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

### EIGHTH CAUSE OF ACTION

103. Defendant repeats and realleges her answers to each and every allegation contained in Paragraphs 1 through 102 of the Complaint, as if fully set forth at length herein.

104. Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105. Defendant makes no response to the allegations contained in Paragraph 105, as those allegations are not directed to her. To the extent that said allegations may be construed to be directed to her, such allegations are denied.

106. Defendant denies the allegations contained in Paragraph 106 of the Complaint.

## NINTH CAUSE OF ACTION

107. Defendant repeats and realleges her answers to each and every allegation contained in Paragraphs 1 through 106 of the Complaint, as if fully set forth at length herein.

108. Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109. Defendant denies the allegations contained in Paragraph 109 of the Complaint.

110. Defendant denies the allegations contained in Paragraph 110 of the Complaint.

111. Defendant denies the allegations contained in Paragraph 111 of the Complaint.

**WHEREFORE**, Defendant, Paula Staropoli, demands Judgment against the Plaintiffs, A.B. and L.B., dismissing the Amended Complaint, toghether with costs of suit, attorney's fees and such other and further relief as the Court may deem just and equitable.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

Plaintiffs are guilty of comparative negligence which negligence is greater than that of Defendant, and Plaintiffs are therefore barred from recovery.

## SECOND SEPARATE DEFENSE

The Plaintiffs are barred by provisions of the applicable Statute of Limitations.

## THIRD SEPARATE DEFENSE

The Plaintiffs fail to state a claim against the Defendant upon which relief may be granted.

## FOURTH SEPARATE DEFENSE

The Plaintiffs are barred by virtue of the Doctrine of Estoppel, the Doctrine of Laches and the Doctrine of Waiver.

## FIFTH SEPARATE DEFENSE

The Plaintiffs' Complaint is barred by the Doctrine of Unforeseeability.

## SIXTH SEPARATE DEFENSE

The Defendant had no duty to the Plaintiffs at the times and places referred to in the Complaint.

## SEVENTH SEPARATE DEFENSE

If the Plaintiffs suffered any injuries alleged, they were caused solely and primarily by Plaintiffs own consent, carelessness, recklessness, negligence and/or contributory negligence.

## EIGHTH SEPARATE DEFENSE

Defendant denies she is guilty of any negligence that was the proximate or producing cause of any injuries, losses or damages alleged to have been sustained by Plaintiffs.

## NINTH SEPARATE DEFENSE

Defendant reserves the right to rely on any affirmative or separate defenses pled by any other party hereto and otherwise pleaded herein, except to the extent that such defenses attempt to impose responsibility or liability upon the Defendant.

## TENTH SEPARATE DEFENSE

Plaintiffs' claims are barred since Defendant has no actual or constructive notice of the alleged improper conduct by Defendant Mark Staropoli.

## ELEVENTH SEPARATE DEFENSE

Defendant violated no duty due and owing to the Plaintiffs.

### TWELFTH SEPARATE DEFENSE

The Plaintiffs' Complaint is barred by virtue of their failure to mitigate damages.

### THIRTEENTH SEPARATE DEFENSE

Any injuries, losses or damages alleged to have been sustained by the Plaintiffs were the act or omission of a third person or persons, instrumentality or agency over whom the Defendant had no control.

### FOURTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred pursuant to the Doctrine of Superseding and/or Intervening Cause.

### FIFTEENTH SEPARATE DEFENSE

If it is proven that he Defendant was negligent, which allegations are hereby expressly denied, then Plaintiffs' claims are barred, controlled or limited by Plaintiffs' assumption of the risk.

### SIXTEENTH SEPARATE DEFENSE

Defendant reserves the right to interpose such other defenses as it may deem appropriate through continuing discovery of this matter.

### COUNTERCLAIMS AGAINST L.B.

### COUNTERCLAIM AGAINST L.B. FOR NEGLIGENT SUPERVISION

Defendant, by way of Counterclaim against L.B., alleges and says:

1. As the father and sole guardian of the unemancipated minor A.B., L.B. was in the best position to know the limitations and capabilities of his own child.

2. As the father of A.B., L.B. had a duty to supervise A.B.'s activates to ensure her safety and well-being.

3. L.B. wantonly and recklessly disregarded his parental duty by repeatedly permitting his underage daughter to sleep at Mr. Staropoli's home for weeks at a time, unsupervised, beginning in the summer of 2002, when A.B. was only 13 years old, and continuing even after Mr. Staropoli was being investigated by a child welfare agency for criminal sexual assault on his daughter in August 2004.

4. L.B. wantonly and recklessly disregarded his parental duty by allowing Mr. Staropoli to pick up A.B. form his home in New Jersey and drive, unsupervised, to various locations where he had improper, sexual relations with his underage daughter.

5. L.B. wantonly and recklessly disregarded his parental duty by failing to supervise his daughter in his own home wherein Mr. Staropoli had improper sexual relations with A.B. on numerous occasions in 2004.

6. L.B.'s severe lack of parental supervision of his underage daughter rose to the level of willful and wanton misconduct.

7. Given L.B.'s severe lack of parental supervision, as well as the inordinate amount of time Mr. Staropoli was spending with his underage daughter, it was foreseeable, and L.B. should have known, that improper sexual relations were occurring between A.B. and Mr. Staropoli.

8. L.B.'s severe lack of parental supervision proximately caused the Plaintiffs' alleged financial, medical and psychological damages.

**WHEREFORE**, the Defendant demands:

    a. Judgment against Plaintiff L.B. for any and all damages alleged by Plaintiffs;

    b. Attorneys fees and costs; and

    c. Any other relief the Court may deem just and proper.

## COUNTERCLAIM AGAINST L.B. FOR CONTRIBUTION

Defendant, by way of counterclaim for contribution against L.B., allege and say:

1. Defendant denies any and all legal liability and responsibility for the acts alleged in the Complaint.

2. If Defendant should be found liable to Plaintiffs, which liability is denied, Defendant asserts that L.B. is a joint tortfeasor with respect to any loss, liability or expense on account of Plaintiffs' demand for judgment.

**WHEREFORE**, Defendant demands judgment for contribution against L.B.

## COUNTERCLAIM AGAINST L.B. FOR INDEMNIFICATION

Defendant, by way of crossclaim for indemnification against L.B., allege and say:

1. Defendant denies any and all legal liability and responsibility for the acts alleged in the Complaint.

2. If Defendant should be found liable to Plaintiffs herein, which liability is denied, said liability will only be secondary, passive, technical, vicarious, or imputed and the liability of L.B. is active, direct and primary.

**WHEREFORE**, Defendant demands judgment against L.B. for indemnification in full with respect to any damages which may be recovered against the Defendant, by Plaintiffs herein together with interest and costs of suit.

## CROSSCLAIMS

## CROSSCLAIM FOR CONTRIBUTION

Defendant, by way of crossclaim for contribution against all co-defendants, allege and say:

1. Defendant denies any and all legal liability and responsibility for the acts alleged in the Complaint.

2. If Defendant should be found liable to Plaintiffs, which liability is denied, Defendant asserts that all co-defendants herein are joint tortfeasors with respect to any loss, liability or expense on account of Plaintiffs' demand for judgment.

**WHEREFORE**, Defendant demands judgment for contribution against all co-defendants.

## CROSSCLAIM FOR INDEMNIFICATION

Defendant, by way of crossclaim for indemnification against all co-defendants, allege and say:

1. Defendant denies any and all legal liability and responsibility for the acts alleged in the Complaint.

2. If Defendant should be found liable to Plaintiffs herein, which liability is denied, said liability will only be secondary, passive, technical, vicarious, or imputed and the liability of all co-defendants herein named or to be named in the future is active, direct and primary.

**WHEREFORE**, Defendant demands judgment against co-defendants herein now named or which may be named in the future for indemnification in full with respect to any damages which may be recovered against the Defendant, by Plaintiffs herein together with interest and costs of suit.

## ANSWER TO CROSSCLAIMS

Defendant, Paula Staropoli denies the allegations of any and all cross-claims filed or which may be filed against the defendant, Paula Staropoli, in this matter.

## **DEMAND FOR STATEMENT OF DAMAGES**

Defendant demands that Plaintiffs furnish a written statement and itemization of the amount of damages they claim in this lawsuit within five days of the date hereof.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant hereby demands a trial by jury to all matters pleaded so triable in this matter.

## **DESIGNATION OF TRIAL COUNSEL**

Jack T. Spinella, Esq. is hereby designated as trial counsel.

## **CERTIFICATION OF NO OTHER PENDING ACTION OR ARBITRATION**

Pursuant to L. Civ. R. 11.2, I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or contemplated action or arbitration proceeding, other than the criminal actions entitled The People of the State of New York v. Mark Staropoli, Indictment No.: 2055-33 and the State of New Jersey v. Mark Staropoli, Indictment No.: 05-000093.  In addition, I am unaware of any additional or indispensable parties who should be joined in this action at this time.

                                              NICOLL DAVIS & SPINELLA LLP
                                              Attorneys for Defendant

                              By:   /s/ Jack T. Spinella
                                        Jack T. Spinella

Dated: June 12, 2008

## **CERTIFICATION OF ELECTRONIC FILING AND MAILING**

I, Jack T. Spinella, the undersigned, certify that a true copy of the within Answer to the Amended Complaint, Counterclaim and Crossclaims was electronically filed with the United States District Court, for the Southern District of New York in White Plains, New York on this date and I did cause to be served a true and correct copy of Defendant's Answer via electronic filing on:

Michael R. Ascher, Esq.  
Einhorn, Harris, Ascher, Barbarito,  
Frost & Ironson, PC  
165 E. Main Street  
P.O. Box 3010  
Denville, New Jersey 07834-3010  
Attorneys for Plaintiffs

Alan S. Goldberger, Esq.  
Goldberger & Goldberger  
1373 Broad Street  
P.O. Box 447  
Clifton, New Jersey 07015  
Attorneys for Robert Walkley & Direct Kick Soccer

Glen S. Feinberg, Esq.  
Wilson, Elser, Moskowitz,  
Edelman & Dicker LLP  
3 Gannett Drive  
White Plaines, New York 10604  
Attorneys for Defendants,  
Clarkstown Soccer Club, Board Members  
And Employees of the Clarkstown Soccer Club  
Nicholas Arcuri and Margaret Turrin

                            NICOLL DAVIS & SPINELLA LLP  
                            Attorneys for Defendant

            By:    /s/ Jack T. Spinella_____  
                      Jack T. Spinella

Dated: June 12, 2008