UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| A.B. and L.B., individually,<br><br>    Plaintiffs,<br><br>vs.<br><br>MARK STAROPOLI, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS OF EMPLOYEES OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, MARGARET TURRIN, DIRECT KICK SOCCER, ROBERT WALKLEY, JOHN DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), JANE DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), and RICHARD ROES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended),<br><br>    Defendants. | CASE NO. 1:08-cv-04585-NRB<br><br>CIVIL ACTION<br><br><br>**ANSWER TO AMENDED COMPLAINT, CLAIM FOR CONTRIBUTION AND INDEMNIFICATION, DEMAND FOR TRIAL BY JURY**<br><br><br>FILED ELECTRONICALLY |

Defendant, Robert Walkley, individually and t/a "Direct Kick Soccer," incorrectly denominated in the Amended Complaint as "Direct Kick Soccer," by way of Answer to the Amended Complaint, says:

**ANSWER AS TO STATEMENT OF THE PARTIES**

1.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.  Answering Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 2.

    3.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

    4.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

    5.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

    6.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

    7.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

    8.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

    9.    Answering Defendant denies the allegations contained in Paragraph 9.

    10.    It is admitted that answering Defendant resides at 72 Roosevelt Avenue, Pearl River, New York and traded as "Direct Kick Soccer." The remaining allegations of Paragraph 10 are denied.

    11.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

    12.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

    13.    Answering Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 13.

## ANSWER AS TO STATEMENT OF JURISDICTION

14. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

## ANSWER AS TO STATEMENT OF VENUE

16. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16; to the extent that the Paragraph recites that the venue of the within case properly lies in the District of New Jersey, same is a conclusion of law and no answer is made with respect thereto.

## ANSWER AS TO STATEMENT OF FACTS

17. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

## ANSWER AS TO SEXUAL ACTS OCCURRING IN THE STATE OF NEW YORK

19. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. Answering Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 21.

22.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29.     Denies acknowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32.     Answering Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 32.

33. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36. Denies acknowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

38. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

39. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

40. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

42. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

**ANSWER AS TO SEXUAL ACTS OCCURRING IN THE STATE OF NEW JERSEY**

43. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

44. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.

46. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.

47. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.

48. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48.

49. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49.

50. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50.

51. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51.

52. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52.

53. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53.

54. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54.

55. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55.

### ANSWER AS TO SEXUAL ACTS OCCURRING IN OTHER STATES

56. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.

57. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57.

### ANSWER AS TO SEXUAL ACTS OCCURRING OUTSIDE OF THE UNITED STATES

58. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58.

### ANSWER AS TO LEGAL ALLEGATIONS

### ANSWER TO FIRST CAUSE OF ACTION

59. Answering Defendant repeats and realleges each and every answer to the allegations of Paragraphs 1 through 58 as though set forth herein at length.

60. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60.

61. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61.

62. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62.

63. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63.

64. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64.

65. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65.

### ANSWER TO SECOND CAUSE OF ACTION

66. Answering Defendant repeats and realleges each and every answer to the allegations of the First Cause of Action as though set forth herein at length.

67. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67.

68. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68.

69. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69.

70. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70.

71. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71.

72. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72.

### ANSWER TO THIRD CAUSE OF ACTION

73. Answering Defendant repeats and realleges each and every answer to the allegations of the First and Second Cause of Action as though set forth herein at length.

74. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74.

75. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75.

76. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76.

77. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77.

78. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78.

79. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79.

### ANSWER TO FOURTH CAUSE OF ACTION

80. Answering Defendant repeats and realleges each and every answer to the allegations of the First through Third Cause of Action as though set forth herein at length.

81. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81.

82. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82.

83. Answering Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 83.

84. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84.

85. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85.

86. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86.

## ANSWER TO FIFTH CAUSE OF ACTION

87. Answering Defendant repeats and realleges each and every answer to the allegations of the First through Fourth Cause of Action as though set forth herein at length.

88. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88.

89. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89.

90. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90.

91. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91.

## ANSWER TO SIXTH CAUSE OF ACTION

92. Answering Defendant repeats and realleges each and every answer to the allegations of the First through Fifth Cause of Action as though set forth herein at length.

93. Answering Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 93.

94. The allegations contained in Paragraph 94 which may be deemed directed against answering Defendant are denied.

95. The allegations contained in Paragraph 95 are not directed against answering Defendant and therefore no answer is made thereto except to deny any such allegations which may be deemed directed against answering Defendant.

### ANSWER TO SEVENTH CAUSE OF ACTION

96. Answering Defendant repeats and realleges each and every answer to the allegations of the First through Sixth Cause of Action as though set forth herein at length.

97. Answering Defendant denies the allegations contained in Paragraph 97.

98. Answering Defendant denies the allegations contained in Paragraph 98.

99. Answering Defendant denies the allegations contained in Paragraph 99.

100. Answering Defendant denies the allegations contained in Paragraph 100

101. Answering Defendant denies the allegations contained in Paragraph 101.

102. Answering Defendant denies the allegations contained in Paragraph 102.

### ANSWER TO EIGHTH CAUSE OF ACTION

103. Answering Defendant repeats and realleges each and every answer to the allegations of the First through Seventh Cause of Action as though set forth herein at length.

104. The allegations contained in Paragraph 104 are not directed against answering Defendant and therefore no answer is made thereto except to deny any such allegations which may be deemed directed against answering Defendant.

105. The allegations contained in Paragraph 105 are not directed against answering

Defendant and therefore no answer is made thereto except to deny any such allegations which may be deemed directed against answering Defendant.

106. The allegations contained in Paragraph 106 are not directed against answering Defendant and therefore no answer is made thereto except to deny any such allegations which may be deemed directed against answering Defendant.

## ANSWER TO NINTH CAUSE OF ACTION

107. Answering Defendant repeats and realleges each and every answer to the allegations of the First through Eight Cause of Action as though set forth herein at length.

108. The allegations contained in Paragraph 108 are not directed against answering Defendant and therefore no answer is made thereto except to deny any such allegations which may be deemed directed against answering Defendant.

109. The allegations contained in Paragraph 109 are not directed against answering Defendant and therefore no answer is made thereto except to deny any such allegations which may be deemed directed against answering Defendant.

110. The allegations contained in Paragraph 110 are not directed against answering Defendant and therefore no answer is made thereto except to deny any such allegations which may be deemed directed against answering Defendant.

111. The allegations contained in Paragraph 111 are not directed against answering Defendant and therefore no answer is made thereto except to deny any such allegations which may be deemed directed against answering Defendant.

## FIRST SEPARATE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE

Answering Defendant was not guilty of any negligence.

## THIRD SEPARATE DEFENSE

Any damages suffered by the Plaintiffs were caused directly, proximately and solely by the negligence of third-persons beyond the control of answering Defendant.

## FOURTH SEPARATE DEFENSE

Any damages sustained by the Plaintiffs were the result of an independent cause beyond the control of answering Defendant.

## FIFTH SEPARATE DEFENSE

Answering Defendant asserts entitlement to a credit or set off with respect to all collateral payments to Plaintiffs for injuries.

## SIXTH SEPARATE DEFENSE

Plaintiffs are barred from recovery and have waived all rights thereto by reason of Plaintiffs' carelessness and contributory negligence.

## SEVENTH SEPARATE DEFENSE

Answering Defendant breached no warranties, oral or written, express or implied to Plaintiffs.

## EIGHTH SEPARATE DEFENSE

Answering Defendant violated no cognizable duty to Plaintiffs under the applicable laws of the jurisdictions wherein the alleged acts and/or omissions occurred, or under any other statute, treaty, or applicable declaration or doctrine.

## NINTH SEPARATE DEFENSE

Any damages sustained by Plaintiffs were occasioned by Plaintiffs' own acts and/or omissions.

**TENTH SEPARATE DEFENSE**

Answering Defendant further asserts that Plaintiffs' claims are barred by the doctrine of "avoidable consequences" and "mitigation" in that Plaintiffs and/or others could have and therefore should have taken action to minimize or preclude and avoid any claims and causes of action or alleged injuries and damages and failed to do so.

**ELEVENTH SEPARATE DEFENSE**

The negligence of the Plaintiffs were greater than the negligence of answering Defendant, which negligence is denied, and such negligence of the Plaintiffs were a substantial factor in causing the incidents, personal injuries, and damages about which Plaintiffs now complain and, therefore, Plaintiffs are barred from recovery by virtue of N.J.S.A. 2A:15-5.1 et seq.

**TWELFTH SEPARATE DEFENSE**

If Plaintiffs sustained the injuries and damages alleged in the Amended Complaint, same were wholly or in part caused by the culpable conduct of Plaintiffs and the Defendant is entitled to judgment dismissing the Amended Complaint herein, or, in the alternative, the Defendant is entitled to judgment assessing and fixing the culpable conduct of Plaintiffs contributing to said injuries and damages.

**THIRTEENTH SEPARATE DEFENSE**

Answering Defendant is immune from tort liability pursuant to N.J.S.A. 2A:62A-6 et seq.

**FOURTEENTH SEPARATE DEFENSE**

The Amended Complaint is barred by insufficiency of process.

## FIFTEENTH SEPARATE DEFENSE

The Amended Complaint is barred by insufficiency of service of process.

## SIXTEENTH SEPARATE DEFENSE

The claim is barred by reason of lack of privity.

## SEVENTEENTH SEPARATE DEFENSE

The liability of the answering Defendant, if any, to the Plaintiffs for his/her non-economic loss, if any, is limited to and does not exceed said Defendant's equitable share of liability, determined according to the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom the Plaintiffs could have obtained personal jurisdiction with the exercise of due diligence.

## EIGHTEENTH SEPARATE DEFENSE

Answering Defendant is entitled to have Plaintiffs' award, if any, reduced by the amount of remuneration and/or compensation the Plaintiffs received for some or all of her/his claimed economic loss.

## NINETEENTH SEPARATE DEFENSE

In the event that the Plaintiffs recover any judgment against answering Defendant, then this Defendant demands that any such judgment be diminished in accordance with Article 16 of the CPLR and more particularly Section 1601 thereof.

## TWENTIETH SEPARATE DEFENSE

Any damages suffered by the Plaintiffs were caused directly, proximately, and solely by the intentional, criminal acts of third persons beyond the control of answering Defendant.

### TWENTY-FIRST SEPARATE DEFENSE

The Amended Complaint is barred by reason of failure to join an indispensable party.

### TWENTY-SECOND SEPARATE DEFENSE

Some or all of Plaintiffs' claims against answering Defendant are or may be barred in whole or in part by applicable statutes of limitation.

### TWENTY-THIRD SEPARATE DEFENSE

Answering Defendant alleges that if Plaintiffs sustained any injuries or damages at the time and place alleged in the Amended Complaint, such injuries or damages were the result of the culpable conduct of the Plaintiffs or because of the Plaintiffs' negligence.  Should it be found however, that the answering Defendant is liable to the Plaintiffs herein, any liability being specifically denied, then the answering Defendant alleges that if any damages are found, they are to be apportioned among the Plaintiffs and Defendants according to the degree of responsibility that each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

### TWENTY-FOURTH SEPARATE DEFENSE

Answering Defendant reserves the right to amend the within pleading and to interpose such other affirmative defenses and claims as necessary or appropriate subject to continuing investigation and discovery in the within matter.

**WHEREFORE,** Defendant, Robert Walkley, individually and t/a "Direct Kick Soccer," prays that the Court (1) dismiss the Amended Complaint with prejudice; (2) award answering Defendant its costs of suit; and (3) Award to answering Defendant such further relief as the Court deems just and proper.

**ANSWER TO CROSS-CLAIMS**

Defendant by way of answer to the Cross-Claims of co-Defendants herein says:

Answering Defendant denies each and every allegation set forth in the Cross-Claims asserted by all co-Defendants.

**CROSS-CLAIMS FOR CONTRIBUTION**

While denying any negligence, answering Defendant hereby asserts Cross-Claims for contribution against all co-Defendants pursuant to applicable statutes.

**WHEREFORE,** Defendant, Robert Walkley, individually and t/a "Direct Kick Soccer," demands judgment for contribution against all co-Defendants herein pursuant to applicable statutes.

**CROSS-CLAIMS FOR INDEMNIFICATION**

Answering Defendant asserts that he is entitled to be indemnified and saved harmless from all loss or liability, including attorneys' fees and defense costs arising from the instant litigation, by the co-Defendants herein, pursuant to express and implied agreements and pursuant to common law and states that its tortious wrongdoing, if any, was secondary, imputed and vicarious and that the tortious wrongdoing, if any, of the co-Defendants herein are the primary, active and direct cause of the delict and damages alleged by the Plaintiffs. Answering Defendant further asserts that the co-Defendants have breached other diverse express and implied contractual obligations which breach(s) caused or contributed to the delict stated by Plaintiffs and which have or will result in loss or damage to answering Defendant in an amount equal to the loss or damage stated by Plaintiffs together with costs, interest and attorneys' fees. Answering Defendant demands judgment against the co-Defendants in said amount.

WHEREFORE, Defendant, Robert Walkley, individually and t/a "Direct Kick Soccer,"

demands judgment against co-defendants herein for any damages which may be awarded against answering Defendant, together with interest, costs of suit and such further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

In accordance with Fed. R. Civ. P. 38(b), answering Defendant demands a trial by jury on all issues so triable.

Dated: June 12, 2008

Respectfully submitted,

GOLDBERGER & GOLDBERGER

By: *s/ Alan S. Goldberger*
ALAN S. GOLDBERGER AG7263
1373 Broad Street
P.O. Box 447
Clifton, New Jersey 07015-0447
973-471-9200
alan@RefLaw.com

Attorneys for Defendant
Robert Walkley, individually and t/a "Direct Kick Soccer," incorrectly denominated in the Amended Complaint as "Direct Kick Soccer"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| A.B. and L.B., individually,<br><br>Plaintiffs,<br><br>vs.<br><br>MARK STAROPOLI, PAULA STAROPOLI, CLARKSTOWN SOCCER CLUB, CLARKSTOWN SOCCER CLUB, BOARD MEMBERS OF EMPLOYEES OF THE CLARKSTOWN SOCCER CLUB, NICHOLAS ARCURI, MARGARET TURRIN, DIRECT KICK SOCCER, ROBERT WALKLEY, JOHN DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), JANE DOES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended), and RICHARD ROES 1 through 5 (fictitious names for the persons, partnerships and/or corporations intended),<br><br>Defendants. | CASE NO. 1:08-cv-04585-NRB<br><br>CIVIL ACTION<br><br>**CERTIFICATION OF ELECTRONIC FILING AND MAILING** |

   I, Alan S. Goldberger, the undersigned, certify that a true copy of the within Answer to the Amended Complaint was electronically filed with the United States District Court, Southern District of New York on this date and that copies were also delivered via regular mail to known counsel at their respective office addresses as follows:

| | |
|---|---|
| Michael R. Ascher, Esq.<br>Einhorn, Harris, Ascher, Barbarito & Frost P.C.<br>165 East Main Street<br>P.O. Box 3010<br>Denville, NJ 07834<br>Attorneys for Plaintiffs | Jack T. Spinella, Esq.<br>Nicoll, Davis & Spinella, LLP<br>95 Route 17 South, Suite 203<br>Paramus, NJ 07652<br>Attorneys for Defendant Paula Staropoli |

Glen S. Feinberg, Esq.
Wilson, Elser, Moskowitz, Edelman, Dicker, LLP
3 Gannett Drive
White Plains, NY 10604
Attorneys for Defendants
Clarkstown Soccer Club, Board Members of
Employees of the Clarkstown Soccer Club,
Nicholas Arcuri, Margaret Turrin

                                    GOLDBERGER & GOLDBERGER
                                    1373 Broad Street
                                    P.O. Box 447
                                    Clifton, New Jersey 07015-0447


                        By: *s/ Alan S. Goldberger*
                             ALAN S. GOLDBERGER AG7263

Dated: June 12, 2008